**VIRGINIA:**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (ALEXANDRIA DIVISION)

|  |  |
|---|---|
| **SUN YUNG LEE** )<br>  **Plaintiff,** )<br> v. )<br>  )<br> **ZOM CLARENDON, L.P.** )<br>  **Defendant.** )<br>  ) | Case No. 1:09CV402 |

## MOTION FOR JOINDER OF ZOM MID-ATLANTIC, INC. AS A DEFENDANT AND MEMORANDUM IN SUPPORT

**COMES NOW**, the Plaintiff, SUN YUNG LEE ("Plaintiff"), by and through undersigned counsel, and hereby moves this Court for an Order Joining Zom Mid-Atlantic, Inc., as a Defendant to this action.

This motion is made pursuant to Rule 19 of the Federal Rules of Civil Procedure ("Rule 19"), on the grounds that, in the absence of Zom Mid-Atlantic, Inc., complete relief cannot be had among the parties, or, if joinder is not feasible, that the four factors delineated in Rule 19(b) of the Federal Rules of Civil Procedure require dismissal and remand to Arlington County Circuit Court.

This motion is also made pursuant to Rule 20 of the Federal Rules of Civil Procedure ("Rule 20") on the grounds that Plaintiff asserts rights to relief against Zom Mid-Atlantic, Inc. as well as Zom Clarendon. L.P., jointly, severally, or in the alternative

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action.

As grounds for the Motion for Joinder of Zom Mid-Atlantic, Inc. as a Defendant to this action, Plaintiff states:

1. On or about March 17, 2009, Plaintiff filed a Complaint in the Circuit Court of Arlington County, Civil Action No. 09-289 seeking declaratory judgment and injunctive relief, pursuant to Virginia Code §8.01-184, to enjoin Zom Clarendon, L.P. ("Defendant") from interfering with Plaintiff's use of an easement. Va. Code Ann. §8.01-184 (2009).

2. Zom Clarendon, L.P. was named as the only Defendant in the Complaint because Zom Clarendon, L.P. is the sole owner of the property the easement is located on ("the property") per the deed recorded in Arlington County, Virginia. *See* Zom deed, previously attached as Exhibit A to Plaintiff's memorandum in support of the motion to remand.

*Joinder under Rule 19(a) of the Federal Rules of Civil Procedure*

3. Based on the discovery obtained in the course of this action, it is apparent that Zom Mid-Atlantic, Inc. is the corporate entity actually interfering with use of the easement.

4. Zom Mid-Atlantic, Inc. obtained the property in 2006. *See* Affidavit of Steven W. Patterson, President and Chief Executive officer of Zom, Inc., which is attached as Exhibit 1 to the Defendant's Brief in Opposition to Plaintiff's motion to

remand ("Patterson affidavit").  Subsequently, Zom Mid-Atlantic, Inc. transferred title of the property to Zom Clarendon, L.P.  *Id.*

5. Zom Mid-Atlantic, Inc., however, remains the developer of the property. *Id.* Zom Mid-Atlantic, Inc., is in fact "the entity that will perform the vital development function for the Arlington Project" while Zom Clarendon, L.P. serves "solely as the ownership entity." *Id.*

6. When reviewing its actions and correspondence, Zom Mid-Atlantic, Inc., apparently has the right to take any and all necessary actions in developing the property, and it has availed itself of that right.

7. The correspondence obtained in discovery regarding the easement and development of the property has been written and / or signed by officers under Zom Mid-Atlantic, Inc.'s name, not under Zom Clarendon, L.P.'s name.  *See* Exhibit 1, Defendant's initial disclosures, documents Bates Stamped pages 1, 3, 4, 12, 13, 15, 17, 19, 39, 40, and 41.  Additionally, the property itself has a posted sign which contains a visual depiction of the development property under the name of "Zom Mid-Atlantic, Inc." *See* Photograph of Zom Mid-Atlantic, Inc.'s sign on the property, attached as Exhibit E to the Plaintiff's previously filed Motion to Remand and Memorandum in Support.

8. Among other development activities, Zom Mid-Atlantic, Inc. erected the chain-link fence across the Plaintiff's right of way and razed the building on the property. Both actions interfere with the Plaintiff's use and enjoyment of the easement.

9. Zom Mid-Atlantic is thus a required party in this action under Rule 19(a) of the Federal Rules of Civil Procedure.  Without Zom Mid-Atlantic, Inc., as a party, this

Court cannot order cessation of the development activity interfering with the easement, and therefore, this Court cannot accord complete relief among existing parties.

*Zom Mid-Atlantic, Inc. is a Citizen of Delaware and a Citizen of Virginia*

10. The citizenship of a corporation is determined by its place of incorporation and its principal place of business. 28 U.S.C. §1332(c)(1). Zom Mid-Atlantic, Inc. is thus a citizen of both Delaware and Virginia.

11. Zom Mid-Atlantic, Inc., was incorporated in Delaware, and it is thus a citizen of Delaware. *See* Certified Annual Report for Zom Mid-Atlantic, Inc., previously attached as Exhibit D to Plaintiff's memorandum in support of motion to remand.

12. According to the place of operations test, Zom Mid-Atlantic, Inc., has its principal place of business in Virginia.

13. Defendant's own affidavit states that Zom Mid-Atlantic, Inc. is the development entity formed solely for the purpose of developing the property in Arlington, Virginia. *See* Patterson affidavit. As such, Zom Mid-Atlantic, Inc. does not have operations or assets anywhere besides Arlington, Virginia. Therefore, the nerve center test is not well suited for this case because Zom Mid-Atlantic, Inc.'s activities are not far-flung and varied as required by *Grimm v. Plasma Processing Corp.,* 888 F.Supp. 56, 58 (S.D.W. Va. 1995) citing *Mitchell v. Monongahela Power Co.,* 602 F.Supp. 756, 759 (S.D.W.Va. 1985).

14. Instead, the place of operations test is more appropriate in determining Zom Mid-Atlantic, Inc.'s principal place of business.

15. In determining a corporation's place of operations, the court must establish the location where the corporation considers its home, where it has the most contact with the public, and where it is the most visible must be established. *See Grimm v. Plasma Processing Corp.,* 888 F.Supp. 56, 58 (S.D.W.Va. 1995).

16. Although Zom Clarendon L.P. alleges in its Brief in Opposition to Plaintiff's Motion to Remand that Zom Mid-Atlantic Inc., "is a wholly owned subsidiary of ZOM and its officers, with one exception, all live and work outside Virginia" (Defendant's Brief, page 10) its only office is located at 1530 Wilson Boulevard, Suite 120, Arlington, Virginia, and a majority of the correspondence provided as part of the initial disclosures places Zom Mid-Atlantic, Inc.'s location, employees and / or officers at this Arlington, Virginia address. *See* Defendant's Brief in Opposition to Plaintiff's Motion to Remand, page 10, as well as Patterson Affidavit, page 2, and Zom Entities graph, attached as Exhibit 2 of the Defendant's Brief in Opposition to Plaintiff's motion to remand. *See also* Exhibit 1, Defendant's initial disclosures, documents Bates Stamped pages 1, 3, 4, 12, 13, 15, 17, 19, 39, 40, and 41.

17. Moreover, Zom Mid-Atlantic, Inc., also has billboards on multiple sides of the property in Arlington, Virginia, and lists its address on its website as 1530 Wilson Boulevard, Suite 120, Arlington, Virginia. *See* Photographs of Billboards and website printout, previously attached as Exhibits E and F, to the Plaintiff's memorandum in support of motion to remand. Based on the defendant's pleadings and exhibits, Zom Mid-Atlantic, Inc. was the original purchaser of the property, and subsequently assigned all rights to Defendant. However, according to the Patterson affidavit, the sole purpose of Zom Mid-Atlantic, Inc. is to develop the property. Therefore, Zom Mid-Atlantic,

Inc.'s sole asset is its right to develop the property. Furthermore, because Zom Mid-Atlantic, Inc.'s development is occurring in Arlington, Virginia, it is most visible to the public in Arlington, Virginia, and it will have most contact with the public of Arlington, Virginia.

18.     Therefore, according to the *Grimm* test, Zom Mid-Atlantic, Inc.'s principal place of business is in Virginia. As such, Zom Mid-Atlantic, Inc. is a citizen of Delaware, where it is incorporated, and Virginia, where its principal place of business is located.

*Joinder under Rule 19(b) of the Federal Rules of Civil Procedure*

19.     If joinder of Zom Mid-Atlantic, Inc. as a defendant deprives this Court of subject matter jurisdiction, the Plaintiff moves the court to dismiss the case and remand to state court, pursuant to Rule 19(b) of the Federal Rules of Civil Procedure.

20.     As discussed above, joining Zom Mid-Atlantic, Inc. as a Defendant is required for accordance of complete relief. When considered in light of equity and good conscience, it is apparent that this action cannot proceed without Zom Mid-Atlantic, Inc., and the case should be dismissed and remanded to Arlington County Circuit Court.

21.     First, a judgment rendered in Zom Mid-Atlantic, Inc.'s absence would prejudice the Plaintiff. Zom Mid-Atlantic, Inc. is the entity developing the property, and Zom Mid-Atlantic, Inc., not Zom Clarendon, L.P., is the entity actively interfering with the Plaintiff's use and enjoyment of the easement, as well as trespassing on the easement. Hence, a judgment against Zom Clarendon, L.P., would not enjoin Zom Mid-Atlantic, Inc. from interfering with the Plaintiff's easement.

22.     Secondly, this prejudice cannot be lessened or avoided. Again, without a court order enjoining both Zom Clarendon, L.P. and Zom Mid-Atlantic, Inc., from interfering with the Plaintiff's use and enjoyment of the easement, Zom Mid-Atlantic, Inc. would be free to continue developing the property in a manner that interferes with the easement.

23.     Thirdly, a judgment rendered in Zom Mid-Atlantic, Inc.'s absence would be wholly inadequate.  Zom Mid-Atlantic, Inc. would continue to trespass on the easement, and to interfere with the Plaintiff's use and enjoyment of the easement.

24.     Lastly, the Plaintiff does have an adequate remedy if the action were dismissed for non-joinder; namely, this Court could remand the case for adjudication in state court, or the Plaintiff could re-file the action in the Circuit Court for Arlington County, adding Zom Mid-Atlantic, Inc. as a defendant.

*Joinder under Rule 20 of the Federal Rules of Civil Procedure*

25.     In the alternative, Plaintiff moves this court to join Zom Mid-Atlantic, Inc. as a defendant under Rule 20 of the Federal Rules of Civil Procedure.  The Plaintiff is asserting its rights to relief jointly against both the owner of the property the easement is located on as well as the entity actively interfering with the Plaintiff's use and enjoyment of the easement.  The request for relief arises out of the same transaction, occurrence, or series of transactions or occurrences; namely, the interference with the Plaintiff's use and enjoyment of the easement.

26.     Lastly, any question of law or fact common to Zom Clarendon, L.P. and Zom Mid-Atlantic, Inc. will arise in the action.

WHEREFORE, the Plaintiff respectfully moves this Court to:

a) Join Zom Mid-Atlantic, Inc. as a Defendant in this action if such joinder will not defeat subject matter jurisdiction; OR

b) If Joinder of Zom Mid-Atlantic, Inc. is not feasible, to dismiss the action and remand the case to the Arlington County Circuit Court.

                                                        Respectfully submitted,

                                                        SUN YUNG LEE
                                                        By Counsel

**SHER CUMMINGS AND ELLIS**

_____/s/_____
Mark Cummings, Esq.
VSB # 18271
Attorney for Sun Yung Lee
Sher, Cummings & Ellis
3800 North Fairfax Drive, Suite 7
Arlington, Virginia 22203
Phone: (703) 525-1200
Fax: (703) 525-0067
Email: mcummings@SherandCummings.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

E.Andrew Burcher, Esq., VSB # 41310
G. Evan Pritchard, Esq., VSB # 47309
WALSH, COLUCCI, LUBELEY,
EMRICH & WALSH, P.C.
4310 Prince William Parkway, Suite 300
Prince William, VA 22192
Phone: (703) 680-4664
Fax: (703) 680-2161
eaburcher@thelandlawyers.com
gepritchard@thelandlawyers.com


_____/s/_____
Mark Cummings
VSB # 18271
Attorney for Sun Yung Lee
Sher, Cummings & Ellis
3800 North Fairfax Drive, Suite 7
Arlington, Virginia 22203
Phone: (703) 525-1200
Fax: (703) 525-0067
Email: mcummings@SherandCummings.com