138



**Joint Ex. 1**

**Lee v. ZOM
8/25/09**

ZOM Production 7-2-09
170 of 770



Plan
of
CLARENDON
Alexandria County Vᵃ
— SURVEYED FOR —

Wood Harmon Real Estate
— Assⁿ —
March 30ᵗʰ                    1900
Wood Harmon & Co
525-13ᵗʰ Street                    N.W.
Washington D.C.

Sc.ː 1" = 100 ft. &c.
L.T.Haney    Ce.Surveyor
Alexandria Co Vᵃ

NOW, THEREFORE, THIS INDENTURE WITNESSETH:  That the
said Robert T. Paine does hereby subdivide the said
tract of land in accordance with the metes and bounds
established in the plan hereto annexed, said lots being
consecutively numbered and the streets designated in
the said plan are hereby dedicated as public streets,
and the said subdivision is with the free consent and
in accordance with the desires of the said owner, and
this deed of dedication is made in accordance with
chapter 486 acts of Assembly of virginia of 1887 and
898.

Witness the following signatures and seals the day and
date above written.

Ca. Burk                          Robert T. Paine Jr.------(Seal.
Wm. Sydenham Torbert              Marie L. Paine----------(Seal)
as to M. L. Paine

COMMONWEALTH OF MASSACHUSETTS.

Suffolk ss.                       Boston, April 6, A.D. 1900.
I, Fred W. Wood, Notary Public in and for the Com-
monwealth of Massachusetts, do certify that Robert T. Paine,Jr. whose name is signed to t
writing hereto annexed bearing date on the 31st day of March,A.D. 1900 has acknowledged t
same before me in the city of Boston.

Given under my hand and seal this 6th day of April A. D. 1900.
(NOTARY SEAL)                              Fred. W. Wood, Notary

District of Columbia ss      April A. D. 1900.
I, Wm. Sydenham Torbert, Notary Public, in and for the District
of Columbia, whose name is signed to the writing hereto annex
Marie L. Paine has acknowledged the same before
(Notary Seal) ...... this ninth day of April A.D. 1900.
County of ... Alexandria

495

the property and to convey the same in fee simple, to and at the cost of the purchaser or purchasers thereof, who shall not be required to see to the application of the purchase money; and if the proceeds of said sale or sales: first, to pay all proper costs, charges, and expenses, all taxes, paid by any party secured hereby or that may be unpaid, and to retain as a compensation a commission of five per centum upon the amount of said sale or sales; secondly, to pay whatever may then remain unpaid of the said note, and the interest thereon, whether due or not met; and lastly, to pay the remainder, if any, to the said party of the first part, his administrators or assigns.

THE SAID PARTY OF THE FIRST PART hereby waives the benefit of all homestead exemption as to the debt hereby secured.

WITNESS THE FOLLOWING SIGNATURE AND SEAL the day and year first above written.

B. M. SMITH-------------------(SEAL)

STATE OF VIRGINIA

CITY OF ALEXANDRIA, TO WIT:

I, Wm.F. Coolley a Notary Public in and for the city and state aforesaid do hereby certify that B.M. Smith, whose name is signed to the writing foregoing and hereto annexed, bearing date on the 10th day of December,1923, has acknowledged the same before me in my city and state aforesaid.

MY commission expires the 19 day of November,1924.

Given under my hand this 31st day of December,1923.

WM. F. COOLLEY, Notary Public.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington county January 14,1924 this deed was received, and with the annexed certificate admitted to record at 10 o'clock A. M.

Teste:

_____ Clerk.

R. A. WILSON , et ux,          THIS DEED made this 1st day of
   to  B. & E.                 January,1924, by and between R. A. Wilson
LULU CAMERON FOLLANSBEE        and Martha I. Wilson, his wife, parties
of the first part, and Lulu Cameron Follansbee, party of the second part.

WITNESSETH, that for and in consideration of the sum of ten dollars, receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant, bargain, sell and convey unto the said party of the second part with general warranty of title, all of those lots or parcels of land, situate lying and being in Arlington Magisterial District, Arlington County, Virginia more particularly described as follows:

Parcel No. 1: ALL of Lots 238, 239, 240, 241 and 242, of the subdivision of Clarendon, as the same appears duly platted, dedicated and recorded in Deed Book 102, at page 416, of the land records of Arlington County, Virginia. The said lots were conveyed to the said R. A. Wilson, as follows:

Lots 238, 239, and 240, by Aleatha V. Gibson, by deed

201- 495

Joint Ex. 2

Lee v. ZOM

8/25/09



496

BOOK No. 201

recorded in Deed Book 120, at page 246, of said land records
Lot 241 by Joseph J. Cater, by deed recorded in Deed Book 121
at page 479, of said land records; and lot 242 by Robert T.
Paine, Jr., by deed recorded in Deed Book 120, at page 350
of the land records of said county.

PARCEL No. 2. Lot 217, of the subdivision of Claremont, as
the same appears duly platted, dedicated, and recorded in
Deed Book 102, at page 138, of the land records of Arlington
County, Virginia less and except, the north 25 feet front
by the full depth thereof; being the same property conveyed
to the said M. A. Wilson by B. A. Rees, by deed duly recorded
among the land records of said county.

THE PARTY OF THE SECOND part is to bear all liability for the
release of the trust for $5,000.00 recorded in Deed Book 179, at page 388
of the land records of Arlington County, Virginia now of record against this
parcel.

THE PARTIES OF THE FIRST PART covenant that they have the right to
convey the said land; that they have done no act to encumber the same; that the
said party of the second part shall have quiet enjoyment of the said land
free of encumbrance; and that they will execute such other assurance of the
said land as may be requisite.

WITNESS THE FOLLOWING SIGNATURES AND SEALS.

I.R. STAMP $16.50                          E. A. WILSON------------(SEAL)
                                           MARTHA I. WILSON------(SEAL)

STATE OF VIRGINIA
COUNTY OF ARLINGTON, TO WIT:

I, John C. McCarthy a Notary Public in and for the said county and
state, whose commission expires on September 17, 1926, do hereby certify that
E. A. Wilson and Martha I. Wilson, his wife, whose names are signed to the
foregoing deed, dated January 1st, 1924, have acknowledged the same before me
in my said county and state.

Given under my hand this 14th day of January, 1924.

                              JOHN C. MC CARTHY,   Notary Public

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County January 14, 1924
this deed was received and with the annexed certificate admitted to record at 11
o'clock A. M.

                    Teste:                          _____ Clerk.

**********************************

LULU CAMERON FOLLANSBEE et vir.        *
                                       *
        to   TRUST                     *          THIS DEED, made this ___ 1
                                       *
ARTHUR K. WILSON, et al., TRE.         *   day of January, 1924, by and between
**********************************         Lulu Cameron Follansbee and Frank Follansbee
her husband, parties of the first part, and Arthur K. Wilson and B. A. Rees
Trustees, parties of the second part;

For partial
release of
R.R.
Sept 14, 12

DISTRICT OF COLUMBIA, to-wit:

I, HENRY W. OFFUTT, a Notary Public in and for the District of Columbia, whose commission expires on the 6 day of January, 1931, do hereby certify that B. A. BOWLES, Trustee, whose name is signed to the foregoing deed dated July 7th, 1926, has acknowledged the same before me in my District of Columbia aforesaid

Given under my hand and seal this 19th day of July, 1926.

S E A L

HENRY W. OFFUTT

Notary Public, D. C.

VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County August 18th, 1926, this deed was received, and with the annexed certificate admitted to record at 3:45 o'clock P. M.

Teste:

_B. V. Cyrecome_, Clerk.

RECORDED BY
_Guy F. Moss_
COMPARED BY
_Guy F. Moss_
MAILED TO 7 ___
_Billy Douglas_
7/30/26.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

LULU CAMERON FOLLANSBEE et vir

to B. & S.

JUDSON REAMY

THIS DEED, made this 7th day of July, 1926, by and between LULU CAMERON FOLLANSBEE and FRANK

FOLLANSBEE, her husband, parties of the first part and JUDSON REAMY, party of the second part.

WITNESSETH, that for and in consideration of the sum of Ten Dollars, receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant, bargain, sell and convey unto the said party of the second part, with general warranty of title, all of that lot or parcel of land situate, lying and being in Arlington Magisterial District, Arlington County, Virginia, more particularly described described as follows:

BEGINNING at an iron pipe in the southwest line of Grafton Avenue, as said Avenue appears upon the plat of Clarendon duly of record in Deed Book 102, page 138, of the land records of Arlington County, Virginia, said iron pipe being South 38° 44' East 39.00 feet from the south corner of Lot Numbered 216, of said subdivision, thence following along the said side of said Avenue, South 38° 44' East 16.00 feet to an iron pipe; thence departing from said Avenue, South 51° 16' West 35.5 feet to an iron pipe; thence parallel with said Avenue, North,

Joint Ex. 3

Lee v. ZOM

8/25/09

246-12

58° 44', west 18.00 feet to an iron pipe; thence North 31° 16'
East 35.5 feet to the point of beginning, containing 568 square
feet and both parts of Lots 217 and 241 as said lots appear upon
the plat of Clarendon above referred to; said property herein con-
veyed being further shown upon a plat hereto attached and made a
part of this deed.

The parties of the first part covenant that they have the right to convey
the said land; that they have done no act to encumber the same; that the said party
of the second part shall have quiet enjoyment of said land free of encumbrance;
and that they will execute such other assurance of said land as may be requisite.

A vendor's lien is hereby reserved to secure the payment of one note of
even date herewith, for the sum of $300.00, made by Judson Heavy, to order of Lulu
Cameron Follansbee, and payable on or before Dec. 30, 1928, at Potomac Savings
Bank, D. C.

WITNESS the following signatures and seals.

LULU CAMERON FOLLANSBEE ------------(SEAL)
FRANK FOLLANSBEE -------------------(SEAL)

STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public in and for the said county and state,
whose commission expires September 17th, 1928, do hereby certify that LULU CAMERON
FOLLANSBEE and FRANK FOLLANSBEE, her husband, whose names are signed to the fore-
going deed dated July 7th, 1926, have acknowledged the same before me in my county
and state aforesaid.

Given under my hand this 7th day of July, 1926.

JOHN C. McCARTHY
. Notary Public.

14

# PLAT
## Showing part of
## Wood Harmon & Co's.

# CLARENDON
### Arlington County – Va.
### Scale: 1"=20'     June 18-1926.



## GRAFTON     AVE.

VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County August 18th, 1926, this deed and plat was received, and with the annexed certificate admitted to record at 3:45 o'clock P. M.

Teste:

_____, Clerk.

172

BOOK No. 254

that ALGERNON M. GUNNELL, AND AMY GUNNELL, whose names are signed to the foregoing and annexed deed bearing date on the 27th day of December, A. D. 1926, have acknowledged the same before me in my County aforesaid, to be their act and deed.

GIVEN under my hand this 28th day of December A. D. 1926.

LYKAH M. KELLEY,

Notary Public, as aforesaid.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County December 30, 1926, this deed was received, and with the annexed certificate admitted to record at 3:15 o'clock P. M.

Teste:

Bn. T. Arnaux, Clerk.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

LULU CALERON FOLLANSBEE et vir

to B. & S.

KRISTOPHER DADAIAN

THIS DEED made this 30th day of December, 1926, by and between LULU CALERON FOLLANSBEE and FRANK FOLLANSBEE, her husband, parties of the first part and KRISTOPHER DADAIAN, party of the second part.

WITNESSETH, that for and in consideration of the sum of Ten Dollars, receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant, bargain, sell and convey unto the said party of the second part, with general warranty of title, all of those lots or parcels of land situate, lying and being in Arlington Magisterial District, Arlington County, Virginia, more particularly described as follows:

Lots 238, 239, 240, 241 and 242 and Lot 217, less and except the north 25 feet measured along the front line of said Lot 217, by the full depth thereof, of the Subdivision of Clarendon, as the same appears duly platted, dedicated and recorded in Deed Book 102, at page 138, of the land records of Arlington County, Virginia.

LESS AND EXCEPT, from the above conveyance, all of that certain piece or parcel of land being part of Lots 217, and 241, which was conveyed by the said parties of the first part to Judson Reamy by deed recorded in Deed Book 246, at page 12, of the land records aforesaid, the same being shown upon a plat attached to said deed and being more particularly described by

254-172

to the foregoing
1926, have ac-
t ted and deed,

as aforesaid,

County December 30,
dmitted to record

_____, Clerk.

· · · · · · · · · · ·

de this 30th day of
26, by and between
FOLLANSBEE and
STOPHER DABAIAN,

n Dollars, receipt
rt do hereby
nd part, with
situate, lying
irginia, more

a
and

rtain
hich
os

t by

metes and bounds as follows: BEGINNING at an iron pipe in the
southwest line of Grafton Avenue, as said avenue appears
upon the plat of Clarendon duly of record in Deed Book 102,
rt page 338, of the land records of Arlington County, Virginia,
said iron pipe being South 38° 44' East 39.00 feet from the
south corner of Lot numbered 216, of said subdivision, thence
following along the said side of said avenue, South 38° 44' East 16.00 feet
to an iron pipe; thence departing from said avenue, South 51° 16'
West 35.5 feet to an iron pipe; thence parallel with said Avenue,
North 38° 44' West 16.00 feet to an iron pipe; thence North 51°
16' East 35.5 feet to the point of beginning, containing 568
square feet and being parts of Lots 217, and 241, as said lots
appear upon the plat of Clarendon above referred to.

This conveyance is made subject to a certain deed of trust, Dated December 30th
1926, and to be recorded prior to this Deed among the land records of said County,
for the sum of $11,724.75 and interest, which said deed of trust the party of the
second part hereby assumes and agrees to pay as a part consideration for the one
presents.

The parties of the first part covenant that they have the right to convey
the said land; that they have done no act to encumber the same; that the said
party of the second part shall have quiet enjoyment of said land free of encumbrance,
except as above set forth; and that they will execute such other assurance of said
land as may be requisite.

WITNESS the following signatures and seals.

LULU CAMERON FOLLANSBEE·················(SEAL)
FRANK FOLLANSBEE·················(SEAL)
KRISTOPHER DABAIAN

STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public in and for the said county and state,
whose commission expires September 2nd, 1930, do hereby certify that LULU CAMERON
FOLLANSBEE and FRANK FOLLANSBEE, her husband, whose names are signed to the foregoing
deed dated December 30th, 1926, have acknowledged the same before me in my county
and state aforesaid.

GIVEN under my hand this 30th day of December, 1926.

JOHN C. McCARTHY,
NOTARY PUBLIC.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County December 30,
1926, this deed was received, and with the annexed certificate admitted to record
at 4 o'clock P. M.

Teste:
_____, Clerk.

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

to the foregoing and annexed deed bearing date on the 25th day of October, A. D.
1927, have acknowledged the same before me in my District aforesaid, to be their act
and deed.

My commission expires Dec. 10, 1929.

Given under my hand and seal this 27 day of October, A. D. 1927.

GEORGE J. GEIGER

S E A L                            Notary Public as aforesaid.


VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County October 31st,
1927, this deed was received, and with the annexed certificate admitted to record at
3:45 o'clock P. M.

Teste:

_B. A. Duncan_, Clerk.


o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

V.A.Davi

L.B.Moore
617 Bond
Wash., D.
11/28/27.


============================
KRISTOFER DADAIAN                  ::
    TO   D. & S.                   ::
DICK MISSAKIAN                     ::
============================

THIS DEED, made this 29th day of
October, 1927, by and between
KRISTOFER DADAIAN, party of the

first part and DICK MISSAKIAN, of the District of Columbia, party of the second part,

WITNESSETH, that for and in consideration of the sum of Ten Dollars, receipt
whereof is hereby acknowledged, the said party of the first part does hereby grant,
bargain, sell and convey unto the said party of the second part, with general warranty
of title, all of those lots or parcels of land situate, lying and being in Arlington
Magisterial District, Arlington County, Virginia, more particularly described as
follows:

Lots 238, 239, 240, 241 and 242, and Lot 217, less and
except the north 25 feet measured along the front line of said
Lot 217 by the full depth thereof, of the Subdivision of Clarendon,
as the same appears duly platted, dedicated and recorded in Deed
Book 102, at page 138, of the land records of Arlington County,
Virginia.

LESS AND EXCEPT, from the above conveyance, all of that certain
piece or parcel of land being part of Lots 217 and 241, which was

270-113

Joint Ex. 5

Lee v. ZOM

8/25/09

conveyed by the said parties of the first part to Judson Reamy
by deed recorded in Deed Book 246, at page 12, of the land records
aforesaid, the same being shown upon a plat attached to said deed
and being more particularly described by metes and bounds as follows:

BEGINNING at an iron pipe in the southwest line of Grafton
Avenue, as said Avenue appears upon the plat of Clarendon duly of
record in Deed Book 102, at page 138, of the land records of Arling-
ton County, Virginia, said iron pipe being south 38°44' East 39.00
feet from the south corner of Lot Numbered 216 of said Subdivision,
thence following along the said side of said avenue, South 38° 44'
East 16.00 feet to an iron pipe; thence departing from said Avenue,
South 51° 16' West 35.5 feet to an iron pipe; thence parallel with
said avenue 38°44' West 16.00 feet to a. iron pipe; thence North
51° 16' East 35.5 feet to the point of beginning, containing 568
square feet and being parts of Lots 217 and 241, as said Lots appear
upon the plat of Clarendon above referred to.

This conveyance is made subject to a certain deed of trust, dated December 30,
1926, and which was recorded prior to this deed among the land records of said county,
for the sum of $11,734.73 and interest and subject also to a second deed of trust,
dated December 30, 1926, and admitted to record among the land records of Arlington
County, Virginia, on December 30, 1926, from Kristopher Dadaian unmarried, to Frank L.
Ball and Lawrence W. Douglas, Trustee, to secure the payment of $43,770.59 and interest
payable in installments of $350.00 each, payable monthly, the entire balance to become
due and payable at the end of fifteen years.

The party of the first part covenant that he has the right to convey the land
aforesaid; that he has done no act to encumber the same; that the said party of the
second part shall have quiet enjoyment of said land free of encumbrance, except as
above set forth; and that he will execute such other assurance of said land as may be
requisite.

WITNESS the following signature and seal.

KRISTOPHER DADAIAN ---------------------(SEAL)


STATE OF VIRGINIA
COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public in and for the said county and state, whose
commission expires Sept. 2, 1930, do hereby certify that KRISTOPHER DADAIAN, whose
name is signed to the foregoing deed dated October 29, 1927, has acknowledged the
same before me in my county and state aforesaid.

Given under my hand this 31st day of October, 1927.

JOHN C. McCARTHY
Notary Public.

VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County October 31st,
1927, this deed was received, and with the annexed certificate admitted to record at
4 o'clock P. M.

Teste:

_____, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o
                                                                                   V.A.Davis

                                                                                   Richard Yar
                                                                                           le
                                                                                   Cherrydale
                                                                                          Va
                                                                                   11/26/27.

```
"""""""""""""""""""""""""""""""""""""""
ALVIN M. BROWN et ux                  "
   to  D. & S.                        "     THIS DEED made this 27th day
WILLIAM T. COLE et ux                 "     of October, 1927, by and between
"""""""""""""""""""""""""""""""""""""""     ALVIN M. BROWN and HELEN E. BROWN,
```

his wife, parties of the first part and WILLIAM T. COLE and ELSIE O. COLE, his
wife, joint tenants with common law rights of survivorship, parties of the second
part.

WITNESSETH that for and in consideration of the sum of Ten Dollars ($10.00),
said parties of the first part grant and convey unto said parties of the second part,
as joint tenants with the common law rights of survivorship, it being hereby intended
that the part of the one first dying shall then belong to the other with General
Warranty of Title all of that certain lot or parcel of land situate in Washington,
Magisterial District, Arlington, County, Virginia, and more particularly described
as follows:

All of Lot 5 of the sub-division of the property of
A. M. Brown as the same appears duly dedicated, platted, and
recorded in Deed Book 192, at page 189, of the land records of
Arlington County, Virginia, being the same land conveyed by
Alvin M. Brown and wife by Deed recorded in Deed Book 229 at
page 529, of the said land records.

Subject, however, to the lien of that certain Deed of trust dated August
15, 1925, and recorded in Deed Book 225, page 216, of the said land records for the
sum of $3500.00 with interest at six per cent per annum, payable semi-annually,
(interest dating from July 1, 1925) which the parties of the second part assume and
agree to pay as a part of the consideration for this transfer.

The parties of the first part covenant that they have the right to convey
the said land to the grantee and that the grantee shall have quiet possession of the
land free from all encumbrances except those herein recited.

not be used for the conducting of any business; that no dwelling costing less than
$5,000.00 shall be erected on said property prior to December 31, 1930; that all dwe-
ings and business houses shall be erected within the building lines as indicated on
the plat of this subdivision; that neither said property nor any part thereof, nor a
interest therein shall be sold or leased to anyone not of the Caucasian race.

The said parties of the first part covenant that they have the right to convey
the said land to the grantee; that they have done no act to encumber the said land;
that the grantee shall have quiet possession of the said land free from all encumbra
and that they, the said parties of the first part will execute such further assuran
of the said land as may be requisite and necessary.

WITNESS the following signatures and seals.

RUBY LEE HINAR --------------------(SEA

J. M. HINAR ----------------------(SEA

DISTRICT OF COLUMBIA, to-wit:

I, GEORGE R. DICKSON, a Notary Public in and for the District aforesaid, whose
commission expires on the 9th day of January, 1933, do certify that RUBY LEE HINAR
and J. M. HINAR, her husband, whose names are signed to the foregoing deed, bearing
date on the 6th day of July, 1923 have acknowledged the same before me in my Distri
aforesaid.

Given under my hand and seal this tenth day of July, 1928.

GEORGE R. DICKSON

S E A L                                              Notary Public.

VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County July 10,
1928, this deed was received, and with the annexed certificate admitted to record
3 o'clock P. M.

Teste:

_____, Clerk.

RECORDED BY
*A.R.Moss*
COMPARED BY
C.A.Davis
MAIL
.A.Ryland
Clarendon, Va.
/19/28,

for partial
release see
DB 33/ P 310

er release
tee 273
age 97

Foreclosure
e D.B. 373

DICK HISSAKIAN et ux          "
    to TRUST              "
CLAUDE H. WOODWARD et al, Trustees  "

THIS DEED made this tenth day of
July A. D. 1923, by and between DICK
HISSAKIAN and VANTANOASH HISSAKIAN,
his wife, both of the State of Virginia, parties of the first part, and CLAUDE H.
WOODWARD and H. GLENN PHELPS, Trustees, both of the City of Washington, District of
Columbia, parties of the second part.

282-570

Joint Ex. 6

Lee v. ZOM

8/25/09

WHEREAS, the said Dick Missakian is justly indebted unto Mary E. Hutchison
in the full sum of Thirty-two Thousand, Five Hundred (32,500) Dollars being money loan-
ed on the hereinafter described real estate, for which amount the said Dick Missakian
has executed and delivered and made payable to the order of the said Mary E. Hutchi-
son, his forty (40), certain, promissory notes, bearing even date herewith; and
aggregating the full sum of Thirty-two Thousand, Five Hundred (32,500) Dollars, said
notes being numbered One (1) to Forty (40), both inclusive; notes numbered One (1)
to Twenty-five (25), both inclusive, being in the full sum of One Thousand (1,000)
Dollars each, and notes numbered Twenty-six (26) to Forty (40), both inclusive, being
in the full sum of Five Hundred (500) Dollars each; all of said notes being payable
three (3) years after date, with interest thereon, until paid; at the rate of Six
(6) per centum per annum, payable semi-annually; Each instalment of interest to
bear interest after maturity, if not then paid, at the rate aforesaid.

The above described notes have been identified by the Arlington Title Company
Inc., as is evidenced by their certification thereon.

The said parties of the first part hereby waive the benefit of their homestead
exemption as to the debt secured by this deed of trust.

AND WHEREAS, the parties of the first part desire to secure the prompt pay-
ment of said debt, and interest thereon, when and as the same shall become due and
payable, and all costs and expenses incurred in respect thereto, including reasonable
counsel fees incurred or paid by the said parties of the second part or substituted
trustee, or by any person hereby secured, on account of any litigation at law or
in equity which may arise in respect to this trust or the property hereinafter
mentioned, and of all money which may be advanced as provided herein, with interest
on all such costs and advances from the date thereof.

NOW, THEREFORE, THIS INDENTURE WITNESSETH, that the parties of the first part
in consideration of the premises, and of one dollar, lawful money of the United
States of America, to them in hand paid by the parties of the second part, the
receipt of which, before the sealing and delivery of these presents, is hereby
acknowledged, have granted, and do hereby grant unto the parties of the second part,
as joint tenants, the following described land and premises, situate in Arlington
County, Virginia, known and distinguished as:

All of those lots or parcels of land situate, lying and
being in Arlington magisterial District, Arlington County, Vir-
ginia, more particularly described as follows: Lots 238, 239, 240,
241 and 242 and Lot 217, less, and except the north 25 feet measured
along the front line of said Lot 217 by the full depth thereof,
of the subdivision of Clarendon, as the same appears duly platted,
dedicated and recorded in Deed Book 102, at page 138, of the land
records of Arlington County, Virginia,

LESS AND EXCEPT, for the above described land, all of that
certain piece or parcel of land being parts of Lots 217 and 241,
which was conveyed by Kristopher Dadaian, to Judson Reasy by deed

recorded in Deed Book 246, at page 12, of the land records aforesaid, the same being shown upon a plat attached to said deed and more particularly described by metes and bounds as follows:

BEGINNING at an iron pipe in the southwest line of Grafton Avenue, as said Avenue appears upon the plat of Clarendon duly of record in Deed Book 102, at page 138, of the land records of Arlington County, Virginia, said iron pipe being South 39 degrees 44' East 39 feet from the southwest corner of Lot Numbered 216 of said subdivision, thence following along the said side of said Avenue, South 39 degrees 44' East 16 feet to an iron pipe; thence departing from said Avenue South 51 degrees 16' West 35.5 feet to an iron pie; thence parallel with said Avenue North 39 degrees 44' West 16 feet to an iron pipe; thence North 51 degrees 16' East  35.5 feet to the point of beginning containing 568 square feet and being part of Lots 217 and 241, as said lots appear upon the plat of Clarendon above referred to.

Together with all the improvements in anywise appertaining, and all the estate, right, title, interest and claim, either at law or in equity, or otherwise however, the parties of the first part, of, in, to, or out of the said land and premises.

IN AND UPON THE TRUSTS, NEVERTHELESS, hereinafter declared; that is to say; IN TRUST to permit said Dick Missakian, his heirs or assigns, to use and occupy the said described land and premises, and the rents, issues, and profits thereof to take, have and apply to and for his or their sole use and benefit; until default be made in the payment of said promissory notes hereby secured or any instalment of interest thereon, when and as the same shall become due and payable, or any proper cost or ex in and about the same as hereinafter provided.

AND upon the full payment of all the said notes and the interest thereon, and all moneys advanced or expended as herein provided, and all other proper costs, charg commissions, half commissions and expenses, at any time before the sale hereinafter provided for, to release and reconvey the said described premises unto the said Dick Missakian, his heirs or assigns, at his or their cost.

AND UPON THIS FURTHER TRUST, upon any default or failure being made in the pay ment of said notes or of any instalment of principal or interest thereon, when and as the same shall become due and payable, or upon default being made in the payment, aft demand therefore, of any money advanced as herein provided, for, or of any proper cost charge, commission, or expense in and about the same, then and at any time thereafter the said parties of the second part, the survivor of them, his heirs or the trustee acting in the execution of this trust shall have the power and it shall be their or h duty thereafter to sell, and in case of any default of any purchaser to resell the sai described land and premises at public auction, upon such terms and conditions, in such parcels, at such time and place, and after such previous public advertisement as the parties of the second part, the survivor of them, his heirs or the trustee acting in the execution of this trust, shall deem advantageous and proper; and to convey the sam in fee simple, upon compliance with the terms of sale, to, and at the cost of, the pur chaser or purchasers thereof, who shall not be required to see to the application of

the purchase money; and of the proceeds of said sale or sales;

FIRSTLY, to pay all proper costs, charges and expenses, including all fees and costs herein provided for, and all moneys advanced for taxes, insurance, and assessments, with interest thereon as provided herein, and all taxes, general and special due upon said land and premises at time of sale, and to retain as compensation a commission of 5 per centum on the amount of the said sale or sales;

SECONDLY, to pay whatever may then remain unpaid of said promissory notes, whether the same shall be due or not, and the interest thereon to date of payment, it being agreed that said notes shall, upon such sale being made before the maturity of said notes be and become immediately due and payable at the election of the holder thereof; and

LASTLY, to pay the remainder of said proceeds, if any there be, to said Dick Missakian, his heirs or assigns, upon the delivery and surrender to the purchaser, his, her or their heirs or assigns, of possession of the premises so as aforesaid sold and conveyed, less the expense, if any, of obtaining possession.

AND the said Dick Missakian does hereby agree at his own cost, during all the time wherein any part of the matter hereby secured shall be unsettled or unpaid, to keep the said improvements insured against loss by fire in the name and to the satisfaction of the parties of the second part, or substituted trustee, in such fire insurance company or companies as the said parties of the second part may select, who shall apply whatever may be received therefrom to the payment of the matter hereby secured, whether due or not, unless the party entitled to receive shall waive the right to have the same so applied; and also to pay all taxes and assessments, both general and special, that may be assessed against, or become due on said land and premises during the continuance of this trust, and that upon any neglect or default to so insure or to pay taxes and assessments, any party hereby secured may have said improvements insured and pay said taxes and assessments, and the expense thereof shall be a charge hereby secured and bear interest at the rate of six per centum per annum from the time of such payment.

AND it is further agreed that if the said property shall be advertised for sale as herein provided, and not sold, the trustee or trustees acting shall be entitled to one-half the commission above provided, to be computed on the amount of the debt hereby secured.

AND the said parties of the first part covenant that they will warrant specially the land and premises hereby conveyed, and that they will execute such further assurances of said land as may be requisite or necessary.

IN WITNESS WHEREOF, the said parties of the first part have hereunto set their hands and seals on the day and year first hereinbefore written.

Signed, sealed and delivered                    DICK MISSAKIAN ------------------(SEAL)
in the presence of                                                     her
                                                 VAHTAHOASH X  MISSAKIAN---------(SEAL)
ROBERT A. RYLAND                                                      mark

EDITH E. LANGLEY

574

UNITED STATES OF AMERICA,
STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I, EDITH E. LANGLEY, a Notary Public in and for the state and county aforesaid,
do hereby certify that DICK MISSAKIAN and VAHTANOASH MISSAKIAN, his wife, both of the
State of Virginia, parties to a certain Deed bearing date on the 10th day of July,
1928, and hereto annexed, personally appeared before me in said county the said DICK
MISSAKIAN and VAHTANOASH MISSAKIAN, being personally well known to me as the persons
who executed the said Deed, and acknowledged the same to be their act and deed.

Given under my hand this 10th day of July, A. D. 1928.

My commission as Notary expires December 29, 1931.

EDITH E. LANGLEY

Notary Public.

VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County July 19,
1928, this deed was received, and with the annexed certificate admitted to record at
4 o'cloc P. M.

Teste:

_____, Clerk.

BONDED BY
_____
PREPARED BY
Davis
MAIL___
Jones
rt House
9/28.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

LYON & FITCH, INCORPORATED

to B. & S.

ASHTON C. JONES

THIS DEED, made this 21st day of
June, 1923, between LYON & FITCH,
INCORPORATED, party of the first

part, and ASHTON C. JONES, party of the second part,

WITNESSETH, that in consideration of the sum of Ten Dollars, the receipt whereof
is hereby acknowledged, the said party of the first part doth hereby sell, grant and
convey unto the said party of the second part, his heirs and assigns forever,

All of Lot 327, Section 1, Lyon Village, Arlington County,
Virginia, as per plat of this subdivision recorded in Deed Book 200,
page 179, of the records of said county, to which plat reference is
made for a full description of the land hereby conveyed.

The parties hereto expressly agree upon the following specifications from (1)
to (10) inclusive, and that the same shall constitute and be construed as covenants
running with the land for a period of thirty years from January 1, 1924.

(1) No dwelling costing less than three thousand dollars ($3,000.00) shall be
erected in Section 1 of Lyon Village and no dwelling costing less than $5,000.00 shall
be erected on this lot.

32

*******************************************

DICK MISSIKIAN et ux

to  B. & S.

KRISTOPHER DADAIAN

*******************************************

THIS DEED, made this 14th day of
July, 1928, by and between DICK
MISSIKIAN and VARTINASH MISSIKIAN
his wife, parties of the first part and KRISTOPHER DADAIAN, party of the second part

WITNESSETH, that for and in consideration of the sum of Ten Dollars, receipt
whereof is hereby acknowledged, the said parties of the first part do hereby grant,
bargain, sell and convey unto the said party of the second part, with general warranty
of title, all of those lots or parcels of land situate, lying and being in Arlington
Magisterial District, Arlington County, Virginia, more particularly described as
follows:

Lots 238, 239, 240, 241 and 242, and Lot 217, less and
except the north 25 feet measured along the front line of said
Lot 217 by the full depth thereof, of the Subdivision of Clarendon,
as the same appears duly platted, dedicated and recorded in Deed
Book 102, at page 138, of the land records of Arlington County
Virginia.

LESS AND EXCEPT, from the above conveyance, all of that
certain piece or parcel of land being parts of Lots 217 and 241,
above described, which was conveyed by Lulu Cameron Follansbee and
husband of Judson Reamy by deed recorded in Deed Book 246, at page
12, of the said land records, to which deed and to the description
and plat therein reference is hereby made for a more particular
description of the parcel excepted from this conveyance.

This conveyance is made subject to two certain deeds of trust, one for the
sum of $32,500.00 and interest, dated July 10th, 1928, and duly recorded among said
land records, and the other for the sum of $31,259.54 and interest, dated July 1st
1928, and duly recorded among the said land records, which said deeds of trust the
party of the second part hereby assumes and agrees to pay as a part consideration
for these presents.

The parties of the first part covenant that they have the right to convey
the said land; that they have done no act to encumber the same, except as above set
forth; that the said party of the second part shall have quiet enjoyment of said
free of encumbrance, except as above set forth; and that they will execute such
other assurance of said land as may be requisite.

WITNESS the following signatures and seals.

DICK MISSIKIAN -------------------(SEAL

                                   her
VARTINASH     X     MISSIKIAN ---------(SEAL
                  mark

Witness to mark
JOHN C. McCARTHY.

292-32

Joint Ex. 7

Lee v. ZOM

8/25/09

33

STATE OF VIRGINIA,

COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public in and for the said county and state, whose commission expires September 2nd, 1930, do hereby certify that DICK MISSIKIAN and VARTINASH MISSIKIAN, his wife, whose names are signed to the foregoing deed dated July 14th, 1928, have acknowledged the same before me in my county and state aforesaid.

Given under my hand this 14th day of July, 1928.

JOHN C. McCARTHY

Notary Public.


VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County, January 18, 1929, this deed was received, and with the annexed certificate admitted to record at 10:30 o'clock A. M.

Teste:

_____, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

LENA B. WOODWARD

to   TRUST

ROBINSON MONCURE et al, Trustees

THIS DEED, made this 2nd day of January, in the year one thousand nine hundred and twenty-nine between LENA B. WOODWARD, widow, party of the first part, and ROBINSON MONCURE and COURTLAND N. DAVIS, Trustees, parties of the second part,

WITNESSETH, that the said party of the first part, in consideration of the sum of One Dollar and the trusts hereinafter mentioned, doth grant unto the said parties of the second part, with general warranty, the following property to-wit: all those three lots of ground, situated in Jefferson District, Arlington County, Virginia, known and designated as:

Lots Numbered 160, 161 and 162 in a certain subdivision of Lots called St. Elmo, a plat of which is duly recorded among the land records of Arlington Co. Va., in Deed Book O No. 4, page 440 and following, and being the same property which was acquired by the party of the first part by deeds of record in said county land records in Deed Book 157, page 227 and 169 page 231.

IN TRUST to secure the payment of three promissory notes drawn by the party

38259

described as follows:

    Lots 238, 239, 240, 241 and 242, and Lot 217, less and except
the north 25 feet measured along the front line of said Lot
217, by the full depth thereof, of the Subdivision of Clarendon,
as the same appears duly platted, dedicated and recorded in
Deed Book 102, at page 138, of the land records of Arlington
County, Virginia;

    LESS AND EXCEPT, from the above conveyance, all of that certain
piece or parcel of land being parts of Lots 217 and 241, above
described, which was conveyed by Lulu Cameron Follansbee and
husband to Judson Reamy by deed recorded in Deed Book 246, at
page 12, of the said land records, to which deed and to the
description and plat therein reference is hereby made for a more
complete and particular description of the parcel excepted from
this conveyance.

Subject to a first trust of $32,500.00 and interest, duly recorded in Deed Book
282, at page 570, of said land records.

IN TRUST, nevertheless, to secure the prompt payment of one certain negotiable
promissory note, bearing even date herewith, for the sum of $30,499,54, with interest
thereon at 6% per annum, negotiable and payable to the order of Lulu Cameron Follansbee
at The Potomac Savings Bank of Georgetown, D. C., waiving the homestead exemption of
the makers and endorsers thereof and signed by the party of the first part. The said
note is payable in monthly installments of at least $200.00 each to and including
June 14th, 1932 and thereafter shall be payable at the rate of at least $350.00 per
month until December 14th, 1941, when the entire balance remaining unpaid shall become
due and payable; the proceeds of each installment to be first applied to the payment
of interest to date on the total unpaid principal and the balance to the principal;
the first installment being payable one month after date and the other installments
being successively due and payable one each month on the 14th of each and every
month thereafter until said 14th day of December, 1941.

The party of the first part covenant to pay the indebtedness hereby secured,
together with the interest thereon, and each and every installment of each, when and
as the same shall become due and payable; to pay all taxes or assessments against
the said land and premises, as the same shall become due and payable during the con-
tinuance of this trust; and to maintain and assign for the benefit of this trust a
policy of insurance against loss by fire on the improvements on said land and prem-
ises in an amount satisfactory to the holder, or holders, of the said indebtedness.

Should default be made in the payment of the said indebtedness, or in the payment
of the interest thereon, or in any installment of either, when and as the same shall
become due and payable; or in the payment of any taxes or assessments against the
said land and premises, as the same shall become due and payable during the continuance
of this trust; or should the party of the first part fail to maintain and assign for
the benefit of this trust a policy of insurance against loss by fire on the

ZOM Expert Disclosures Ex. A

improvements on said land and premises as above covenanted, then, and in either of the
said events, the said trustee, or trustees, or either of them acting in the execution
of this trust, shall, upon being requested so to do by the holder, or holders, of the
said indebtedness, or any part thereof, sell the property hereby conveyed, at
public auction, on the premises, for cash, after advertising the time, terms and
place of sale in at least two weekly issues of some newspaper published in the
County of Arlington, Virginia.

Out of the proceeds of such sale the said trustee, or trustees, or the one
acting, shall pay all costs and expenses thereof, including a trustee's commission of
five (5) per cent of the gross amount of sale; all taxes or assessments against the
said land and premises due on date of sale; and the total amount of principal unpaid
on said indebtedness, with interest to date whether the same be due or not, and the
balance, if any, shall be paid to the said party of the first part upon delivery
of possession of the said land and premises, less the cost, if any, of obtaining
possession thereof.

Should the property hereby conveyed be advertised for sale as above provided
and not sold, the trustee, or trustees, shall be entitled to one-half of the
commission provided, to be computed upon the amount of the indebtedness hereby
secured, plus the expense of such advertisement and reasonable expenses incident
thereto.

Should the said indebtedness be fully paid the lien of this trust shall be
released at the cost of the grantor.

WITNESS the following signature  and seal.

> KRISTOPHER DADAIAN ---------------(SEAL)
> 2 Quincy Pl., N. E.

STATE OF VIRGINIA;
COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public in and for the said county and state,
whose commission expires on the 2nd day of September, 1930, do hereby certify that
KRISTOPHER DADAIAN, unmarried, whose name is signed to the foregoing and attached
deed dated September 14th, 1929, has acknowledged the same before me in my county
and state aforesaid.

GIVEN under my hand this 16th day of September, 1929.

> JOHN C. McCARTHY,
> Notary Public.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County September 18,
1929 this deed was received, and with the annexed certificate admitted to record
at 3 o'clock P. M.

Teste:

> M. H. DUNCAN, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

of the within record with the original paper
the accuracy of the same is hereby verified
the ___ day of ___ 19__
_____ Clerk

125

RECORDED BY

*M. Maycock*

COMPARED BY

*L. F. Moss*

MAILED TO

Ball & Doug
las
Court House

9/23/29

```
"""""""""""""""""""""""""""""""""""""""""
KRISTOPHER DADAIAN                        "
    to B. & S.                            "
B. M. HEDRICK                             "
"""""""""""""""""""""""""""""""""""""""""
```

THIS DEED, made this 18th day of September, 1929, by and between KRISTOPHER DADAIAN, unmarried, party of the first part and B. M. HEDRICK, party of the second part.

WITNESSETH, that for and in consideration of the sum of Ten Dollars, receipt whereof is hereby acknowledged, the said party of the first part does hereby grant, bargain, sell and convey unto the said party of the second part, with general warranty of title, all of those lots or parcels of land situate, lying and being in Arlington Magisterial District, Arlington County, Virginia, more particularly described as follows:

Lots 238, 239, 240, 241 and 242, and Lot 217 less and except the north 25 feet measured along the front line of said Lot 217 by the full depth thereof, of the Subdivision of Clarendon, as the same appears duly platted, dedicated and recorded in Deed Book 102, at page 138, of the land records of Arlington County, Virginia.

LESS AND EXCEPT, from the above conveyance, all of that certain piece or parcel of land being parts of Lots 217 and 241, above described, which was conveyed by Lulu Cameron Follansbee and husband to Judson Reamy by deed recorded in Deed Book 346, at page 12, of the said land records, to which deed and to the description and plat therein reference is hereby made for a more particular description of the parcel excepted from this conveyance.

The parcel of land hereby conveyed being the same land conveyed to the party of the first part hereto by Dick Missikian, et ux, by deed dated July 14th, 1928 and recorded in Deed Book 292, at page 32, of the said land records.

This conveyance is made subject to that certain first deed of trust dated July 10th, 1928, and recorded in Deed Book 282, at page 570, of said land records, in the amount of $32,500.00 and interest, and a certain second deed of trust in the amount of $30,499.54 and interest, bearing date of September 14th, 1929 and recorded on September 18th, 1929, among said land records, which said deeds of trust the party of the second part hereto, hereby assumes and agrees to pay as a part consideration for these presents.

The party of the first part covenants that he has the right to convey the said land and premises; that he has done no act to encumber the same, except as above set forth; that the party of the second part shall have quiet enjoyment of said land and premises free of encumbrance, except as above set forth; and that he will execute such other assurance of said land and premises as may be requisite.

WITNESS the following signature and seal.

KRISTOPHER DADAIAN ------------(SEAL)

303-125

Joint Ex. 9

Lee v. ZOM

8/25/09

STATE OF VIRGINIA,

COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public in and for the said county and state, whose commission expires September 2nd, 1930, do hereby certify that KRISTOPHER DADAIAN, whose name is signed to the foregoing deed dated September 18th, 1929, has acknowledged the same before me in my county and state aforesaid.

GIVEN under my hand this 18th day of September, 1929.

JOHN C. McCARTHY,
Notary Public.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County September 18, 1929 this deed was received, and with the annexed certificate admitted to record at 3 o'clock P. M.

Teste;

WM. H. DUNCAN, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

B. M. HEDRICK et ux
    to TRUST
FRANK L. BALL et al, Trustees

THIS DEED, Made the 18th day of September, 1929, by and between B. M. HEDRICK and ANNA ELIZABETH HEDRICK, his wife, parties of the first part and FRANK L. BALL and ANNA F. HEDRICK, Trustees, parties of the second part:

WITNESSETH

That in consideration of the sum of Ten Dollars, the receipt whereof is hereby acknowledged, the said parties of the first part do grant and convey, with General Warranty, unto the said parties of the second part, Trustees, all those certain lots or parcels of land situate, lying and being in Arlington Magisterial District, Arlington County, Virginia, more particularly described as follows:

Lots Numbered Two Hundred Thirty-eight (238), Two Hundred Thirty-nine (239), Two Hundred Forty (240), Two Hundred Forty-one (241) and Two Hundred Forty-two (242); and Lot Two Hundred Seventeen (217) less and except the North twenty-five (25) feet measured along the front line of said Lot Two Hundred Seventeen (217) by the full depth thereof, of the Subdivision of Clarendon, as the same appears duly platted, dedicated and recorded in Deed Book No.

Deed of
Release
308

331, 308

IHS

FRANK L. BALL Trustee et als.

to   RELEASE

E. U. HEDRICK

THIS DEED, made the 1st day of March, 1932, by and between FRANK L. BALL and LAWRENCE W. DOUGLAS, Trustees, parties of the first part; E. M. HEDRICK, party of the second part; and FRANK FOLLANSBEE and LULU CAMERON FOLLANSBEE, parties of the third part;

WITNESSETH,

THAT WHEREAS, on the 14th day of September, 1929, Kristopher Dadoian, unmarried, executed a deed of trust on certain property hereinafter described, located in the County of Arlington, State of Virginia, to the said Frank L. Ball and Lawrence W. Douglas, Trustees, to secure a certain indebtedness therein set out, said deed of trust being recorded in Deed Book No. 303 at page 122, one of the land records of Arlington County, Virginia; and,

WHEREAS, the said Kristopher Dadoian, unmarried, has conveyed the said land to the said E. M. Hedrick, party hereto of the second part; and,

WHEREAS, the said party of the second part has sold the hereinafter described lots or parcels of the land conveyed by the aforesaid deed of trust; and has paid the sum of Three Thousand Dollars ($3,000.00) on account of the said indebtedness to the parties hereto of the third part, the holders of the notes thereby secured, who have directed the parties hereto of the first part to execute these presents, as is evidenced by their joining herein;

NOW, THEREFORE, in consideration of the premises and of the sum of Ten Dollars ($10.00), the receipt whereof is hereby acknowledged, the said parties of the first part do hereby release, relinquish, grant and convey unto the said party of the second part, with Special Warranty of Title, the following described lots or parcels of land of the Subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book No. 102, at page 138, one of said land records, situate, lying and being in Arlington County, Virginia, which are a part of the land conveyed by the aforesaid deed of trust, and described as follows:

All of Lot Numbered Two Hundred Forty-two (242); the westerly 7.48 feet by the full depth thereof of Lot Numbered Two Hundred Forty-one (241); and that portion of Lot Numbered Two Hundred Seventeen (217) now owned by the said E. M. Hedrick, lying north and west of the property of Judson Reamy, said portion of said lot 217 having a frontage of 14 feet on Clarendon Avenue by a depth of 60.48 feet on the northwest boundary thereof, subject however, to a right of way for ingress and egress purposes for the benefit of the owners of Lots 238, 239 and 240 over the following portion of the land hereby released and contiguous thereto, said right of way being bounded and described as follows, to-wit:

BEGINNING for the same on the Clarendon Ave., frontage of Lot 217 at the intersection thereof with the northwesterly line of the land of said Reamy and running thence in a northwesterly direction along

135

Joint Ex. 10

Lee v. ZOM
8/25/09

309

said Clarendon Ave., 14 feet; thence S. 51° 16' W. 49.50 feet;
thence in a southeasterly direction and parallel to the line of
Clarendon Ave., 40 feet; thence at right angles to the said line
of Clarendon Ave., in a northeasterly direction 14 feet; thence
northwesterly and parallel to said line of Clarendon Ave. 20 feet
to the corner of said Heavy's land; thence at right angles to said
Clarendon Ave., and along the northwesterly line of said Heavy's
land to Clarendon Ave., and the place of beginning.

The lien of the aforesaid deed of trust is to remain in full force and
effect as to the balance of the said land not hereby released.

WITNESS the following signatures and seals:

FRANK L. BALL ------------------(SEAL)
                    Trustee.
LAWRENCE W. DOUGLAS ------------(SEAL)
                    Trustee.
FRANK FOLLANSBEE ---------------(SEAL)
LULU CAMERON FOLLANSBEE --------(SEAL)

STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public of and for the County aforesaid in
the State of Virginia, whose commission expires Sept. 2, 1934, do certify that FRANK
L. BALL, Trustee, and LAWRENCE W. DOUGLAS, Trustee, FRANK FOLLANSBEE and LULU CAMERON
FOLLANSBEE, whose names are signed to the writing above and hereto annexed bearing
date on the 1st day of March, 1932, have each acknowledged the same before me in
my county aforesaid.

Given under my hand this 6th day of March, 1932.

JOHN C. McCARTHY
                    Notary Public.

VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County March 14,
1932, this deed was received, and with the annexed certificate admitted to record at
3 o'clock P. M.

Teste:

WM. H. DUNCAN,  Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

110  *..... 331

OWNED BY
...........
.......
............
I.R.Whit-
....... ....
.......

*************************************
CLAUDE M. WOODWARD, Trustee, et als.          *
          to   RELEASE                        *
B. M. MEDRICK,                                *
*************************************

TWIS DEED, made the 1st day of March
1932, by and between CLAUDE R. WOOD...
and H. GLENN PHELPS, Trustees, parti...
of the first part; B. W. MEDRICK, party of the second part; and MARY E. HUTCHISON,
of the third part;

WHEREAS, on the 10th day of July, 1928, Dick Missakian et ux, executed a dee...
of trust on certain property hereinafter described, located in the County of Arling...
State of Virginia, to the said Claude R. Woodward and H. Glenn Phelps, trustees, to...
secure a certain indebtedness therein set out, said deed of trust being recorded in...
Book No. 282, at page 570, one of the land records at Arlington County, Virginia; a...

WHEREAS, the said Dick Missakian et ux, have conveyed the said land to
Kristopher Dadaian, unmarried, who has conveyed the said land to the said B. M. Med...
party of the second part herein; and,

WHEREAS, the said party of the second part has sold the hereinafter describ...
lots or parcels of the land conveyed by the aforesaid deed of trust; and has paid t...
sum of Forty-five Hundred Dollars ($4,500.00) on account of the said indebtedness t...
party hereto of the third part, the holder of the notes thereby secured, who has di...
the parties hereto of the first part to execute these presents, as is evidenced by...
joining herein;

NOW, THEREFORE, THIS DEED WITNESSETH: that in consideration of the premises
and of the sum of Ten Dollars ($10.00), the receipt whereof is hereby acknowledged,
said parties of the first part do hereby release, relinquish, grant and convey unto
the said party of the second part, with Special Warranty of Title, the following de...
scribed lots or parcels of land of the Subdivision of Clarendon, as the same appear...
duly dedicated, platted and recorded in Deed Book No. 102, at page 138, one of said
land records, situate, lying and being in Arlington County, Virginia, which are a p...
of the land conveyed by the aforesaid deed of trust, and described as follows:

> All of Lot Numbered Two Hundred Forty-two (242) the westerly
> 7.48 feet by the full depth thereof of Lot Numbered Two Hundred
> Forty-one (241); and that portion of Lot Numbered Two Hundred
> Seventeen (217) now owned by the said B. M. Medrick, lying north
> and west of the property of Judson Massey, said portion of said Lot
> 217, having a frontage of 14 feet on Clarendon Avenue by a depth of
> 60.48 feet, on the northwest boundary thereof, subject however, to
> a right of way for ingress and egress purposes for the benefit of
> the owners of lots 238, 239 and 240 over the following portion of
> the land hereby released and contiguous thereto, said right of way
> being bounded and described as follows, to-wit:
> BEGINNING for the same on the Clarendon Ave., frontage of Lot 217
> at the intersection thereof with the northwesterly line of the land
> of said Massey and running thence in a northwesterly direction along

(282-570)

831-310

Joint Ex. 11

Lee v. ZOM
8/25/09

said Clarendon Ave. 14 feet; thence S. 51° 16' W. 49.50 feet;
thence in a southeasterly direction and parallel to the line of
Clarendon Ave., 40 feet; thence at right angles to the said line
of Clarendon Ave., in a northeasterly direction 14 feet; thence
northwesterly and parallel to said line of Clarendon Ave., 16 feet
to the corner of said Reamy's land; thence at right angles to said
Clarendon Ave., and along the northwesterly line of said Reamy's
land to Clarendon Ave., and the place of beginning.

The lien of the aforesaid deed of trust is to remain in full force and
effect as to the balance of the said land not hereby released.

WITNESS the following signatures and seals:

                                CLAUDE M. WOODWARD ----------------(SEAL)
                                              Trustee.
                                H. GLENN PHELPS ------------------(SEAL)
                                              Trustee.
                                MARY E. HUTCHISON ---------------(SEAL)
                                              Holder of Notes.

DISTRICT OF COLUMBIA, to-wit:

I, ROBERT T. HIGHFIELD, a Notary Public of and for the District of Columbia
aforesaid, whose commission expires Dec. 12th, 1932, do certify that CLAUDE M. WOOD-
WARD, Trustee, H. GLENN PHELPS, Trustee, and MARY E. HUTCHISON, holder of notes,
whose names are signed to the writing above and hereto annexed bearing date on the
1st day of March, 1932, have each acknowledged the same before me in my District
aforesaid.

Given under my hand and seal this 9th day of March, 1932.

                                ROBERT T. HIGHFIELD
                                              Notary Public.
S E A L

VIRGINIA,

In the Clerk's Office of the Circuit Court of Arlington County March 14,
1932, this deed was received, and with the annexed certificate admitted to record at
3:15 o'clock P. M.

                Teste:

                        WM. H. DUNCAN,   Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

RECORDED BY
_L. B. Weir_
COMPARED BY
___McIntosh
MAILED TO
_C.R.Whalt_
Court House
4/13/32

BOOK No. ___ 331

```
""""""""""""""""""""""""""""""""""""""""""
"                                        "
B. W. HEDRICK et ux                      "
        to  B. & S.                      "
ENOCH A. NORRIS                          "
""""""""""""""""""""""""""""""""""""""""""
```

THIS DEED, made the 8th day of
January, 1932, by and between B. W.
HEDRICK and ANNA ELIZABETH HEDRICK,
his wife, parties of the first part; and ENOCH A NORRIS, party of the second part;

WITNESSETH; that in consideration of the sum of Ten Dollars, the receipt whereof is hereby acknowledged, the said parties of the first part do grant and convey, with special warranty, unto the said party of the second part all that certain lot, piece or parcel of land situate, lying and being in Arlington County, Virginia, more particularly described as follows:

Part of Lots Numbered Two Hundred Forty-two (242) and Two Hundred Forty-one (241), of the Subdivision of Clarendon, as the said subdivision is duly dedicated platted and recorded in Deed Book No. 102, at page 138, one of the land records of said county, and described by metes and bounds as follows:
BEGINNING at the Southwest corner of said lot 242 thence, following the South line of said Lot, S. 89° 04' 30" E. 32.48 feet to the center line of a brick wall which is a party wall between the premises known as Numbers 10 and 12, Garrison Road; thence following the said center line and the said line extended N. 0° 47' 15' E. 70.0 feet; thence N. 89° 04' 30" W. 32.31 feet to a point in the West line of said lot 242; thence, following the said West line of said Lot, S. 0° 55' 30" W. 70.0 feet to the point of beginning; and being a part of the same land which was conveyed to the said B. W. Hedrick by Kristopher Dadaian by deed dated Sept. 18, 1929, and recorded in Deed Book No. 303, page No. 125, one of said land records.

The said parties of the first part covenant that they have the right to convey the said land; that they have done no act to encumber the said land, except that duly recorded; that the said party of the second part shall have quiet possession of the said land free from all encumbrance, except as duly recorded; and that they, the said parties of the first part, will execute such further assurance of the said land as may be requisite.

WITNESS the following signatures and seals:

B. W. HEDRICK --------------------(SEAL)
ANNA ELIZABETH HEDRICK -----------(SEAL)

STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I ,GEO. D. RICKER, a Notary Public of and for the county aforesaid, in the State of Virginia, whose commission expires August 3, 1934, do certify that B. W. HEDRICK and ANNA ELIZABETH HEDRICK, his wife, whose names are signed to the writing

Joint Ex. 12

Lee v. ZOM

8/25/09

above bearing date on the 8th day of January, 1932, have each acknowledged the same
before me in my county aforesaid.

Given under my hand this 9th day of January, 1932.

GEO. D. RICKER

Notary Public.

VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County March 14,
1932, this deed was received, and with the annexed certificate admitted to record at
3:30 o'clock P. M.

Teste:

WM. H. DUNCAN, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

ASHTON C. JONES et ux et als.

to TRUST

W. M. STONE, Trustee.

THIS DEED, made this 15th day of
March, 1932, by and between ASHTON
C. JONES and MARGARET V. JONES,
his wife, LIZZIE C. RUCKER, widow, and N. A. REES and ELLA B. REES, his wife, of the
first part and W. M. STONE, Trustee, of the second part.

WITNESSETH that in consideration of five dollars received, and other con-
siderations hereinafter fully set forth, the parties of the first part do hereby grant
and convey, with general warranty of title, unto the parties of the second part,
all that certain real estate and appurtenances thereto, located in Arlington County,
Virginia, more particularly described as follows:

WASHINGTON MAGISTERIAL DISTRICT,

Lot Five (5), Section One (1), of the subdivision known as
COUNTRY CLUB HILLS, as the same is duly platted, dedicated and
recorded in Deed Book No. 290, page 425, et seq., of the land
records of Arlington County, Virginia, being the same property
which was conveyed to the said Ashton C. Jones, Lizzie C. Rucker
and N. A. Rees by Emily I. Currie and wife by deed dated the 3rd day
of February, 1931, and recorded in Deed Book No. 319, page 160, of
said county land records.

IN TRUST, nevertheless, to secure the prompt payment of the following
described indebtedness, to-wit:

The sum of $1000.00 which Ashton C. Jones, Lizzie C. Rucker and N. A. Rees,

88

in the Southwest line of the property of Judson Reamy; thence
North 38° 44' West 12 feet, more or less, to the corner of the
said Reamy tract; thence following the line of said Reamy tract
North 51° 16' West 35.5 feet to a point in the West side of
Clarendon Avenue; thence, following the said west side of
Clarendon Avenue North 38° 44' West 14.0 feet to a point
which is the northeast corner of the land now owned by the said
B. M. Hedrick; thence South 51° 16' West 60.48 feet to a point;
thence North 89° 04' 30" West 2.52 feet to a point; thence South 0°
55' 30" West 45.0 feet to the point of beginning, containing 4585
square feet of land, more or less, and being part of the land con-
veyed to the said B. M. Hedrick by Kristopher Dadaian by deed
recorded in Deed Book No. 303, at page 125, one of said land
records.

TOGETHER with the appurtenances and privileges thereto belonging or
in any wise appertaining, subject to the restrictions and reservations of record.

The said parties of the first part covenant that they have the right
to convey the said land to the said grantee; that they have done no act to encumber
the said land except as duly recorded; that the said grantee shall have quiet
possession of the said land; and that they, the said parties of the first part, will
execute such further assurances of the said land as may be requisite.

WITNESS the following signatures and seals:

B. M. HEDRICK- - - - - - - - - -(SEAL)

ANNA ELIZABETH HEDRICK - - - - -(SEAL)

STATE OF VIRGINIA,

COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public of and for the County aforesaid
in the State of Virginia, whose commission expires Sept. 2, 1934, do certify that
B. M. HEDRICK and ANNA ELIZABETH HEDRICK, his wife, whose names are signed to the
writing above and hereto annexed bearing date on the 27th day of May, 1932, have
each acknowledged the same before me in my county aforesaid.

GIVEN under my hand this 18th day of August, 1932.

JOHN C. McCARTHY,

Notary Public.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County August 18,
1932, this deed was received, and with the annexed certificate admitted to record at
1:45 o'clock P. M.

Teste;

JOHN A. PETTY, Clerk.



signed to the foregoing and hereunto annexed writing bearing date on the 2d day of
November, 1932, and acknowledged the same to be her act and deed.

GIVEN under my hand and seal this 2d day of November, 1932.

WM. C. LOOKER,

S E A L                   Notary Public.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County November 10,
1932, this deed was received, and with the annexed certificate admitted to record at
11:45 o'clock A. M.

Teste;

JOHN A. PETTY, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

BOOK No. 338

ENOCH A. NORRIS et ux

to B. & S.

ELISHA P. TAYLOR

THIS DEED, Made this 3rd day of
November, in the year one thous-
and nine hundred and thirty-two
by and between ENOCH A. NORRIS & SADIE E. NORRIS, his wife, of the District of Col-
umbia, parties of the first part, and ELISHA P. TAYLOR, also of the District of
Columbia, party of the second part:

WITNESSETH, That in consideration of Ten ($10.00) Dollars, the parties
of the first part do hereby grant unto the party of the second part, in fee simple,
his heirs or assigns, all that piece or parcel of land, together with the improvements,
rights, privileges and appurtenances to the same belonging, situate in Arlington
County, Virginia, described as follows, to wit:

Parts of Lots Two Hundred Forty-two (242) and Two Hundred
Forty-one (241) of the subdivision of "Clarendon", as said
subdivision is duly dedicated, platted and recorded in Deed
Book 102, at page 138, among the Land Records of Arlington
County, Virginia and being described by metes and bounds as
follows, viz: BEGINNING at the southwest corner of said Lot
242; thence following the South line of said lot, South 89° 04' 30"
East 32.48 feet to the center line of a brick wall which is a
party wall between the premises known as #10 and #12 Garrison Road;
thence following the said center line and the said line extended
North 0° 47' 15" East 70 feet; thence North 89° 04' 30" West 32.31
feet to a point in the West line of said Lot 242; thence following
the said West line of said lot South 0° 55' 30" West 70 feet to
the point of beginning.

AND the said parties of the first part covenant that they will warrant

Joint Ex. 14
Lee v. ZOM
8/25/09

specially the property hereby conveyed; and they they will execute such further
assurances of said land as may be requisite.

WITNESS their hands and seals the day and year hereinbefore written.

IN PRESENCE OF -                          ENOCH A. NORRIS- - - - - - - -(SEAL)
WILLIAM W. ENGLAND.                       SADIE E. NORRIS- - - - - - - -(SEAL)
I. R. STAMP $2.00


DISTRICT OF COLUMBIA, TO WIT:

    I, WILLIAM W. ENGLAND, a Notary Public in and for the District afore-
said, Hereby certify that ENOCH A. NORRIS and SADIE E. NORRIS, his wife, who are
personally well known to me as the grantors in, and the persons who executed the
aforegoing and annexed deed, dated November 3rd A. D. 1932, personally appeared
before me in the said District and acknowledged the said deed to be their act and
deed.

    GIVEN under my hand and seal this 3rd day of November, 1932.

                WILLIAM W. ENGLAND,

S E A L                                    Notary Public, D. C.
My commission expires June 23, 1933.

VIRGINIA

    In the Clerk's office of the Circuit Court of Arlington County November
10, 1932, this deed was received, and with the annexed certificate admitted to record
at 3:20 o'clock P. M.

        Teste;

        JOHN A. PETTY, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

RECORDED BY
COMPARED BY
MAILED TO

B. AGEE BOWLES et al, TRUSTEES
    to TRUSTEE'S B. & S.
POTOMAC SAVINGS BANK OF GEORGETOWN, D. C.

THIS DEED, made this 6th day
of August, 1932, by and between
B. AGEE BOWLES and WALTER T.
McCARTHY, TRUSTEES, parties of the first part; and POTOMAC SAVINGS BANK OF GEORGETOWN,
D. C., party of the second part:

    WITNESSETH, that WHEREAS, by deed of trust dated April 10th, 1930, and
recorded in the Clerk's office of Arlington County, Virginia, on April 10th, 1930,
in Deed Book No. 309, at page 262, Florence L. Lloyd and husband, did grant and convey
unto the said parties of the first part, all of the hereinafter described real
estate, in trust, to secure certain note particularly described in the said deed of
trust; and

    WHEREAS, by the said deed of trust, the said parties of the first part
were empowered upon default being made in the payment of the note secured by the
said deed of trust, when and as same shall become due and payable, upon being

ELISHA P. TAYLOR et ux

to B. & S.

CHARLES G. SCHOTT

RECORDED BY
V. Carroll
COMPARED BY
Ma B Breard
MAILED TO
C. D. Schott
13 Garrison
Rd.
Clarendon,
Va.
9/16/33

THIS DEED, Made this 1st day of September, in the year one thousand nine hundred thirty-three, between ELISHA P. TAYLOR and GRACE E. TAYLOR, his wife, both of the District of Columbia, parties of the first part, and CHARLES G. SCHOTT, of the State of Virginia, unmarried, party of the second part:

WITNESSETH, That in consideration of the sum of Ten and no/100 Dollars, and other good and valuable considerations the said parties of the first part do grant unto the said Charles G. Schott, his heirs and assigns with General Warranty, all those pieces or parcels lying, being and situate in Arlington County, Virginia, and being described as follows:

Parts of Lots numbered Two Hundred and forty-two (242) and Two Hundred and forty-one (241) of the subdivision of "Clarendon" as said subdivision is duly dedicated, platted and recorded in Deed Book 102 at page 138 among the land records of Arlington County, Virginia, and being described by metes and bounds as follows, viz; Beginning at the South-west corner of said lot 242; thence following the South line of said lot South 89 degrees 04' 30" East 32.48 feet to the center line of a brick wall which is a party wall between premises known as #10 and #12 Garrison Road; thence following the said center line and said line extended North 0 degrees 47' 15" East 70 feet; thence North 89 degrees 04' 30" West 32.31 feet to a point in the West line of said lot 242; thence following said West line of said lot South 0 degrees 55' 30" West 70 feet to the point of beginning.

The said parties of the first part covenant that they have the right to convey the said land to the grantee; that they have done no act to encumber the said land except as duly recorded; that the grantee shall have quiet possession of the said land free from all encumbrances, and that the said parties of the first part will execute such further assurance of the said land as may be requisite.

WITNESS the following signatures and seals:

I. R. STAMP $3.00

ELISHA P. TAYLOR--------------------(SEAL)
GRACE E. TAYLOR--------------------(SEAL)

UNITED STATES OF AMERICA,
DISTRICT OF COLUMBIA, ss:

I, HENRY S. WOOD, a Notary Public for the District of Columbia aforesaid, in the aforesaid District, do certify that ELISHA P. TAYLOR and GRACE E. TAYLOR, his wife, whose names are signed to the foregoing writing, bearing date on the 1st day of September, 1933, have acknowledged the same before me in my district

Joint Ex. 15

Lee v. ZOM
8/25/09

80

BOOK No. 345

After a careful examination and comparison
of the within record with the original paper
the accuracy of the same is hereby verified
this 2.. day of ____, 19-23
JOHN A. PETTY, CLERK
By ____

aforesaid. My commission expires _____

GIVEN under my hand this 1st day of September, 1933.

S E A L                          HENRY S. WOOD

Notary Public, D. C.

Commission Expires July 14, 1937.

VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County September 5,
1933, this deed was received, and with the annexed certificate admitted to record at
3 o'clock P. M.

Teste;

JOHN A. PETTY, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

RECORDED BY
T. Carroll
COMPARED BY
Wm. O'Brien
MAR ... 3...
E.C. Taylor
1763 Cal...
Wash. DC.
9/8/33

The note secured
by the within deed
of trust having
been fully paid,
the lien hereof is
on this the __
day of May 1937
released and ____
thereof ____
Elisha P. Taylor
Holder ____
Teste ____
C Keis Loy clerk
By Marguerite Shreve

I hereby certify
that the within
secured note
was exhibited to me
this day of May 1937
exhibited before
me duly marked
"Paid and Cancelled"
C Keis Loy clerk
By Marguerite Shreve

CHARLES G. SCHOTT

  to TRUST                                THIS DEED Made this 1st day of

GEORGE E. SULLIVAN et al, Trustees          September, A. D. 1933, by and

between CHARLES G. SCHOTT, un-
married, of the State of Virginia, party of the first part, and GEORGE E. SULLIVAN
and WALTER C. ENGLISH, Trustees, parties of the second part:

WHEREAS, Charles O. Schott stands justly indebted unto Elisha P. Taylor
in the sum of Two Thousand ($2,000.00) Dollars, being deferred purchase money for
the hereinafter described property for which amount the said Charles O. Schott has
executed, delivered and made payable to the order of the said Elisha P. Taylor his
one (1) certain promissory note of even date herewith, with interest thereon, until
paid, at rate of six (6%) per centum per annum. Principal and interest thereon being
payable in monthly installments of Forty-seven and 50/100 ($47.50) Dollars (with the
privilege of making larger payments in any amount) on the 1st day of each and every
month until paid; each installment when so paid to be applied first to the payment
of the interest on the amount of principal and the balance to the payment of the
principal. A default in the payment of any one of the aforesaid installments, or
in any prior lien or encumbrance, or taxes and assessments, when due, on the herein-
after described property operates as default in the unpaid installments at noteholder's
option.

AND WHEREAS, the party of the first part desires to secure the prompt payment
of said debt, and interest, and any money expended on account of any litigation at law
or in equity which may arise in respect to this trust or the property hereinafter men-
tioned, and of any money which may be advanced as provided herein, with interest on
all such costs and advances from the date thereof.

NOW THIS DEED WITNESSETH, that the party of the first part, in consideration
of the premises, and of one dollar, in hand paid by the party of the second part, has

line S 82-20' E 85' to the point of beginning.  Containing
13,940 sq. ft.

The said parties of the first part covenant that they have the right to con-
vey the said land to the grantee; that they have done no act to encumber said land,
that the grantee shall have quiet possession of the land free from all encumbrances,
and that the said parties of the first part will execute such further assurances of
the said land as may be requisite.

WITNESS the following signatures and seals.

HARRY A. FELLOWS ------------------(SEAL)

ALICE M. FELLOWS ------------------(SEAL)


STATE OF VIRGINIA
                   to wit:
COUNTY OF FAIRFAX

I, BURNS M. GIBSON, a Notary Public in and for the county and state afore-
said, whose commission expires on the 5th day of August 1935, do hereby certify that
HARRY A. FELLOWS and ALICE M. FELLOWS, whose names are signed to the foregoing deed,
bearing the date of the 30th day of July, 1935, have acknowledged the same before me in
my county and state aforesaid.

GIVEN under my hand this 3 day of August, 1935.

                              BURNS M. GIBSON
S E A L                       Notary Public


VIRGINIA

In the Clerk's office of the Circuit Court of Arlington County August 3, 1935
this deed was received, and with the annexed certificate admitted to record at 12:00
o'clock Noon.

              Teste;

              JOHN A. PETTY, Clerk.


o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o


CLAUDE H. WOODWARD et al, TRUSTEES

    to TRUSTEES' B. & S.

UNION INVESTMENT COMPANY OF WASHINGTON, D.C.

THIS DEED, made this 22nd day
of May, 1935, by and between
CLAUDE H. WOODWARD and H. GLENN

RECORDED

COMPARED

MAILED

PHELPS, TRUSTEES, parties of the first part; and UNION INVESTMENT COMPANY OF WASHINGTON,
D.C., party of the second part:

WITNESSETH, that

WHEREAS, by deed of trust dated July 10th, 1928, and recorded in Deed Book

Joint Ex. 16

Lee v. ZOM

8/25/09

373-9

No. 282, at page 570, of the land records of Arlington County, Virginia, Dick Missakian and Vantanoash Missakian, his wife, did grant and convey unto the said parties of the first part, all of the hereinafter described real estate, in trust, to secure certain notes particularly described in the said trust; and

WHEREAS, by the said deed of trust, the said parties of the first part were empowered upon default being made in the payment of the notes secured by the said deed of trust, when and as same should become due and payable, upon being requested so to do by the holder of the said notes to sell the said real estate hereinafter particularly described; and

WHEREAS, default was made in the payment of the said notes, and having been requested so to do by the holder of the said notes, the said parties of the first part in execution of the terms of the said deed of trust, did, on the 22nd day of May, 1935, after advertising the time, terms and place of sale for ten days prior thereto in The Commonwealth-Monitor, a newspaper having a general circulation in said county, expose to sale the said real estate at public auction to the highest bidder for cash, according to the terms of the said deed of trust, at which sale the said party of the second part became the purchaser of the said real estate at the price of Twenty Thousand Dollars ($20,000.00), it being the highest bidder, and that being the highest bid; and

WHEREAS, the said party of the second part has complied with the terms of the said sale by the payment of the sum of Twenty Thousand Dollars ($20,000.00) in cash.

NOW, THEREFORE, for and in consideration of the premises and the sum aforesaid, to them in hand paid by the said party of the second part, at and before the sealing and delivery of this deed, the receipt whereof is hereby acknowledged, the said parties of the first part do grant, bargain, sell and convey, release and confirm unto the said party of the second part, its successors and assigns forever, all that certain land situate in Arlington County, Virginia, and particularly described as follows:

Lots 238, 239, 240, 241, and 242, and Lot 217, less and except the North 25 feet measured along the front line of said Lot 217 by the full depth thereof, of the subdivision of Clarendon, as the same appears duly platted, dedicated and recorded in Deed Book 102, at page 138, of the land records of said county, LESS AND EXCEPT, from the above described land, all of that certain piece or parcel of land being parts of Lots 217 and 241, which was conveyed by Kristopher Dadaian, to Judson Reamy by deed recorded in Deed Book 246, at page 12, of the land records aforesaid, the same being shown upon a plat attached to said deed and more particularly described by metes and bounds as follows: BEGINNING at an iron pipe in the southwest line of Grafton Avenue, as said Avenue appears upon the plat of Clarendon, duly of record in Deed Book 102, at page 138, of the land records of said county, said iron pipe being South 38° 44' East 39 feet from the southwest corner of Lot Numbered 216 of said subdivision;

thence following along said side of said Avenue, South 38° 44'
East 16 feet to an iron pipe; thence departing from said Avenue,
South 51° 16' West 35.5 feet to an iron pipe; thence parallel
with said Avenue, North 38° 44' West 16 feet to an iron pipe;
thence North 51° 16' East 35.5 feet to the point of beginning,
containing 568 square feet, and being part of Lots 217 and 241,
as said lots appear upon the plat of Clarendon referred to.
LESS AND EXCEPT, the land released by deed recorded in Deed Book
No. 331, at page 310, of the land records of said county.
WITNESS the following signatures and seals:

                    CLAUDE H. WOODWARD --------------(SEAL)
                         Trustee

                    H. GLENN PHELPS ----------------(SEAL)
                         Trustee

I. R. Stamps $20.00


DISTRICT OF COLUMBIA, to-wit:

        I, CHARLES J. SINCELL, a Notary Public, in and for the District of Columbia
aforesaid, whose commission expires on the 31st day of Aug., 1937, do hereby certify
that CLAUDE H. WOODWARD, TRUSTEE, whose name is signed to the foregoing deed, bearing
date on the 22nd day of May, 1935, has acknowledged the same before me in my District
of Columbia aforesaid.

        GIVEN under my hand and seal this 27th day of June, 1935.

S E A L                        CHARLES J. SINCELL
                                  Notary Public


DISTRICT OF COLUMBIA, to-wit:

        I, RUTH L. NEWMAN, a Notary Public, in and for the District of Columbia
aforesaid, whose commission expires on the 27th day of December, 1935, do hereby certify
that H. GLENN PHELPS, TRUSTEE, whose name is signed to the foregoing deed, bearing
date on the 22nd day of May, 1935, has acknowledged the same before me in my District
of Columbia aforesaid.

        GIVEN under my hand and seal this 28th day of June, 1935.

S E A L                        RUTH L. NEWMAN
                                  Notary Public, D.C.


VIRGINIA

        In the Clerk's office of the Circuit Court of Arlington County August 3, 1935
this deed was received, and with the annexed certificate admitted to record at 12:05
o'clock P. M.

                Teste;

                        JOHN A. PETTY, Clerk.


o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

VIRGINIA

    In the Clerk's Office of the Circuit Court of Arlington County June 4, 1936, this deed was received, and with the annexed certificate admitted to record at 3:00 o'clock P. M.

        Teste:

              C. BENJ. LAYCOCK, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

HANNAH F. M. HEDRICK et vir

    to  B. & S.

CHARLES G. SCHOTT

                      THIS DEED, Made the 1st day of June, 1936, by and between HANNAH F. M. HEDRICK and HENRY B. HEDRICK, her husband, parties of the first part, and CHARLES G. SCHOTT, party of the second part;

    WITNESSETH; that in consideration of the sum of Ten Dollars, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant and convey, with General Warranty, unto the said party of the second part all that certain lot, piece or parcel of land situate, lying and being in Arlington County, Virginia, and being part of Lots Two Hundred Seventeen (217), Two Hundred Forty-one (241) and Two Hundred Forty-two (242) of the Subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book No. 102, at page 138, one of the land records of Arlington County, Virginia, and more particularly described as follows:

    BEGINNING at a point on the west side of said Lot Two Hundred Forty-two (242), said point being North 0° 55' 30" East 70.0 feet from the southwest corner of said Lot No. 242; thence, cutting across said Lots Two Hundred Forty-one (241) and Two Hundred Forty-two (242) and following the north line of the land heretofore conveyed to Enoch A. Norris, North 89°04' 30" West 32.31 feet to the Northeast corner of the land conveyed to Norris; thence, North 0° 47' 15" East 40 feet, more or less, to a point in the Southwest line of the property of Judson Reamy; thence, North 38° 44' West 12 feet, more or less, to the corner of the said Reamy tract; thence, following the line of said Reamy tract, North 51° 16' West 35.5 feet to a point in the west side of North Irving Street (formerly Clarendon Avenue); thence, following the said west side of said North Irving Street, North 38° 44' West 14.0 feet to a point which is the northeast corner of the land formerly owned by B. M. Hedrick; thence, South 51° 16' West 60.48 feet to a point; thence North 89° 04' 30" West 2.52 feet to a point; thence

Joint Ex. 17

Lee v. ZOM

8/25/09

390-261

252

South 0° 55' 30" West 45.0 feet to the point of beginning,

containing 4,585 square feet of land, more or less, and being

the same land conveyed to the said Hannah F. M. Hedrick by the

said B. M. Hedrick and Anna Elizabeth Hedrick, his wife, by deed

dated the 27th day of May, 1932, and recorded in Deed Book No.

336, at page 87, one of the land records of said county.

The said land is conveyed together with the appurtenances and privileges

thereto belonging or in any wise appertaining, and subject to the restrictions, reser-

vations and right of way of record.

The said parties of the first part covenant that they have the right to

convey the said land to the said grantee; that they have done no act to encumber the

said land; that the said grantee shall have quiet possession of the said land free

from all encumbrances; and that they, the said parties of the first part, will execute

such further assurance of the said land as may be requisite.

WITNESS the following signatures and seals:

I. R. STAMP $1.00           HANNAH F. M. HEDRICK ---------------------(SEAL)

                            HENRY B. HEDRICK ------------------------(SEAL)


STATE OF VIRGINIA

COUNTY OF ARLINGTON, to-wit:

I, JOHN C. McCARTHY, a Notary Public of and for the County aforesaid, in

the State of Virginia, whose commission expires Sept. 5, 1938, do hereby certify that

HANNAH F. M. HEDRICK and HENRY B. HEDRICK, her husband, whose names are signed to

the writing above and hereto annexed, bearing date on the 1st day of June, 1936, have

acknowledged the same before me in my County and State aforesaid.

GIVEN under my hand this 1st day of June, 1936.

JOHN C. McCARTHY
Notary Public.


VIRGINIA

In the Clerk's Office of the Circuit Court of Arlington County June 4, 1936,

this deed was received, and with the annexed certificate admitted to record at 3:20

o'clock P. M.

Teste:

C. BENJ. LAYCOCK, Clerk.

ECORDED BY

OMPARED BY

MAILED TO

ERNEST S. PAINTER et ux           "
                                  "
    to B. & S.                    "      THIS DEED, made this 29th day of May,
                                  "
CLEVA V. BALLAH                   "      1936, by and between ERNEST S. PAINTER
                                  R
                                         and CARRIE L. PAINTER, his wife, joint

tenants, parties of the first part, and CLEVA V. BALLAH, party of the second part.

WITNESSETH, that for and in consideration of the sum of $10.00, receipt whereof

GIVEN under my hand and notarial seal this 23 day of June, 1938.
My commission expires July 1, 1940.

SEAL

A. L. OFFUTT, Notary Public
in and for the District of
Columbia aforesaid.

VIRGINIA:

In the Clerk's office of the Circuit Court of Arlington County this deed was
received, and with the annexed certificate admitted to record at 2:30 o'clock P. M.
Jun. 30, 1938.

Teste;

C. BENJ. LAYCOCK, Clerk

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

RECORDED BY
*M.Beadles*
COMPARED BY
*G.E.Tillson*
MAILED TO
Mt.Vernon
Mortg.Corp.
Room 207
Machinist
Bldg. 9th &
Mt.Vernon Pl.
N.W.Wash.D.C.
8/4/38

UNION INVESTMENT COMPANY
OF WASHINGTON, D. C.

to B. & S.

MOUNT VERNON MORTGAGE CORPORATION

THIS DEED, made this Twentieth day of June
in the year one thousand nine hundred and
thirty-eight by and between UNION INVEST-
MENT COMPANY OF WASHINGTON, D. C., a Delaware Corporation, party of the first part, and
MOUNT VERNON MORTGAGE CORPORATION, a Delaware Corporation, party of the second part.

WITNESSETH, that for and in consideration of the sum of Ten and 00/100 ($10.00)
Dollars, receipt whereof is hereby acknowledged, the said party of the first part does
grant unto the said party of the second part, in fee simple, the following described land
and premises, situate in Arlington County, Virginia, and known and distinguished as

Lots 238, 239, 240, 241 and 242 and Lot 217, less and except the North
25 feet measured along the front line of said Lot 217 by the full depth
thereof, of the subdivision of Clarendon, as the same appears duly plat-
ted, dedicated and recorded in Deed Book 102 at Page 138 of the land
records of said county. LESS AND EXCEPT from the above described land,
all of that certain piece or parcel of land being parts of Lots 217 and
241, which was conveyed by Kristopher Dadaian, to Judson Reamy by deed
recorded in Deed Book 246 at Page 12 of the land records aforesaid, the
same being shown upon a plat attached to said deed and more particularly
described by metes and bounds as follows: BEGINNING at an iron pipe in
the southwest line of Grafton Avenue, as said Avenue appears upon the
plat of Clarendon, duly of record in Deed Book 102 at Page 138 of the land
records of said county, said iron pipe being South 38 degrees 44' East
39 feet from the southwest corner of Lot numbered 216 of said subdivision;
thence following along said side of said Avenue, South 38 degrees 44' East
16 feet to an iron pipe; thence departing from said Avenue, South 51
degrees 16' West 35.5 feet to an iron pipe; thence parallel with said
Avenue, North 38 degrees 44' West 16 feet to an iron pipe; thence North
51 degrees 16' East 35.5 feet to the point of beginning, containing 568
square feet, and being part of Lots 217 and 241, as said lots appear upon
the plat of Clarendon referred to. LESS AND EXCEPT, the land released by
deed recorded in Deed Book No. 331 at Page 310 of the land records of said
County.

438-340

Joint Ex. 18

Lee v. ZOM
8/25/09

And being the same property which was conveyed to the present owner by
deed from Claude H. Woodward et al, Trustees, dated May 22nd, 1935, and
recorded in Deed Book No. 373 at Page 97 of the land records of said
county.

together with all and singular the ways, easements, rights, privileges and appurtenances
to the same belonging or in anywise appertaining, and all the estate, right, title,
interest and claim, either at law or in equity, or otherwise however, of the said party
of the first part, of, in, to or out of the said land and premises.

AND the said party of the first part covenants that it will warrant specially
the property hereby conveyed, and that it will execute such further assurances of said
land as may be requisite or necessary.

IN TESTIMONY WHEREOF, the said Union Investment Company of Washington, D. C.,
hath on the 20th day of June, A. D. 1938, caused these presents to be signed by E. C.
Davison, its President, attested by Robert T. Highfield, its Secretary-Treasurer and
its corporate seal to be hereunto affixed;

CORPORATE SEAL                          UNION INVESTMENT COMPANY OF WASHINGTON, D. C.

Attest:   ROBERT T. HIGHFIELD              By:   E. C. DAVISON
          Secretary-Treasurer                    President

Signed, sealed and delivered in the presence of--MILDRED KNOTT

I. R. STAMP $60.00


DISTRICT OF COLUMBIA, to-wit:

          I, the undersigned Notary Public, in and for the District of Columbia afore-
said, do hereby certify that E. C. DAVISON, whose name is signed to the foregoing
writing, dated on the 20th day of June, 1938, personally appeared before me in my
District aforesaid, and in the name and on behalf of the said Corporation, acknowledged
the said writing to be the act and deed of the corporation, and that the seal affixed
to the said writing is the true corporate seal of said corporation, and that it has
been affixed thereto by due authority and direction of the Board of Directors of the
said Corporation.

          GIVEN under my hand and notarial seal this 23 day of June, 1938.

          My commission expires July 1, 1940.

                                        A. S. OFFUTT
                                        Notary Public, in and for
     S E A L                            the District of Columbia aforesaid.



VIRGINIA:

          In the Clerk's office of the Circuit Court of Arlington County this deed was
received, and with the annexed certificate admitted to record at 2:35 o'clock P. M.
Jun. 30, 1938.

                    Teste;

                         C. BENJ. LAYCOCK, Clerk


o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

STATE OF VIRGINIA,

COUNTY OF ARLINGTON, to-wit:

    I, MARGARET FRAZIER, a Notary Public in and for the State and County aforesaid, do hereby certify that W. H. BACON, JR., the President of W. H. BACON, JR., INCORPORATED, a corporation created under the laws of the State of Virginia, whose name is signed to the foregoing and annexed deed, bearing date on the 28th day of February, A. D. 1941, personally appeared before me in my County aforesaid, and acknowledged said deed to be the act and deed of W. H. Bacon, Jr., Incorporated; that said deed was so signed and executed by him and the seal thereto affixed is the corporate seal of said corporation, and that said corporate seal was affixed thereto and the deed so acknowledged and delivered pursuant to authority conferred by said Corporation upon said Officers.

    My commission expires March 17, 1945.

    GIVEN under my hand this 6th day of May, A. D. 1941.

                MARGARET FRAZIER
                Notary Public

VIRGINIA:

    In the Clerk's office of the Circuit Court of Arlington County this deed was received, and with the annexed certificate admitted to record at 3:34 o'clock P. M. May 8, 1941.

            Teste;

            C. BENJ. LAYCOCK, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

B. M. HEDRICK et al

   to B. & S. CORRECTION

CHARLES G. SCHOTT

                     THIS DEED, made the 2nd day of April, 1941, by and between B. M. HEDRICK and ANNA ELIZABETH HEDRICK, parties of the first part; and CHARLES G. SCHOTT, party of the second part.

    WITNESSETH: THAT WHEREAS, by deed dated the 27th day of May, 1932, and recorded in Deed Book No. 336, at page 87, one of the land records of Arlington County, Virginia, the said B. M. Hedrick and Anna Elizabeth Hedrick, his wife, conveyed certain property therein described to Hannah F. M. Hedrick; and subsequently the said Hannah F. M. Hedrick and Henry B. Hedrick, her husband, by deed dated June 1, 1936, and recorded in Deed Book No. 390, at page 261, one of said land records, conveyed the said property to Charles G. Schott;

    AND WHEREAS certain inaccuracies occurred in both said deeds in the metes and bounds description in that certain courses were described as "North 89° 04' 30" West" and "North 51° 16' West", instead of the correct courses, South 89° 04' 30" East and North 51° 16' East, and it is the desire of the said grantors to correct said errors and convey the said land correctly described to the said Charles G. Schott, the present owner;

    NOW, THEREFORE, in consideration of the premises and of the sum of One

RECEIVED BY
COMPARED BY
Jeanne Davis
MAILED TO
B.M.Hedrick,
3602 1st St.
So., Arl., Va.
6/14/41

Joint Ex. 19

Lee v. ZOM
8/25/09

539-410

Dollar, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant and convey, with General Warranty, unto the said party of the second part all that certain lot, piece or parcel of land situate, lying and being in Arlington County, Virginia, and being part of

Lots Two Hundred Seventeen (217), Two Hundred Forty-One (241) and Two Hundred Forty-two (242), of the subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book No. 102, at page 138, one of the land records of Arlington County, Virginia, and more particularly described as follows:

BEGINNING at a point on the west side of said LOT TWO HUNDRED FORTY-TWO (242) said point being North 0° 55' 30" East 70.0 feet from the southwest corner of said Lot No. 242; thence, cutting across said LOTS TWO HUNDRED FORTY-TWO (242) and TWO HUNDRED FORTY-ONE (241) and following the north line of the land heretofore conveyed to Enoch A. Norris, South 89° 04' 30" East 32.31 feet to the Northeast corner of the land conveyed to Norris; thence, North 0° 47' 15" East 40 feet, more or less, to a point in the Southwest line of the property of Judson Reamy; thence, North 38° 44' West 12 feet, more or less, to the corner of the said Reamy tract; thence, following the line of said Reamy tract, North 51° 16' East 35.5 feet to a point in the west side of North Irving Street (formerly Clarendon Avenue); thence, following the said west side of said North Irving Street, North 38° 44' West 14.0 feet to a point which is the northeast corner of the land formerly owned by B. M. Hedrick; thence, South 51° 16' West 60.48 feet to a point; thence South 89° 04' 30" East 2.52 feet to a point; thence South 0° 55' 30" West 45.0 feet to the point of beginning, containing 4,585 square feet of land, more or less, and being part of the land conveyed to the said B. M. Hedrick by Kristopher Dadaian by deed dated September 18, 1929 and recorded in Deed Book No. 303, at page 125, one of the land records of Arlington County, Virginia.

The said land is conveyed together with the appurtenances and privileges thereto belonging or in any wise appertaining, and subject to the encumbrances, restrictions, reservations and right of way of record.

WITNESS the following signatures and seals:

B. M. HEDRICK----------------------(SEAL)

ANNA ELIZABETH HEDRICK------------(SEAL)

STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I, G. A. AHALT, a Notary Public of and for the County aforesaid, in the State of Virginia, whose commission expires April 10, 1943, do hereby certify that B. M. HEDRICK and ANNA ELIZABETH HEDRICK, whose names are signed to the writing above and hereto annexed, bearing date on the 2nd day of April, 1941, have acknowledged the same before me in my County and State aforesaid.

412

GIVEN under my hand this 18th day of April, 1941.

G. A. AHALT
Notary Public.

VIRGINIA:

In the Clerk's office of the Circuit Court of Arlington County this deed was received, and with the annexed certificate admitted to record at 3:36 o'clock P. M. May 8, 1941.

Teste;

C. BENJ. LAYCOCK, Clerk.

o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o o

FOR RELEASE

RECORDED BY

COMPARED BY CHARLES G. SCHOTT
Jeanne Davis          to TRUST

MAILED TO
F.Saul Co., J. WHILEY JACOBS et al, TRUSTEES
15 15th St.,
W.,Wash.DC

THIS DEED made this 8th day of May, A. D. 1941, by and between CHARLES G. SCHOTT, unmarried, of the State of Virginia, party of the first part, and J. WHILEY JACOBS and ANDREW SAUL, TRUSTEES, of the District of Columbia, parties of the second part:

WHEREAS, said Charles G. Schott is justly indebted unto Earl D. Thompson in the full sum of Forty-five hundred Dollars, being money loaned, for which amount the said Charles G. Schott hath made, executed and delivered unto said Earl D. Thompson and made payable to his order his six (6) certain promissory notes of even date with these presents; notes Nos. 1, 2 and 3 in the full sum of One Thousand Dollars ($1000.) each, and Notes Nos. 4, 5 and 6 in the full sum of Five Hundred Dollars ($500.) each; all of said notes payable three (3) years after date, with interest from date and until paid at the rate of four (4) per centum per annum, payable semi-annually;

Said party of the first part hereby waives the benefit of his Homestead Exemption as to the debt secured by this Deed of Trust;

Said notes have been identified by the Virginia Title Insurance Company, Incorporated, and is evidenced by its Certificate on each of the same;

AND WHEREAS, the said party hereto of the first part hereby covenants for himself, his heirs or assigns, that should the party hereto of the first part, his heirs or assigns, fail to pay said interest on said debt, or any portion thereof, or fail to pay any other obligation of said debt, when and as the same shall become due and payable, B. F. Saul Company, a body corporate, duly incorporated under the laws of the District of Columbia, may at its option, advance to the holder or holders of said notes, such overdue and unpaid interest; or pay such other obligation, and the sum or sums so advanced or paid shall bear interest at the rate of six per centum per annum from the date of such advance or payment, and the sum or sums so advanced or paid, with interest thereon, shall forthwith attach as a lien hereunder and be demandable at any time;

AND WHEREAS, the party of the first part desires to secure the prompt payment

CORPORATION DEED

BOOK 636 PAGE 490

Law Reporter Blank No. 500

# This Deed

Made this _____ 30th _____ day of _____ September _____ in the

year one thousand nine hundred and forty-three   by and between  MOUNT VERNON

MORTGAGE CORPORATION, a Delaware Corporation, party of the first part

and TECK CONSTRUCTION COMPANY, a Delaware Corporation,



part y  of the second part.

Witnesseth, that for and in consideration of the sum of  Ten  and no/100

($10.00) _____

Dollars, receipt

whereof is hereby acknowledged, the said party of the first part does grant unto the said part y  of

the second part, in fee simple, the following described land and premises, situate in the County

of  Arlington,  State  of  Virginia,

and known and distinguished as Lots 238, 239, 240, 241 and 242 and lot 217,
less and except the North 25 feet measured along the front line of said
Lot 217 by the full depth thereof, of the subdivision of Clarendon, as
the same appears duly platted, dedicated and recorded in Deed Book 102,
at page 138, of the land records of said county.
LESS AND EXCEPT, from the above described land, all of that certain
piece or parcel of land being parts of Lots 217 and 241, which was con-
veyed by Kristopher Dadaian, to Judson Reamy by deed recorded in Deed
Book 246, at page 12, of the land records aforesaid, the same being
shown upon a plat attached to said deed and more particularly described
by metes and bounds as follows:  BEGINNING at an iron pipe in the south-
west line of Grafton Avenue, as said Avenue appears upon the plat of
Clarendon, duly of record in Deed Book 102, at page 138, of the land
records of said county, said iron pipe being South 38 degrees 44' East 59
feet from the southwest corner of Lot Numbered 216 of said subdivision;
thence following along said side of said Avenue, South 38 degrees 44'
East 16 feet to an iron pipe; thence departing from said Avenue, South
51 degrees 16' West 35.5 feet to an iron pipe; thence parallel with
said Avenue, North 38 degrees 44' West 16 feet to an iron pipe; thence
North 51 degrees 16' East 35.5 feet to the point of beginning, con-
taining 568 square feet, and being part of lots 217 and 241, as said lots
appear upon the plat of Clarendon referred to.

LESS AND EXCEPT, the land released by deed recorded in Deed Book No.331,
at page 310, of the land records of said county.

Joint Ex. 20

Lee v. ZOM
8/25/09





1247-576

Joint Ex. 21

Lee v. ZOM

8/25/09



1150

THIS DEED, Made this 1st day of April, in the year Nineteen
Hundred and Fifty-seven, by and between CONNIE B. GAY and HAZEL F. GAY, his
wife, parties of the first part, and TOWN AND COUNTRY NETWORK, INC., a
Delaware Corporation, party of the second part,

WITNESSETH: That for and in consideration of the sum of
Ten Dollars ($10.00), cash in hand paid, receipt of which is hereby
acknowledged, the said parties of the first part do hereby grant unto the
said party of the second part, in fee simple and with General Warranty,
all of that certain piece parcel or tract of land with the improvements
and appurtenances thereunto appertaining, situate, lying and being in Arlington
County, Virginia, known as:

BEGINNING at an iron pipe in the southwest line of
Grafton Avenue, (now known as N. Irving St.), as said
Avenue appears upon the plat of Clarendon duly of record
in Deed Book 102 at page 138 among the land records of
Arlington County (Virginia), said iron pipe being S. 30°
44' E. 189.00 feet from the south corner of Lot 216, of
said subdivision, thence following along the said side
of said Avenue, S. 38° 44'216.00 feet to an iron pipe;
thence departing from said Avenue S. 51°16'-N. 35.5 feet
to an iron pipe; thence parallel with said Avenue N. 38°
44' N. 16.00 feet to an iron pipe; thence N. 51° 16' E.
35.5 feet to the point of beginning, containing 560 square
feet and being parts of Lots 217 and 241 as said lots
appear upon the plat of Clarendon above referred to, and
said property being described being further shown upon a
plat attached to and made a part of a Deed recorded in Deed
Book 246 at page 65 among the aforesaid County land records.

being the same land conveyed to the parties of the first
part by deed recorded among said land records in Deed
Book 1247 at page 576;

SUBJECT to conditions of record.

The said parties of the first part covenant that they have
the right to convey the said land to the grantee; that they have done so

1319-235'

Joint Ex. 22

Lee v. ZOM
8/25/09



BK 1310 PG 286

act to encumber the said land; that the grantee shall have quiet possession
of the said land, free from all encumbrances; and that they, the said parties
of the first part will execute such further assurance of the said land
as may be requisite.

WITNESS the following signatures and seals.

_____ (SEAL)
Connie B. Gay

_____ (SEAL)
Hazel F. Gay

STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I, _____, a Notary Public,
in and for the County and State aforesaid, whose commission as Notary
expires _____, do hereby certify that CONNIE B. GAY and
HAZEL F. GAY, whose names are signed to the foregoing writing bearing date
on the 1st day of April, 1958, have acknowledged the same before me in my
County and State aforesaid.

GIVEN under my hand this ____ day of February, 1958.

_____
Notary Public

VIRGINIA: In the Clerk's Office of the
Circuit Court of Arlington County
this deed was received and admitted
to record certified annexed, to be
used by Recorded 19___

FEB 17 1958

9095

THIS DEED, MADE this 3rd day of November, 1958, by and between
TOWN & COUNTRY NETWORK, INC., a corporation duly authorized and existing
under the laws of the State of Delaware, and domesticated in the State
of Virginia, party of the first part; and TECK CONSTRUCTION COMPANY, party
of the second part,

WITNESSETH: that for and in consideration of the sum of Ten
Dollars, cash in hand paid, the said party of the first part does grant
and convey, with general warranty, unto the said party of the second part,
all that certain land, situate in Arlington County, Virginia, and particularly
described as follows:

Beginning at an iron pipe in the southwest line of Crafton
Avenue (now known as N. Irving St.) as said Avenue appears
upon the plat of Clarendon duly of record in Deed Book
402, page 130, among the land records of Arlington County,
Virginia; said iron pipe being S. 38° 44' E. 38.00 feet
from the south corner of Lot 218, of said Subdivision,
thence following along the said side of said Avenue,
S. 38° 44' E. 46.00 feet to an iron pipe; thence departing
from said Avenue, S. 51° 16' W. 35.5 feet to an iron
pipe; thence parallel with said Avenue N. 38° 44' W.
46.00 feet to an iron pipe; thence N. 51° 16' E. 35.5
feet to the point of beginning, containing 568 square
feet, and being part of Lots 217 and 218, as said
lots appear upon the plat of Clarendon above referred
to; and said property herein described being further
shown upon a plat attached to and made a part of deed
recorded in Deed Book 846, at page 12; and being the
same property conveyed to the party of the first part
by deed recorded in Deed Book 1319, at page 235, among
the said land records.

SUBJECT, however, to the balance of that certain deed of trust
recorded in Deed Book 1247, page 577, in the original amount of $15,500.00,
which balance is $10,275.07, and which the said party of the second part
hereby assumes and agrees to pay.

The said party of the first part covenants that it has the right
to convey the said land to the said party of the second part; that it c
has done no act to encumber the same; that the said party of the second
part shall have quiet possession of the said land, free from all
encumbrances except as hereinabove set out; and that it, the said party
of the first part, will execute such further assurances of the said land
as may be requisite.

IN WITNESS WHEREOF, the said party of the first part has caused

1348-209

Joint Ex. 23

Lee v. ZOM
8/25/09

BOOK 1348 PAGE 210

this deed to be signed by Connie B. Gay, its President, and its corporate

seal to be hereunto affixed, duly attested by its Secretary in accordance

with Resolution of the Board of Directors of the said party of the first

part attached hereto and made a part hereof.

TOWN & COUNTRY NETWORK, INC.

BY _____
President

ATTEST:

_____
Secretary

STATE OF VIRGINIA,

COUNTY OF ARLINGTON, to-wit:

I, the undersigned Notary Public, in and for the County aforesaid,

State of Virginia, whose commission expires on the 16 day of July

19___, do hereby certify that CONNIE B. GAY, whose name as President

of TOWN & COUNTRY NETWORK, INC., is signed to the foregoing deed, bearing

date on the 3rd day of November, 1958, has acknowledged the same before

me in my County and State aforesaid.

GIVEN under my hand this 4 day of November, 1958.

_____
Notary Public



BOOK 1348 PAGE 211

## TOWN & COUNTRY NETWORK, Inc.

### MINUTES OF BOARD OF DIRECTORS' MEETING.

A meeting of the Board of Directors of Town & Country Network, Inc., was called and held in the corporation's offices at 1122 N. Irving St., Arlington, Va., on November 1, 1958. Present were Connie B. Oxy, Jane K. Trimmer, Thomas R. Sawyers and Hilliard Y. Higgins. Since those present constituted a quorum, no formal notice of the meeting was required under thirty-three. The meeting was presided over by Mr. Oxy, who called it to order.

Upon motion duly made, seconded and carried, it was —

RESOLVED: That Mr. Connie B. Oxy, President of Town & Country Network, Inc., be, and hereby is, authorized to sell and convey the office building at 1122 N. Irving St., Arlington, Virginia, for a consideration of not less than twenty-one thousand dollars ($21,000.00), and

BE IT FURTHER RESOLVED: That Mr. Oxy be, and hereby is, authorized and empowered to sign all legal documents and do all legal things necessary to effect said sale, conveyance and transfer, for and on behalf of this corporation.

There being no further business to come before the meeting, it was, upon motion duly made, seconded and carried, declared adjourned.

Thomas R. Sawyers
Secretary

CERTIFIED TO BE A TRUE COPY

Thomas R. Sawyers
Secretary

NOV 7 1958



BOOK 1531 PAGE 30

9357

THIS DEED, Made this 15th day of November, 1963,

between TECK CONSTRUCTION CORPORATION, a Delaware corporation,

party of the first part, and LEE BOCK GOON and LEE YU TOON, as

tenants in common, parties of the second part,

***** W I T N E S S E T H *****

That for and in consideration of the sum of Ten

Dollars ($10.00) in hand paid, the receipt of which is hereby

acknowledged, the party of the first part doth grant and convey,

with Special Warranty of Title, unto the parties of the second

part as tenants in common the following described property

situate and being in the County of Arlington, Virginia:

Part I: All of Lots 237, 238, 239, 240 and
241 of the SUBDIVISION OF CLARENDON, as the
same is duly dedicated, platted and recorded
in Deed Book 102 at page 138 among the land
records of Arlington County, Virginia; Less
and Except the North 25' of Lot 217 measured
along the front line of said lot by the full
depth thereof. Further Less & Except that
portion of Lots 217 and 241 released by Deed
in Deed Book 331 at page 308, more particularly
described as follows: The Westerly 7.48 feet
by the full depth thereof of Lot 241; and
that portion of Lot 217 now or formerly owned
by B.H. Hedrick lying North and West of the
property of Judson Remmy's said portion of
said lots having a frontage of 14' on Clarendon
Avenue by a depth of 60.48 feet on the N.W.
boundary thereof; and Further Less & Except
that portion of said Lots 238, 239, 240 and
241 granted to the County Board of Arlington
County, Virginia, for the widening of North
Washington Boulevard and more particularly
described in Deed Book 407 at page 453 and as
shown on a plat attached thereto.

AND

Part II: - Parts of Lots 217 and 241 of the
Subdivision of Clarendon as the same appears
duly dedicated, platted and recorded in Deed
Book 102 at page 138 and more particularly
described as follows: Beginning at an iron
pipe in the S.W. line of Grafton Avenue as
said Avenue appears upon the plat of Clarendon,
said iron pipe being South 38° 44' East 39 feet
from the S.W. corner of Lot 216 of said sub-
division, thence following along side of said
Avenue, South 38° 44' East 16 feet to an iron
pipe, thence departing from said Avenue South

Joint Ex. 24

Lee v. ZOM

8/25/09



- Page 2 -

BOOK 1531 PAGE 31

51° 16' West 35.5 feet to an iron pipe; thence parallel with said Avenue, N. 38° 44' West 16 feet to an iron pipe; thence N 51° 16' East 35.5 feet to the point of beginning containing 568 square feet, all of which parcel is shown on the plat attached to the deed to Judson Reamy recorded in Deed Book 246 at page 12 among the land records of Arlington County, Virginia.

This conveyance is made subject to the restrictions and conditions contained in the deeds forming the chain of title to this property.

IN WITNESS WHEREOF, the said TECK CONSTRUCTION CORPORATION, a Virginia corporation, has caused this Deed of Bargain and Sale to be executed in its corporate name by

_____, its _____

and its corporate seal to be hereto affixed and attested by

_____, its _____

said officers being thereunto duly authorized all as of the day, month and year first hereinabove written.

TECK CONSTRUCTION CORPORATION

BY: _____
L. HAROLD SOTHORON, President

ATTEST:

_____
R. FLAVELLE KOSS, Secretary

STATE OF VIRGINIA,

COUNTY OF _____, to-wit:

I, _____, a Notary

Public in and for the County aforesaid, in the State of Virginia, do hereby certify that ___L. HAROLD SOTHORON and R. FLAVELLE___
KOSS, as President and Secretary , respectively of the TECK

CONSTRUCTION CORPORATION, a Virginia corporation, whose names on

behalf of said corporation, are signed to the foregoing

writing, bearing date on the 15th day of November, 1963, have

personally appeared before me in my County aforesaid and

acknowledged the same.

GIVEN under my hand this _____ day of November,

1963.

My commission expires: _____

_____
Notary Public

VIRGINIA: IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF ARLINGTON COUNTY THIS DEED WAS RECEIVED, AND WITH THE ANNEXED CERTIFICATE ADMITTED TO RECORD AT _____ O'CLOCK P. M. Nov 19  1963

_____
Clerk

THIS DEED Made this 15th day of November , A.D. 19 63, by and between LEE YU TOON AND LEE SUN YUNG, his wife, and LEE BOCK GOON and LEE ENG TING, his wife, . . parties of the first part, and ALLEN C. ADAMS and ASHTON C. JONES, JR., residents and of Arlington County, Virginia , Trustees, parties of the second part:

IN TRUST, to secure the prompt payment of the principal sum of SEVENTY THOUSAND AND

NO/100 --------------- Dollars ($ 70,000.00 ), together with interest thereon at the rate of six per cent per annum; said indebtedness being evidenced by one certain promissory note of even date herewith, executed by LEE BOCK GOON and LEE YU TOON and made payable to the order of CLARENDON TRUST COMPANY at its banking house in Arlington, Virginia, payable in monthly installments of at least FIVE HUNDRED NINETY AND 80/100 ------------- Dollars ($ 590.80 ) each, with the privilege of making larger payments in any amount; the first of said installments being due and payable on the 15th day of December , 19 63, and one of said installments being due and payable on the 15th day of each and every month thereafter until the full amount of the principal, and the interest thereon, has been fully paid and discharged. Entire indebtedness, if not sooner paid, shall be fully due and payable November 15, 1973.

. The said installments, when so paid, shall be first applied to the payment of the interest then due on the principal of the note, and the balance shall be applied to the payment of the said principal.

AND WHEREAS, the parties of the first part desire to secure the full and punctual payment of said debt and interest thereon, and the full performance of the covenants herein contained, as well as any and all renewals or extensions of said note or of any part thereof, with interest on such renewals or extensions at such rate of interest as may be agreed upon, and any notes given for interest covering any extension, with interest thereon from the maturity of same (which renewals or extensions of the debt, or any part thereof, hereby secured, or any change in its terms or rate of interest payable on the same, shall not impair in any manner the validity of, or priority of this trust) ; and also to secure the reimbursement to the holder or holders of said note and to the parties of the second part, or either of them, or a substituted trustee and any purchaser or purchasers, grantee or grantees under any sale or sales in the provisions of this trust, for all money which may be advanced as herein provided for, and for any and all costs and expenses (including reasonable counsel fees) incurred or paid on account of any litigation at law or in equity which may arise with respect to this trust or to the indebtedness or to the property herein mentioned, or in obtaining possession of the premises after any sale which may be made as hereinafter provided for.

NOW, THEREFORE, THIS DEED OF TRUST WITNESSETH, that the parties of the first part, in consideration of the premises and of One Dollar ($1.00) lawful money of the United States of America, receipt of which is hereby acknowledged, do hereby grant and convey to the parties of the second part, in fee simple, the following described land and premises, together with all the improvements, easements, rights-of-way, and appurtenances in any wise appertaining thereto (including chattels as hereinafter set forth in Clause 8) situate and lying in Arlington County, Virginia:- Part 1: All of Lots 217, 238,239, 240 and 241 of the SUBDIVISION OF CLARENDON, as the same is duly dedicated, platted and recorded in Deed Book 102 at page 138 among the land records of Arlington County, Virginia; Less and Except the North 25' of Lot 217 measured along the front line of said lot by the full depth thereof. Further Less & Except that portion of Lots 217 and 241 released by Deed in Deed Book 331 at page 308, more particularly described as follows: The Westerly 7.48 feet by the full depth thereof of Lot 241; and that portion of Lot 217 now or formerly owned by B.M. Hedrick lying North and West of the property of Judson Reamy's said portion of said lots having a frontage of 14' on Clarendon Avenue by a depth of 60.48 feet on the N.W. boundary thereof; and Further Less & Except that portion of said Lots 238, 239, 240 and 241 granted to the County Board of Arlington County, Virginia, for the widening of North Washington Boulevard and more particularly described in Deed Book 607 at page 453 and as shown on a plat attached thereto. AND Part II:- Parts of Lots 217 and 241 of the Subdivision of Clarendon as the same appears duly dedicated, platted and recorded in Deed Book 102 at page 138 and more particularly described as follows: Beginning at an iron pipe in the S.W. line of Grafton Avenue as said Avenue appears upon the plat of Clarendon- said iron pipe being South 38° 44' East 39 feet from the S.W. corner of Lot 216 of said subdivision, thence following along side of said Avenue, South 38° 44' East 16 feet to an iron pipe, thence departing from said Avenue South 51° 16' West 35.5 feet to an iron pipe; thence parallel with said Avenue, N. 38°44' West 16 feet to an iron pipe; thence N 51° 16' East 35.5 feet to the point of beginning, containing 568 square feet, all of which parcel is shown on the plat attached to the deed to Judson Reamy recorded in Deed Book 246 at page 12 among the land records of Arlington County, Virgin

Joint Ex. 25

Lee v. ZOM
8/25/09

FORM NO. 5

LAW OFFICES OF ADAMS, PORTER AND RADIGAN, ARLINGTON, VIRGINIA

BOOK1531 PAGE 33

IN AND UPON THE USES AND TRUST FOLLOWING, that is to say: until any default in any covenant or in payment of any matter of indebtedness hereby secured, as herein provided for, to permit the parties of the first part, their heirs or assigns to possess and enjoy said described premises and to receive the rents, issues and profits thereof; and on full payment of said note and of any extensions or renewals thereof and interest thereon, and all sums advanced or expended as herein provided, and all other proper costs, charges, expenses, fees, commissions and half commissions, at any time before the sale hereinafter provided for, to release and reconvey unto and at the cost of the said parties of the first part, their heirs or assigns, or the party or parties then claiming under them, the aforesaid land and premises.

AND IT IS FURTHER AGREED AND COVENANTED, by the parties of the first part, for themselves and their heirs, executors, administrators and assigns, in consideration of the premises, and in order to more fully protect the indebtedness secured hereby, as follows:

1. **Rights Upon Default**
That upon breach of any of the covenants herein contained, or upon default being made in the payment of the said note or of any instalment of principal or interest thereon, or of any renewal or extension thereof, or of any note or notes hereafter given for interest covering any extension, with interest thereon from maturity of the same, when and as same shall become due and payable; or upon any default in payment when due and payable of any taxes or assessments, general or special, now or hereafter assessed against said land and premises, or any part thereof, while this trust exists, or upon any default in keeping while this trust exists, the improvements on said land insured against loss by fire and other hazards, casualties and contingencies in the manner as hereinafter provided in Clause 4; or upon default in payment, on demand, of any sum or sums advanced by the holder or holders of said note on account of any costs and expenses of this trust, or on account of any such taxes or assessments or insurance, or expenses of litigation, or on account of any lien, deed of trust or mortgage on said land and premises prior in lien to this trust, with interest thereon as specified in said note from the date of such advance, then, upon any and every such default so made as aforesaid, the said debt hereby secured shall immediately become due and payable in its entirety, and said parties of the second part shall sell the aforesaid land and premises and improvements at public auction as hereinafter provided in Clause 2.

2. **Sale and Application of Proceeds**
Should default be made in the payment of said indebtedness or interest, or any instalment of either, or should there be a breach of any of the covenants above set forth, then, and in either of said events, the entire indebtedness hereby secured shall immediately become due and payable, and the said Trustees, either of whom is authorized to act in the execution of this Trust, shall, upon being requested so to do by the holder or holders of the said indebtedness, or any part thereof, sell all of the property hereby conveyed, upon such terms and conditions, and at such time and place, as the Trustees, in their discretion, may deem advisable, after advertising said sale once a week for two (2) successive weeks in some newspaper published or having general circulation in the county in which the property is located, said sale may be held on the last day of publication and a bidder's deposit of not more than ten per cent (10%) of the original amount secured may be required; and to convey the same to the purchaser thereof, who shall not be required to see to the application of the purchase money. Out of the proceeds of such sale the said Trustees, or the Trustee acting, shall pay all costs and expenses thereof, including a Trustee's commission of five per cent (5%) of the gross amount of sale; all taxes or assessments against the said land and premises due on date of sale; and the total amount of principal unpaid of said indebtedness, with interest to date whether the same be due or not. The balance, if any, shall be paid to the said parties of the first part, upon delivery of possession of the said land and premises, less the cost, if any, of obtaining possession thereof.

3. **Right to Commission and Fees**
That if the said property shall be advertised for sale as hereinabove provided, but be withdrawn from sale or for any other reason be not sold, the trustee or trustees acting shall be entitled to one-half the commission above provided, to be computed on the amount of the debt hereby secured or so much thereof as remains unpaid, including any advances and accruals, and any fees of attorneys or auctioneers, or any other incidental expense shall be charged to and be paid by the parties of the first part.

4. **Taxes, Assessments, Insurance**
That the parties of the first part will pay when due all taxes or assessments, general or special, now or hereafter assessed against said land and premises, or any part thereof, while this trust exists, and will keep, while this trust exists, the improvements on said land insured against loss by fire and other hazards, casualties and contingencies, in an amount, in the name, and to the satisfaction of the parties in the second part, or either of them, who may select and designate the company in which such insurance shall be placed, and who shall apply whatever may be received therefrom to the payment of the matters hereby secured, whether then due or not, unless the party entitled to receive the same shall waive the right to have the same so applied. Upon default in any such payment or insuring, the debt hereby secured shall immediately become due and payable as hereinabove provided; or, at the option of the parties of the second part, or either of them, said parties of the second part, or either of them, may have said improvements insured and pay said taxes and assessments and the expense thereof shall be a charge hereby

LAW OFFICES OF ADAMS, PORTER AND RADIGAN, ARLINGTON, VIRGINIA

BOOK 1531 PAGE 34

secured, and bear interest at the rate of 6% per annum from the date of such payment; provided, that in the event the parties of the second part, or either of them, demand reimbursement from the parties of the first part for any such advance, and reimbursement be not immediately made, then the entire debt secured hereby shall immediately become due and payable as hereinabove provided in Clause 1.

**5. Compliance with Laws** — That the parties of the first part shall maintain the premises and improvements thereon in compliance with applicable statutes, municipal laws, building codes and such other rules, regulations and orders as may from time to time be issued by proper public authority. Upon their failure so to do, or to make such changes as may be required by such rules, regulations and orders within the time allowed or prescribed by said rules, regulations and orders, or such extensions thereof as may be granted by proper public authority, the debt hereby secured shall become due and payable as hereinabove provided; or at the option of the parties of the second part, or either of them, they may have said changes made and the expense thereof shall be a charge hereby secured, and bear interest at the rate of 6% per annum from the date of such payment; provided, that if the parties of the second part, or either of them, demand reimbursement from the parties of the first part for any such advance, and reimbursement be not immediately made, then the entire debt hereby secured shall immediately become due and payable as hereinabove provided in Clause 1.

**6. Waste or Impairment** — That no act or thing shall be done to depreciate or impair the value of the property hereby conveyed during the continuance of this trust, and that the said property shall not be transferred or assigned in any manner which will affect the security of the holder of the indebtedness hereby secured.

**7. Extension or Amendment** — That if the said property be conveyed hereafter by the parties of the first part, any extension of the time of payment of the indebtedness secured hereby or any part thereof or any other modification of the terms of this debt at the instance of the then owner shall not relieve the parties of the first part of their liability on the note hereby secured or from the performance of any covenant contained herein, whether said extension or modification be made with or without the consent of the parties of the first part.

**8. Chattels** — That all awnings, door and window screens, mantels, cabinets, linoleum, stoves, shades, mechanical refrigerators, oil and/or fuel burning system and equipment, water heaters, radiator covers, and all plumbing, heating, lighting, cooking, ventilating, cooling, air conditioning and refrigerating apparatus and equipment and each and every of the interior improvements and fixtures, movable or immovable, of every kind and description in and upon said land and premises or used in connection therewith, and all additions and replacements thereto, are and shall be deemed to be fixtures and all shall be an accession to the freehold and a part of the realty, and same are covered by this deed of trust and included in the terms "Property," "Premises" and "Land" wherever used herein.

**9. Waiver of Notice and Exemptions** — That notice of the exercise of any option granted herein to the holder of the note secured hereby or in said note is not required to be given, the parties of the first part hereby waiving any such notice. Any exemptions, including Homestead Exemption, as to the debt secured, are hereby waived.

**10. Warranty** — That the parties of the first part will warrant generally the property hereby conveyed and that they will execute such further assurances of such property as may be requisite for vesting title in said parties of the second part for the uses and purposes and upon the trust herein declared.

**11. Substitute Trustee** — That the irrevocable power to appoint a substitute trustee or trustees is hereby granted to the holder of the indebtedness hereby secured in the event of the resignation, death, incapacity, disability, removal, or absence from the State of any trustees serving under this deed, by filing for record in the office where this deed is recorded a deed of appointment, whereupon the substitute trustee named therein shall be vested with the same title and estate and all the powers, rights, authority and duties which are herein granted to the parties of the second part, this power being exercisable without notice and as often as is required in the event successive substitutions are necessary. All powers granted and conferred upon the parties of the second part can be exercised by either of the parties of the second part as fully and to the same effect as if it were the acts of both of the parties of the second part.

**12. Construction Covenant** — If the property herein conveyed is to be improved by the construction of a building or buildings, the parties of the first part agree to complete the same free and clear of all mechanics' liens within six months from date hereof in accordance with the approved plans and specifications; and in the event of failure to so complete said construction free and clear of all mechanics' liens, or in the event that said construction shall cease for a period of two weeks (Acts of God, fire, windstorm only excepted) the note hereby secured shall immediately become due and payable at the option of the holder of the note hereby secured.

LAW OFFICES OF ADAMS, PORTER AND RADIGAN, ARLINGTON, VIRGINIA

BOOK **1531** PAGE **35**

AND, wherever in this deed the context so requires, the masculine gender includes the feminine and neuter, the singular number includes the plural and the plural number includes the singular.

IN WITNESS WHEREOF, on the day and year first hereinabove written, said parties of the first part have hereunto set their hands and seals.

_____ (SEAL)   _____ (SEAL)
LEE YU TOON                        LEE BOGK GOON

                                   LEE ENG TING
_____ (SEAL)   _____ (SEAL)
LEE SUN YUNG                       LEE ENG TING

STATE OF VIRGINIA,

COUNTY OF _Arlington_                      , to-wit:

I, _Arthur C. B_____ , a Notary Public in and for the County aforesaid, in the State of Virginia, do hereby certify that LEE BOCK GOON and LEE ENG TING, his wife, and LEE YU TOON and LEE SUN YUNG, his wife,

whose names are signed to the above writing, bearing date on the 15th day of November 1963 , have personally appeared before me in my County aforesaid and acknowledged the same.

GIVEN under my hand this _15th_ day of _November_ , 19 63 .

My commission expires on the _16th_ day of _December_ , 19 63 .

C. N.        33802

_____
Notary Public

VIRGINIA: In the Clerk's office of the Circuit Court of Arlington County this deed was received and with the annexed certificate admitted to record at 56 o'clock P. M.

NOV 19 1963

Teste:  _____
                        Clerk

9358

#2

LAW OFFICES OF ADAMS, PORTER AND RADIGAN, ARLINGTON, VIRGINIA

RECEIVED AND RECORDED
IN DEED BOOK
No. 1531 PAGE 32
NOV 19  2 56 PM '63
IN THE LAND RECORDS OF
ARLINGTON COUNTY

2 parcels of land situate in Arlington County, Va.

LEE BOCK GOON ET UX   and
LEE YU TOON, ET UX
to
ALLEN C. ADAMS and
ASHTON C. JONES, JR.,
Trustees

DEED OF TRUST

Case No. 33802

RETURN TO:

73

ADAMS, PORTER AND RADIGAN
ATTORNEYS AND COUNSELORS AT LAW
ARLINGTON, VIRGINIA

BOOK 1582 PAGE 616

3115

THIS DEED Made and entered into this 22nd day of April, 1965, by and between CHARLES G. SCHOTT and ALICE REGINA SCHOTT, his wife, parties of the first part; and CHARLES G. SCHOTT, INC., party of the second part:

WITNESSETH: That for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations, receipt whereof before the signing, sealing and delivery of these presents is hereby acknowledged, the said parties of the first part hereby grant, bargain, sell and convey with general warranty of title, unto the party of the second part, the following parcels of land situate in Arlington County, Virginia:

PARCEL 1:  BEGINNING at a point on the west side of Lot Two Hundred Forty-Two (242), said point being North 0° 55' 30" East 70.0 feet from the southwest corner of said Lot No. 242; thence, cutting across Lots 241 and 242, and following the north line of the land heretofore conveyed to Enoch A. Norris, south 89° 04' 30" West 32.31 feet to the northeast corner of the land conveyed to Norris; thence north 0° 47' 15" East 40 feet, more or less, to a point in the southwest line of the property of Judson Reamy; thence north 38° 44' West 12 feet, more or less, to the corner of the said Reamy tract; thence, following the line of said Reamy tract, North 51° 16' East 35.5 feet to a point in the west side of North Irving Street (formerly Clarendon Avenue) thence, following the said west side of said North Irving Street, North 38° 44' West 14.0 feet to a point which is the northeast corner of the land formerly owned by B. M. Hedrick; thence, South 51° 16' West 60.48 feet to a point; thence south 89° 04' 30" West 2.52 feet to a point; thence south 0° 55' 30" West 45.0 feet to the point of beginning, containing 4,585 square feet of land, more or less, and being part of Lots 217, 241 and 242, of the subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book 102, at page 138, of the land records of Arlington County, Virginia.

And being the same property conveyed to Charles G. Schott by deed recorded in Deed Book 390 at page 261, and by Correction deed recorded in Deed Book 589 at page 410, among the said county land records.

LESS AND EXCEPT from the above described parcel, 42.8 square feet of Lot 242, conveyed to Julius Rossen and Bernice Rossen by deed recorded in Deed Book 1230 at page 480, among the said county land records.

PARCEL 2:  Parts of Lots numbered 242 and 241 of the subdivision of CLARENDON, as said subdivision is duly dedicated, platted and recorded in Deed Book 102 at page 138 among the land records of Arlington County, Virginia, and being described by metes and bounds as follows: Beginning at the southwest corner of said Lot 242; thence following the south line of said Lot 89° 04' 30" East 32.48 feet to the center line of a brick wall which is the party wall between the premises known as #10 and #12 Garrison Road; thence following the said center line and the said line extended north 0° 47' 15" East 70 feet; thence north 89° 04' 30" West 32.31 feet to a point in the west line of said lot 242; thence following the said west line of said lot south 0° 55' 30" West 70 feet to the point of beginning.

And being the same property conveyed to Charles G. Schott by deed recorded in Deed Book 345 at page 79, among the said county land records.

1582-616

Joint Ex. 26

Lee v. ZOM
8/25/09

BOOK 1582 PAGE 617

LESS AND EXCEPT from the above described Parcel #2,
42.8 square feet recorded in Deed Book 1230 at page
480; and

LESS AND EXCEPT, ALSO, 31 square feet recorded in
Deed Book 1155 at page 31, among the said county land
records.

PARCEL #3:  Lots numbered 80, 81, 82, 83, 84 and 85,
in the Subdivision known as MOORE'S ADDITION TO
CLARENDON, Section Two (2), as per plat of said
subdivision recorded in Deed Book 126 at page 192,
of the land records of Arlington County, Virginia;

LESS AND EXCEPT that portion of Lot 85, lying north
of a line at which the distance between South Spruce
Street and Washington Avenue is 15 feet, which said
portion is dedicated as a part of the public highway,
in the Subdivision known as MOORE'S ADDITION TO
CLARENDON, Section Two (2), as per plat of said subdivision
recorded in Deed Book 126 at page 192, among the
said county land records.

And being the same property conveyed to Charles C. Schott
by deed recorded in Deed Book 365 at page 418, of the
said county land records.

LESS AND EXCEPT from the above described Parcel #3
416.03 square feet conveyed to the County Board of
Arlington, Virginia, by deed recorded in Deed Book 1176
at page 471, among the said county land records; and

LESS AND EXCEPT, ALSO, 504.68 square feet conveyed to the
County Board of Arlington County, Virginia, by deed
recorded in Deed Book 1541 at page 40, among the said
county land records.

This conveyance is made subject to the restrictions, rights of way,
and conditions, if any, contained in the deeds forming the chain of title to
this property.

The grantors covenant that they have the right to convey the aforesaid
property unto the grantee; that the grantee shall have quiet possession
thereof; that the said grantors have done no act to encumber said land, except
as above, and that they will execute such further assurances of the land as
may be requisite.

WITNESS the following signatures and seals:

_Charles C. Schott_ (SEAL)
Charles C. Schott

_Alice Regina Schott_ (SEAL)
Alice Regina Schott

STATE OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

I, _____, a Notary Public in and for
the county aforesaid, in the State of Virginia, do hereby certify that
Charles C. Schott and Alice Regina Schott, his wife, whose names are signed
to the foregoing writing, bearing date on the 22nd day of _____
1965, have personally appeared before me in my county aforesaid and acknowledged
the same.
GIVEN under my hand this ___ day of April, 1965.
My commission expires: _____

VIRGINIA: ... OFFICE OF THE CIRCUIT COURT OF ...
WAS RECEIVED, AND ... 
April 28 1965



BOOK 1654 PAGE 440

·DEED· 4429

THIS DEED, made this 15 day of August, 1967, by and between LEE BOCK GOON and LEE YU TOON, tenants in common, parties of the first part, and LEE BOCK GOON and LEE ENG TING, his wife, tenants by the entirety with the common law right of survivorship, parties of the second part:

WITNESSETH:

That for and in consideration of the sum of ten dollars ($10.00) and other good and valuable consideration, received and hereby acknowledged, the said parties of the first part do hereby grant, bargain, sell and convey, with GENERAL WARRANTY of title, to the said parties of the second part, as tenants by the entirety with the full common law right of survivorship, it being intended that fee simple title to the property hereby conveyed shall vest in the parties of the second part during their joint lives, and thereafter, fee simple title shall vest in the survivor of them, all of that certain lot or parcel of land situate, lying and being in Arlington County, Virginia, together with all improvements, and more particularly described as follows:

Part I:   All of LOTS 217, 238, 239, 240 and 241 of the SUBDIVISION OF CLARENDON, as the same is duly dedicated, platted and recorded in Deed Book 102 at page 138 among the land records of Arlington County, Virginia; Less and Except the North 25' of LOT 217 measured along the front line of said lot by the full depth thereof. Further Less and Except that portion of LOTS 217 and 241 released by Deed in Deed Book 331 at page 308, more particularly described as follows: The Westerly 7.48 feet by the full depth thereof of LOT 241; and that portion of LOT 217 now or formerly owned by B. M. Hedrick lying North and West of the property of Judson Reamy's said portion of said lots having a frontage of 14' on Clarendon Avenue by a depth of 60.48 feet on the N. W. boundary thereof, and further Less and Except that portion of said LOTS 238, 239, 240 and 241 granted to the County Board of Arlington County, Virginia, for the widening of North Washington Boulevard and more particularly described in Deed Book 607 at page 493 and as shown on a plat attached thereto.

AND

Part II:   Parts of LOTS 217 and 241 of the Subdivision of Clarendon as the same appears duly dedicated, platted and recorded in Deed Book 102 at page 138 and more particularly described as follows:  Beginning at an iron pipe in the S. W. line of Grafton Avenue as said Avenue appears upon the plat of Clarendon, said iron pipe being South 38° 44' East 39 feet from the S. W. corner of LOT 216 of said subdivision, thence following along side of said Avenue, South 38° 44' East 16 feet to an iron pipe, thence departing from said Avenue South 51° 16' West 35.5 feet to an iron pipe; thence parallel with said Avenue, N. 38° 44' West 16 feet to an iron pipe; thence N. 51° 16' East 35.5

W. J. McKENNAN
ATTORNEY AT LAW
101 LOCKWOOD ROAD
ALEXANDRIA, VIRGINIA

1654-440

Joint Ex. 27

Lee v. ZOM

8/25/09

BOOK 1654 PAGE 441

feet to the point of beginning containing 568 square feet, all of which parcel is shown on the plat attached to the deed to Judson Reamy recorded in Deed Book 246 at page 12 among the land records of Arlington County, Virginia.

It being the same property acquired by the said parties of the first part by deed recorded among the land records of the aforesaid County in Deed Book 1531 at page 30.

This conveyance is made expressly subject to any and all easements, conditions, restrictions, rights of ways and agreements of record insofar as they may be lawfully applicable to the property hereby conveyed, and to such state of facts as are disclosed by the recorded plats above mentioned.

Subject also to one certain Deed of Trust recorded in Deed Book 1531 at page 32 of the said land records, securing originally the sum of $70,000.00 and interest, the said parties of the second part hereby assume and agree to pay as is evidenced by their acceptance of this deed.

The said parties of the first part covenant that they have the right to convey the said land to said grantees; that the grantees shall have quiet possession of the said land, free from all encumbrances, except as herein-above set forth; and that the parties of the first part will execute such further assurances of the said land as may be requisite.

WITNESS the following signatures and seals:

_Lee Bock Goon_ (SEAL)
LEE BOCK GOON

_Lee Yu Toon_ (SEAL)
LEE YU TOON

STATE OF VIRGINIA :
                    : to wit:
COUNTY OF ARLINGTON :

I, W. J. McKennan, a Notary Public in and for the County aforesaid, in the State of Virginia, do hereby certify that LEE BOCK GOON and LEE YU TOON, whose names are signed to the above writing bearing date on the 15 day of August, 1967, have personally appeared before me in my County afore-said and acknowledged the same.

GIVEN under my hand this 15 day of August, 1967.

My commission expires on the 10th day of December, 1969.

VIRGINIA: In the Clerk's office of the
Circuit Court of Arlington County;
this deed was received and with the
annexed certificate admitted to re-
cord at 1/3 o'clock P. M.
/ AUG 1 8 1967

Testi: _____ Clerk

W. J. McKENNAN
ATTORNEY AT LAW
401 LINDSLEY ROAD
ALEXANDRIA, VIRGINIA

_W. J. McKennan_
NOTARY PUBLIC

z

BOOK 1937 PAGE 154

5ð

## DEED

THIS DEED, made this 19th day of November, 1976, by and between ALICE R. SCHOTT, liquidating receiver of CHARLES G. SCHOTT, INC., a Virginia corporation dissolved by operation of law, party of the first part, and GIOK HOA KHOE and LILY H. SOETIONO, tenants in common, parties of the second part, witnesseth that:

WHEREAS, the said party of the first part, liquidating receiver as aforesaid, by virtue of the power to her granted by the Circuit Court of Arlington County, In Chancery No. 20888, on December 4, 1970, has sold the right, title and interest of the said dissolved Corporation in the premises hereinafter described at private sale to the said parties of the second part for the sum of $50,000.00 and the said sale has been duly approved by the said Court.

NOW, THEREFORE, by virtue and in execution of the power to her granted by said Court and of every other power and authority her hereto enabling, and in consideration of the said sum of $10.00 to her paid by the said parties of the second part, the receipt whereof is hereby acknowledged, the said party of the first part as such liquidating receiver doth hereby grant, bargain, sell and convey unto the said parties of the second part, as tenants in common, as and for each party of the second part sole separate equitable estate, free from control and marital right of any present or future husband and free from any curtesy rights or inchoate curtesy rights of any present or future husband of the said parties of the second part all of which are hereby

Joint Ex. 28

Lee v. ZOM
8/25/09

BOOK 1JJ, PAGE 155

- 2 -

expressely excluded and with full and complete authority in the
said parties of the second part to alien, convey, encumber and
otherwise deal with and depose of same without necessity of joinder
by or with any present or future husband of the parties of the
second part, and with general warranty of title, all of those cer-
tain lots or parcels of land situate, lying and being in Arlington
County, Virginia, and more particularly described as follows:

    Parts of Lots numbered 242 and 241 of the sub-
division of CLARENDON, as said subdivision is duly dedi-
cated, platted and recorded in Deed Book 102 at page 138
among the land records of Arlington County, Virginia, and
being described by metes and bounds as follows: Beginning
at the southwest corner of said Lot 242; thence following
the south line of said lot 89° 04' 30" East 32.48 feet to
the center line of a brick wall which is the party wall
between the premises known as #10 and #12 Garrison Road;
thence following the said center line and the said line
extended north 0° 47' 15" East 70 feet; thence north
89° 04' 30" West 32.31 feet to a point in the west line
of said lot 242; thence following the said west line of
said lot south 0° 55' 30" West 70 feet to the point of
beginning.

    LESS AND EXCEPT from the above-described Parcel #2
42.8 square feet recorded in Deed Book 1230 at page 480;
and

    LESS AND EXCEPT, ALSO, 31 square feet recorded in
Deed Book 1155 at page 31, among the said county land
records.

    And being the same property conveyed to Charles G.
Schott, Inc., by deed recorded in the Deed Book 1582 at
page 616, among the said county land records.

    The conveyance is made subject to the restrictions,
rights of way, and conditions, if any, contained in the deeds form-
ing the chain of title to this property.

    The said party of the first part covenants that she has
the right to convey the said land to the grantees; that she has
done no act to encumber the same except as above set forth; that
the grantees shall have quiet possession of the said land, free
from all encumbrances except as above set forth; and that it, the

BOOK 1937 PAGE 156

- 3 -

said party of the first part, will execute such further assurances

of said land as may be requisite and necessary.

WITNESS the following signature and seal:

_Alice R. Schott_ (SEAL)
ALICE R. SCHOTT
Liquidating Receiver


STATE OF VIRGINIA

COUNTY OF ARLINGTON, to-wit:

I, _Jennie A. Parker_, a Notary Public in and

for the County aforesaid, in the State of Virginia, do hereby

certify that ALICE R. SCHOTT, whose name is signed to the fore-

going writing, bearing date of November 19, 1976, has personally

appeared before me in my County aforesaid and acknowledged the

same.

Given under my hand this 24th day of _November_, 1976.

My commission expires: _April 23, 1979_

_Jennie A. Parker_
Notary Public


VIRGINIA: IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE COUNTY
OF ARLINGTON

This deed was presented, and, with the Certificate annexed, admitted to record

on _Jan 4 1977_ at _____ o'clock _1:12_ ᵖ M.

Consideration $ _41,500._

Clerk's Fee _____ _6.00_

Transfer Fee _____ _1.00_

State Tax _____ _61.20_

City Tax _____ _26.7_    Teste:

Grantor's Tax _____ _41.00_

Total _____ _133.0_    _David A. Bell_ Clerk

BOOK 1937 PAGE 161

$5 2$

#### DEED

THIS DEED, made this 19th day of November, 1976, by and
between ALICE R. SCHOTT, liquidating receiver of CHARLES G.
SCHOTT, INC., a Virginia corporation dissolved by operation of
law, party of the first part, and GIOK HOA KHOE and LILY H.
SOETIONO, tenants in common, parties of the second part, wit-
nesseth that:

WHEREAS, the said party of the first part, liquidating
receiver as aforesaid, by virtue of the power to her granted by
the Circuit Court of Arlington County, In Chancery No. 20898, on
December 4, 1970, has sold the right, title and interest of the
said dissolved Corporation in the premises hereinafter described
at private sale to the said parties of the second part for the
sum of $33,000.00 and the said sale has been duly approved by
the said Court.

NOW, THEREFORE, by virtue and in execution of the power
to her granted by said court and of every other power and author-
ity her hereto enabling, and in consideration of the said sum of
$10.00 to her paid by the said parties of the second part, the
receipt whereof is hereby acknowledged, the said party of the first
part as such liquidating receiver doth hereby grant, bargain, sell
and convey unto the said parties of the second part, as tenants
in common, as and for each party of the second part sole separate
equitable estate, free from control and marital right of any
present or future husband and free from any curtesy rights or
inchoate curtesy rights of any present or future husband of the
said parties of the second part all of which are hereby expressly

WILLIAM JAMES TRAVERS, JR.
ATTORNEY AND COUNSELLOR AT LAW
1026 16th STREET, NORTHWEST
WASHINGTON, D.C.
20036
202-785-2134

Joint Ex. 29

Lee v. ZOM
8/25/09

BOOK 1931 PAGE 162

- 2 -

excluded and with full and complete authority in the said parties

of the second part to alien, convey, encumber and otherwise deal

with and depose of same without necessity of joinder by or with

any present or future husband of the parties of the second part,

and with general warranty of title, all of those certain lots or

parcels of land situate, lying and being in Arlington County,

Virginia, and more particularly described as follows:

BEGINNING at a point on the west side of Lot Two
Hundred Forty-Two (242), said point being North 0° 55' 30"
East 70.0 feet from the southwest corner of said Lot
No. 242; thence, cutting across Lots 241 and 242, and fol-
lowing the north line of the land heretofore conveyed to
Enoch A. Norris, south 89° 04' 30" West 32.31 feet to the
northeast corner of the land conveyed to Norris; thence
north 0° 47' 15" East 40 feet, more or less, to a point in
the southwest line of the property of Judson Reamy; thence
north 38° 44' West 12 feet, more or less, to the corner of
the said Reamy tract; thence, following the line of said
Reamy tract, North 51° 16' East 35.5 feet to a point in
the west side of North Irving Street (formerly Clarendon
Avenue); thence, following the said west side of said
North Irving Street, North 38° 44' West 14.0 feet to a
point which is the northeast corner of the land formerly
owned by B. M. Hedrick; thence, South 51° 16' West 60.48 feet
to a point; thence south 89° 04' 30" West 2.52 feet to a
point; thence south 0° 55' 30" West 45.0 feet to the point
of beginning, containing 4,585 square feet of land, more
or less, and being part of Lots 217, 241 and 242, of the
subdivision of Clarendon, as the same appears duly dedicated,
platted and recorded in Deed Book 102, at page 138, of the
land records of Arlington County, Virginia.

LESS AND EXCEPT from the above-described parcel,
42.8 square feet of Lot 242, conveyed to Julius Rossen and
Bernice Rossen by deed recorded in Deed Book 1230 at
page 480, among the said county land records.

And being the same property conveyed to Charles G.
Schott, Inc., by deed recorded in the Deed Book 1582 at
page 616, among the said county land records.

The conveyance is made subject to the restrictions,

rights of way, and conditions, if any, contained in the deeds

forming the chain of title to this property.

The said party of the first part covenants that she

BOOK 1957 PAGE 163

- 3 -

has the right to convey the said land to the grantees; that she

has done no act to encumber the same except as above set forth;

that the grantees shall have quiet possession of the said land,

free from all encumbrances except as above set forth; and that it,

the said party of the first part, will execute such further assur-

ances of said land as may be requisite and necessary.

     WITNESS the following signature and seal:

                                   _Alice R. Schott_ (SEAL)
                                   ALICE R. SCHOTT
                                   Liquidating Receiver

STATE OF VIRGINIA

COUNTY OF ARLINGTON, to-wit:

     I, _Jennie A. Baker_, a Notary Public in and for

the County aforesaid, in the State of Virginia, do hereby certify

that ALICE R. SCHOTT, whose name is signed to the foregoing writ-

ing, bearing date of November 19, 1976, has personally appeared

before me in my County aforesaid and acknowledged the same.

     Given under my hand this _24th_ day of _November_ 1976.

     My commission expires: _April 22, 1979_.

                            _Jennie A. Baker_
                              Notary Public

**VIRGINIA: IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE COUNTY OF ARLINGTON**

    This deed was presented, and, with the Certificate annexed, admitted to record

on _Jan 4 1977_ at _4:16_ o'clock _P_. M.

Consideration $ _4,500_

Clerk's Fee _.50_

Transfer Fee _1.00_

State Tax _6.75_

City Tax _22.25_     Teste:

Grantor's Tax _4.50_

Total _37.50_            _David A. Bell_ Clerk

/22 41          BOOK 1957 PAGE 540

THIS DEED, Made this 19th day of January, 1977, by and between GIOK HOA KHOE and LILY H. SOETIONO, tenants in common, each trading with respect to her sole and separate equitable estate, parties of the first part, and GIOK HOA KHOE, party of the second part.

WITNESSETH:  That for and in consideration of the sum of Five Dollars ($5.00), and other valuable consideration, receipt whereof is hereby acknowledged, the parties of the first part do hereby grant, bargain, sell and convey unto the party of the second part, as her sole and separate equitable estate, free from the control and marital rights of any present or future husband and free from any curtesy rights or inchoate curtesy rights of any present or future husband of the said party of the second part, all of which are hereby expressly excluded, and with the full and complete authority in the said party of the second part to alien, convey, encumber and otherwise deal with and dispose of the same without necessity of joinder by or with any present or future husband of the party of the second part, with GENERAL WARRANTY of title, all those certain lots or parcels of land, together with improvements thereon, located in ARLINGTON COUNTY, VIRGINIA, and more particularly described as:

BEGINNING at a point on the west side of Lot Two Hundred Forty-Two (242), said point being North 0° 55' 30" East 70.0 feet from the southwest corner of said Lot No. 242; thence, cutting across Lots 241 and 242, and following the north line of the land heretofore conveyed to Enoch A. Norris, south 89° 04' 30" West 32.31 feet to the northeast corner of the land conveyed to Norris; thence north 0° 47' 15" East 40 feet, more or less, to a point in the southwest line of the property of Judson Reamy; thence north 38° 44' West 12 feet, more or less, to the corner of the said Reamy tract; thence, following the line of said Reamy tract, North 51° 16' East 35.5 feet to a point in the west side of North Irving Street (formerly Clarendon Avenue); thence, following the said west side of said North Irving Street, North 38° 44' West 14.0 feet to a point which is the northeast corner of the land formerly owned by B. M. Hedrick; thence, South 51° 16' West 60.48 feet to a point; thence south 89° 04' 30" West 7.57 feet to a point; thence south 0° 55' 30" West 45.0 feet to the point of beginning, containing 4,585 square feet of land, more or less, and being part of Lots 217, 241 and 242, of the subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book 102, at Page 138, of the land records of Arlington County, Virginia;

LESS AND EXCEPT from the above-described parcel, 42.8 square feet of Lot 242, conveyed to Julius Rossen and Bernice Rossen by deed recorded in Deed Book 1230, at Page 460, among the said County land records;

AND BEING the same property conveyed to the parties of the first part by deed recorded in Deed Book 1937, at Page 161, of the aforesaid County land records.

AND

Parts of Lots numbered 242 and 241 of the subdivision of CLARENDON, as said subdivision is duly dedicated, platted and recorded in Deed Book 102, at Page 138 among the land records

Grantee's address:  609 N. Piedmont Street
Arlington, Virginia 22203

RUSSELL and HAMMACK
Attorneys at Law
Suite 115
Honeywell Center
7900 Westpark Drive
McLean, Virginia 22101

Joint Ex. 30

Lee v. ZOM
8/25/09

BOOK 1957 PAGE 541

of Arlington County, Virginia; and being described by metes
and bounds as follows: BEGINNING at the southeast corner of
said Lot 242; thence following the south line of said lot 89°
04' 30" East 32.48 feet to the center line of a brick wall which
is the party wall between the premises known as #10 and #12
Garrison Road; thence following the said center line and the
said line extended north 0° 47' 15" East 70 feet; thence north
89° 04' 30" West 32.31 feet to a point in the west line of said
lot 242; thence following the said west line of said lot south
0° 55' 30" West 70 feet to the point of beginning;

LESS AND EXCEPT from the above-described Parcel #2 42.8 square
feet recorded in Deed Book 1230, at Page 480; and

LESS AND EXCEPT, ALSO, 31 square feet recorded in Deed Book
1155 at Page 31, among the said County land records;

AND BEING the same property conveyed to the parties of the
first part by deed recorded in Deed Book 1937, at Page 154, of
the aforesaid County land records.

This conveyance is made subject to any existing deeds of trust of
record, which the party of the second part hereby assumes and agrees to as
is evidenced by her acceptance of this deed.

This conveyance is also made subject to conditions, restrictions and
rights of way contained in the deeds forming the chain of title to this property.

The parties of the first part covenant that they have the right to
convey the said land; that they have done no act to encumber the same except as
above set forth; that the said party of the second part shall have quiet pos-
session thereof free from all encumbrances except as above set forth; and that
they will execute such further assurances of said land as may be requisite.

WITNESS the following signatures and seals.

_Giok Hoa Khoe_ (SEAL)
Giok Hoa Khoe
By_____
Attorney in Fact

_Lily H. Soetiono_ (SEAL)
Lily H. Soetiono

STATE OF VIRGINIA,
COUNTY OF _Fairfax_, To-wit:

I, the undersigned, a Notary Public in and for the State and County
aforesaid, do hereby certify that GIOK HOA KHOE/and LILY H. SOETIONO, tenants
in common, each trading with respect to her sole and separate equitable estate,
whose names are signed to the foregoing Deed dated January 19, 1977, have
acknowledged the same before me in my State and County aforesaid.

GIVEN under my hand this _20th_ day of _January 1977_.

My commission expires: _October 4, 1977_

_Sandra H. Snowden_
Notary Public

RUSSELL and HAMMACK
Attorneys at Law
Suite 114
Honeywell Center
7900 Westpark Drive
McLean, Virginia 22101

CLERK'S MEMO:
ORIGINAL DOCUMENT OF POOR QUALITY
FOR MICRO-PHOTOGRAPHIC REPRODUCTION



BOOK 1957 PAGE 542

December 6, 1937        8.23            17

David A. Bell
                                          Clerk

75379
1374

D E E D

GIOK ROA KNEE &
LILY R. SOETIONO

TO

GIOK ROA KNEE

FILE #8933

$41,500.00 Consideration

BUSSELL AND HAMMACK
ATTORNEYS AT LAW
GALEAX, VIRGINIA

DEED 1967 PAGE 259

Grantee's address: 609 N. Piedmont Street
Arlington Va. 22203

THIS DEED, Made this 15th day of February, 1978, by and between GIOK HOA KHOE LAUW, formerly GIOK HOA KHOE, and BENNY B. LAUW, her husband, parties of the first part, and CHARLES A. LAUW, party of the second part.

WITNESSETH: That for and in consideration of the sum of Five Dollars ($5.00), and other valuable consideration, receipt whereof is hereby acknowledged, the parties of the first part do hereby grant, bargain, sell and convey unto the party of the second part, with GENERAL WARRANTY of title, all those certain lots or parcels of land, together with improvements thereon, located in ARLINGTON COUNTY, VIRGINIA, and more particularly described as:

BEGINNING at a point on the west side of Lot Two Hundred Forty-Two (242), said point being North 0° 55' 30" East 70.0 feet from the southwest corner of said Lot No. 242; thence, cutting across Lots 241 and 242, and following the north line of the land heretofore conveyed to Enoch A. Norris, south 89° 04' 30" West 32.31 feet to the northeast corner of the land conveyed to Norris; thence north 1° 47' 15" East 40 feet, more or less, to a point in the southwest line of the property of Judson Roamy; thence north 38° 44' West 12 feet, more or less, to the corner of the said Roamy tract; thence, following the line of said Roamy tract, North 51° 16' East 35.5 feet to a point in the west side of North Irving Street (formerly Clarendon Avenue); thence, following the said west side of North Irving Street, North 38° 44' West 14.0 feet to a point which is the northeast corner of the land formerly owned by B. M. Hedrick; thence, South 51° 16' West 60.48 feet to a point; thence south 89° 04' 30" West 2.52 feet to a point; thence south 0° 55' 30" West 45.0 feet to the point of beginning, containing 4,585 square feet of land, more or less, and being part of Lots 217, 241 and 242, of the subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book 102, at Page 138, of the land records of Arlington County, Virginia;

LESS AND EXCEPT from the above-described parcel, 42.0 square feet of Lot 242, conveyed to Julius Rossen and Bernice Rossen by deed recorded in Deed Book 1230, at Page 480, among the said County land records;

AND

Parts of Lots numbered 242 and 241 of the subdivision of CLARENDON, as said subdivision is duly dedicated, platted and recorded in Deed Book 102, at Page 138 among the land records of Arlington County, Virginia, and being described by metes and bounds as follows: BEGINNING at the southwest corner of said Lot 242; thence following the south line of said Lot 89° 04' 30" East 32.48 feet to the center line of a brick wall which is the party wall between the premises known as #10 and #12 Garrison Road; thence following the said center line and the said line extended north 0° 47' 15" East 70 feet; thence north 89° 04' 30" West 32.31 feet to a point in the west line of said lot 242; thence following the said west line of said lot south 0° 55' 30" West 70 feet to the point of beginning;

LESS AND EXCEPT from the above-described Parcel #2 42.0 square feet recorded in Deed Book 1230, at Page 480; and

WILEY F. RUSSELL
Attorney at Law
Suite 114
Honeywell Center
1900 Westpark Drive
McLean, Virginia 22102

Joint Ex. 31

Lee v. ZOM

8/25/09

BOOK 1967 PAGE 260

LESS AND EXCEPT, ALSO, 8 square feet recorded in deed book 1155 at Page 31, among the said County land records.

This conveyance is made subject to any existing deeds of trust of record, which the party of the second part hereby assumes and agrees to pay as is evidenced by his acceptance of this deed.

This conveyance is also made subject to conditions, restrictions and rights of way contained in the deeds forming the chain of title to this property.

The parties of the first part covenant that they have the right to convey the said land; that they have done no act to encumber the same except as above set forth; that the said party of the second part shall have quiet possession thereof free from all encumbrances except as above set forth; and that they will execute such further assurances of said land as may be requisite.

WITNESS the following signatures and seals.

_____ (SEAL)
Giok Hoa Khoe Lauw

_____ (SEAL)
Berny B. Lauw

STATE OF VIRGINIA,

COUNTY OF _Fairfax_, To-wit:

The foregoing instrument was acknowledged before me this _27th_ day of _February_, 1978, by GIOK HOA KHOE LAUW and BERNY B. LAUW, her husband.

My commission expires: _October 26, 1980_

_____
Notary Public

CLERK'S MEMO:
ORIGINAL DOCUMENT OF POOR QUALITY
FOR MICRO-PHOTOGRAPHIC REPRODUCTION

VIRGINIA: IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE COUNTY OF ARLINGTON

This deed was presented, and, with the Certificate annexed, admitted to record

WILEY F. RUSSELL on _____ at _12.17_ o'clock ____ M.
Attorney at Law
Suite 1

CONSIDERATION $ _83,000_
Iron Works Center
15th Wesleyan
M.Lean, Va   STATE TAX   _127.50_
DEV/SUB TAX   _41.50_
TRANSFER FEE   _1.00_
CLERK'S FEE   _10.00_
GRANTOR'S TAX   _41.00_   Teste:
TOTAL   _212.50_   _David A. Bell_ Clerk

ꝺ𝔈𝔈𝔈-A    BOOK 1985 PAGE 935

THIS DEED, made this 30th day of March, 1979, by and between
TING E. LEE, surviving tenant by the entirety, also known of record as
LEE ENG TING, party of the first part; and TING E. LEE, as to an undivided
one-half interest and YU TOON LEE and SUN YING LEE, as tenants by the entirety
with the common law right of survivorship, as to the remaining one-half
interest.

WITNESSETH:  That for and in consideration of the sum of Ten Dollars
($10.00), and other good and valuable consideration, receipt whereof before
the signing, sealing and delivery of these presents is hereby acknowledged,
the said party of the first part hereby grants, bargains, sells and conveys
with General Warranty of Title, unto the parties of the second part, all
that certain piece or parcel of land with all its improvements and
appurtenances thereunto belonging, situate, lying and being in Arlington
County, Virginia, and being more particularly described in Schedule "A"
attached.

This conveyance is made subject to the restrictions, rights of way,
and conditions, if any, contained in the deeds forming the chain of title
to this property.

The grantor covenants that it has the right to convey the said property
unto the grantees; that the grantees shall have quiet possession thereof
that the said grantor has done no act to encumber said land, except as
above, and that it will execute such further assurances of the land as may
be requisite.

WITNESS the following signature and seal:

_____ (SEAL)
TING E. LEE, also known of record
as LEE ENG TING

STATE OF VIRGINIA, 
COUNTY OF _____ , TO-WIT:

The foregoing instrument was acknowledged before me this ___ day of
_____ , 1979, by TING E. LEE, surviving tenant by the entirety.
My commission expires: _____

_____
Notary Public

HAIGHT, TRAMONTE & SICILIANO

GRANTEES' ADDRESS:

TAX MAP REFERENCE NO. 21-018-004 4

Joint Ex. 32

Lee v. ZOM

8/25/09

BOOK 1985 PAGE 937

VIRGINIA: IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE COUNTY OF ARLINGTON

This deed was presented, and, with the Certificate annexed, admitted to record

on April 3, 1979 at 9:40 o'clock A M

CONSIDERATION $ 100,000.00 ½ interest

STATE TAX _____ 150.00

COUNTY TAX _____ 50.00

TRANSFER FEE _____ 1.00

CLERK'S FEE _____ 10.00

GRANTOR'S TAX exc money _____           Teste:        David A. Bell          Clerk

TOTAL _____ 211.00

To: Toon Lee
1523 N. Oak Crest St.
Co. Co. 88305

2641

BOOK 2001 PAGE 1137

THIS DEED, made this 15th, day of November , 1979 , by and between CHARLES A. LAUN and JENNIE K. LAUN, his wife

, parties of the first part, and

CHANNING D. STROTHER and CLARA S. STROTHER                         , his wife, as tenants by the entirety, parties of the second part.

WITNESSETH

That for and in consideration of the sum of Ten Dollars ($10.00) in hand paid, the receipt of which is hereby acknowledged, the parties of the first part do grant and convey in fee simple and with General Warranty of Title, unto the parties of the second part, as tenants by the entirety, with the full common law right of survivorship to the survivor of either of the parties of the second part, the following described property situate and being in the COUNTY           of   ARLINGTON                         , Virginia:

SEE ATTACHED SHEET FOR DESCRIPTION

This conveyance is made subject to a deed of trust recorded in Deed Book 1937, at Page 157, of the aforesaid County land records, securing an indebtedness in the original principal sum of $37,500.00, and a deed of trust recorded in Deed Book 1937, at Page 164, of the aforesaid County land records, securing an indebtedness in the original principal sum of $24,750.00, the balances of which the parties of the second part hereby assume and agree to pay as is evidenced by their acceptance of this deed.

This conveyance is made subject to the restrictions and conditions contained in the deeds forming the chain of title to this property.

The grantors covenant   that they  have the right to convey the aforesaid property unto the grantees; that the grantees shall have quiet possession thereof; that the said grantors  have done no act to encumber said land and that they  will execute such further assurances of the land as may be requisite.

WITNESS the following signature(s) and seal(s):

_Charles A Laun_                    (SEAL)
CHARLES A. LAUN

_Jennie K Laun_                    (SEAL)
JENNIE K. LAUN

STATE OF   VIRGINIA
COUNTY OF  FAIRFAX               , to-wit:

I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that CHARLES A. LAUN and JENNIE K. LAUN, his wife

, whose names are  signed to the above writing, bearing date on the 15th      day of  November       , 19 79  , have   personally appeared before me in my County aforesaid and acknowledged the same.

GIVEN under my hand and seal this 15th  day of November     , 19 79

My commission expires on the   21st   day of  September      , 19 81

_Dorothy L Strother_
Notary Public

Grantees' address: 2311 Chestnut Hill Ave.
Falls Church, VA. 22043

WOLF F. HOWARD, P.C.
Attorney at Law
Suite 113
Honeywell Center
7601 Westpark Drive
McLean, Virginia 22101

Joint Ex. 33

Lee v. ZOM
8/25/09

DESCRIPTION            BOOK 2001 PAGE 1138

BEGINNING at a point on the west side of Lot Two Hundred
Forty-Two (242), said point being North 0° 55' 30" East
70.0 feet from the southwest corner of said Lot No. 242;
thence, cutting across Lots 241 and 242, and following the
north line of the land heretofore conveyed to Enoch A. Norris,
south 89° 04' 30" West 32.31 feet to the northeast corner of
the land conveyed to Norris; thence north 0° 47' 15" East 40
feet, more or less, to a point in the southwest line of the
property of Judson Remmy; thence north 38° 44' West 12 feet, more
or less, to the corner of the said Remmy tract; thence, following
the line of said Remmy tract, North 51° 16' East 35.5 feet to
a point in the west side of North Irving Street (formerly Clarendon
Avenue); thence, following the said west side of said North
Irving Street, North 38° 44' West 14.0 feet to a point which is
the northeast corner of the land formerly owned by B. M. Hedrick;
thence, South 51° 16' West 60.48 feet to a point; thence south
89° 04' 30" West 2.52 feet to a point; thence south 0° 55' 30"
West 45.0 feet to the point of beginning, containing 4,585 square
feet of land, more or less, and being part of Lots 217, 241 and
242, of the subdivision of Clarendon, as the same appears duly
dedicated, platted and recorded in Deed Book 102, at Page 138,
of the land records of Arlington County, Virginia;

LESS AND EXCEPT from the above-described parcel, 42.8 square feet
of Lot 242, conveyed to Julius Rossen and Bernice Rossen by deed
recorded in Deed Book 1230, at Page 480, among the said County
land records;

AND

Parts of Lots numbered 242 and 241 of the subdivision of
CLARENDON, as said subdivision is duly dedicated, platted and
recorded in Deed Book 102, at Page 138 among the land records
of Arlington County, Virginia, and being described by metes
and bounds as follows:  BEGINNING at the southwest corner of
said Lot 242; thence following the south line of said lot 89°
04' 30" East 32.48 feet to the center line of a brick wall which
is the party wall between the premises known as #10 and #12
Garrison Road; thence following the said center line and the
said line extended north 0° 47' 15" East 70 feet; thence north
89° 04' 30" West 32.31 feet to a point in the west line of said
lot 242; thence following the said west line of said lot south
0° 55' 30" West 70 feet to the point of beginning;

LESS AND EXCEPT from the above-described Parcel #2 42.8 square
feet recorded in Deed Book 1230, at Page 480; and

LESS AND EXCEPT, ALSO, 31 square feet recorded in Deed Book
1155, at Page 31, among the said County land records;

And being the same property conveyed to Charles A. Lauw by
Deed Book 1967, at Page 259, of the aforesaid County land
records.

BOOK 2001 PAGE 1139

D E E D

CHARLES A. LAUN

TO

CHANNING D. STROTHER, ET UX

#10170

$130,000.00 Consideration

$ 46,695.86 Assumed

Wiley F. Russell, P.C.
7900 Westpark Dr., #115
McLean, Virginia 22102

RECEIVED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF THE COUNTY OF _____

This deed was presented, and, with the Certificate annexed, admitted to _____

November 16, 1979 at 12:13 o'clock P M

CONSIDERATION 130,000.00
STATE TAX 195.00
COUNTY TAX 65.00
TRANSFER FEE 2.00
CLERK'S FEE _____
GRANTOR'S TAX 83.50
TOTAL 359.50

Teste: David A. Bell Clerk

395                    BOOK 2005 PAGE 496

THIS DEED, made this __4th__ day of January, 1980, by and
between TING E. LEE, also known of record as LEE ENG TING, and
YU TOON LEE and SUN YUNG LEE, his wife, parties of the first part;
and YU TOON LEE and SUN YUNG LEE, his wife, tenants by the
entirety with the common law right of survivorship, parties of
the second part;

WITNESSETH:

That for and in consideration of the sum of Ten Dollars
($10.00), and other good and valuable consideration, receipt
whereof before the signing, sealing and delivery of these
presents is hereby acknowledged, the said parties of the first
part do hereby grant, bargain, sell and convey with General
Warranty of Title, unto the parties of the second part, as tenants
by the entirety with the full common law right of survivorship,
it being intended that fee simple title to the property hereby
conveyed shall vest in the parties of the second part during
their joint lives, and thereafter, fee simple title shall vest
in the survivor of them, all of that certain piece of parcel
of land with all its improvements and appurtenances thereunto
belonging, situate, lying and being in Arlington County, Virginia,
and being more particularly described as follows:

Part I:  All of LOTS 217, 238, 239, 240 and 241 of
the SUBDIVISION OF CLARENDON, as the same is duly dedicated,
platted and recorded in Deed Book 102 at page 138 among
the land records of Arlington County, Virginia; Less and
Except the North 25' of LOT 217 measured along the front
line of said lot by the full depth thereof.  Further Less
and Except that portion of Lots 217 and 241 released by
Deed in Deed Book 331 at page 308, more particularly
described as follows:  The Westerly 7.48 feet by the full
depth thereof of Lot 241; and that portion of Lot 217 now
or formerly owned by B. M. Hedrick lying North and West of
the property of Judson Reamy's said portion of said lots
having a frontage of 14' on Clarendon Avenue by a depth
of 60.48 feet on the N.W. boundary thereof; and Further
Less and Except that portion of said Lots 238, 239, 240
and 241 granted to the County Board of Arlington County,
Virginia, for the widening of North Washington Boulevard
and more particularly described in Deed Book 607 at page
453 and as shown on a plat attached thereto.

AND

Part II:  Parts of LOTS 217 and 241 of the Subdivision
of Clarendon as the same appears duly dedicated, platted
and recorded in Deed Book 102 at page 138 and more particu-
larly described as follows:  Beginning at an iron pipe in
the S.W. line of Grafton Avenue as said Avenue appears
upon the plat of Clarendon, said iron pipe being South 38°
44' East 39 feet from the S.W. corner of LOT 216 of said
subdivision, thence following along side of said Avenue,
South 38° 44' East 16 feet to an iron pipe, thence depart-
ing from said Avenue South 51° 16' West 35.5 feet to an

Joint Ex. 34

Lee v. ZOM
8/25/09

BOOK 2005 PAGE 497

iron pipe; thence parallel with said Avenue, N. 38° 44' West 16 feet to an iron pipe; thence N. 51° 16' East 35.5 feet to the point of beginning containing 568 square feet, all of which parcel is shown on the plat attached to the deed to Judson Reamy recorded in Deed Book 246 at page 12 among the land records of Arlington County, Virginia.

AND BEING the same property conveyed to Ting E. Lee, also known of record as Lee Eng Ting, as to an undivided one-half interest and Yu Toon Lee and Sun Yung Lee, his wife, as tenants by the entirety with the common law right of survivorship, as to the remaining one-half interest, by deed dated April 3, 1979, and recorded in Deed Book 1985 at Page 936, among the land records of Arlington County, Virginia.

This conveyance is made subject to the restrictions, rights of way, and conditions, if any, contained in the deeds forming the chain of title to this property.

The said parties of the first part covenant that they have the right to convey the said land to said grantees; that the grantees shall have quiet possession of the said land, free from all encumbrances, except as hereinabove set forth; and that the parties of the first part will execute such further assurances of the said land as may be requisite.

WITNESS the following signatures and seals:

_____ (SEAL)
TING E. LEE, also known of record as LEE ENG TING

_____ (SEAL)
YU TOON LEE

_____ (SEAL)
SUN YUNG LEE

STATE OF VIRGINIA )
                  ) to wit:
COUNTY OF _____ )

I do hereby certify that TING E. LEE, YU TOON LEE and SUN YUNG LEE, whose names are signed to the above instrument bearing date on the 9th day of January, 1980, have personally appeared before me in my County aforesaid and acknowledged the same.

GIVEN under my hand this 9th day of January, 1980.

My commission expires: 11/28/83

_____
NOTARY PUBLIC

BOOK 2005 PAGE 498

Jan, 11, 1980        9:55

108,850.00 he interest of 06 $217,700.00

163.83
44.48
1.00
10.00

MD Money Borrowing

258.80

_David A. Bell_
Clerk





2006041037

**Received and Recorded**
**In the Office of the**
**Clerk of the Circuit Court**
**of Arlington County, Virginia**

| | | | | | |
|---|---|---|---|---|---|
| Document Number: | 2006041037 | Book/Page: | **3949/1427** | Clerk ID: | RECORDER |
| Document Type: | BARGAIN AND SALE | Date Recorded: | 02/10/2006 | Grantor: | STROTHER |
| Text Pages: | 3 | Time Recorded: | 10:55:10 | Assumption Bal: | $0.00 |
| Plat Pages: | 0 | Document Date: | 02/09/2006 | New Amount: | $0.00 |
| Received Of: | STEWART TITLE | Original Amount: | $0.00 | Exempt Code: | |

| | | | |
|---|---|---|---|
| Actual Consideration: | $1,150,000.00 | Taxable Consideration: | $0.00 |
| (039) VA Tax: | $2,875.00 | | |
| (213) Arlington Tax: | $958.33 | (214) Falls Church Tax: | $0.00 |
| (212) Arlington Transfer: | $1.00 | (222) Falls Church Transfer: | $0.00 |
| (038) Va Grantor: | $575.00 | | |
| (220) Arlington Grantor: | $575.00 | (223) Falls Church Grantor: | $0.00 |
| (301) Clerks Fee: | $14.50 | | |
| (145) VA Library: | $1.50 | | |
| (106) Tech Fee: | $5.00 | | |
| (036) Deed Processing Fee: | $10.00 | | |
| | Document Total: | $5,015.33 | |

Arlington County, Virginia
Clerk of the Court's Office

This certificate annexed constitutes the
Clerk's endorsement required by sections 17-59,
17-79 and 58.1-802 of the code of Virginia.

David A. Bell
Clerk

**IMPORTANT:**
**DO NOT DETACH**
**THIS PAGE FROM**
**THE DOCUMENT!**

Cover Sheet required for document processing DO NOT REMOVE!

3949-1427

Joint Ex. 35

Lee v. ZOM
8/25/09

This instrument was prepared by Bean, Kinney & Korman, P.C.

Return after recording to:     Brian J. Lubkeman, Esquire
                               McGuireWoods LLP
                               1750 Tysons Blvd.
                               McLean, Virginia 22102

Consideration:      $1,150,000.00
RPC No.             15078003 and 15078023
Grantee's Address:  c/o Faison Associates
                    121 West Trade Street
                    2550 Interstate Tower
                    Charlotte, NC 28202

## SPECIAL WARRANTY DEED

THIS DEED, made as of the _9th_ day of _February_, 2006, by and between John B. STROTHER ("Grantor"); and FAISON-CLARENDON, LLC, a North Carolina limited liability company ("'Grantee").

### W I T N E S S E T H :

THAT FOR AND IN CONSIDERATION, of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Grantor hereby grants, bargains, sells and conveys unto the Grantee, with Special Warranty, all of that certain lot or parcel of land, situated in Arlington County, Virginia, and being more particularly described on Exhibit A attached hereto and made a part hereof, together with all buildings and improvements thereon.

TO HAVE AND TO HOLD unto the Grantee, subject to all reservations, easements, covenants and conditions contained in the Deeds forming the chain of title to the aforedescribed property, as the same may lawfully apply.

[Signature page follows]

- 1 -

(3)

Ret:  STEWART TITLE AND ESCROW, INC.
10505 JUDICIAL DRIVE, #300,
FAIRFAX, VIRGINIA 22030

WITNESS the following signature and seal as of the date first above stated.

_____
John B. Strother

COMMONWEALTH OF VIRGINIA,
~~CITY~~/COUNTY OF  ARLINGTON  , to wit:

The foregoing Deed was acknowledged before me, a notary public in the jurisdiction aforesaid, this 24th day of January, 2006, by John B. Strother.

My comm'n exp.: 11/30/2007

_____
Notary Public

[SEAL]

- 2 -

ZOM Production 7-2-09
282 of 770

Exhibit A

Legal Description

PART OF LOTS 217, 241 AND 242, CLARENDON, AS THE SAME APPEARS DULY DEDICATED, PLATTED AND RECORDED IN DEED BOOK 102 AT PAGE 138 AMONG THE LAND RECORDS OF ARLINGTON COUNTY, VIRGINIA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT LOCATED ON THE SOUTHWESTERLY RIGHT-OF-WAY OF NORTH IRVING STREET, VARIABLE WIDTH RIGHT-OF-WAY; SAID POINT BEING A CORNER COMMON TO PART OF LOT 217, CLARENDON, THENCE RUNNING WITH THE SOUTHWESTERLY RIGHT OF WAY OF NORTH IRVING STREET, S38°44'00"E 14.00 FEET TO A POINT, THENCE DEPARTING THE SOUTHWESTERLY RIGHT-OF-WAY LINE OF NORTH IRVING STREET AND RUNNING ACROSS SAID PART OF LOT 217, S51°16'00"W 35.50 FEET TO A POINT AND S38°44'00"E 12.00 FEET TO A POINT; THENCE RUNNING ACROSS PART OF LOT 241, CLARENDON, S00°07'21"E 107.93 FEET TO A POINT ON THE NORTHERLY RIGHT-OF-WAY LINE OF WASHINGTON BOULEVARD, VARIABLE WIDTH RIGHT-OF-WAY; THENCE RUNNING WITH THE NORTHERLY RIGHT-OF-WAY LINE OF WASHINGTON BOULEVARD N89°04'30"W 32.50 FEET TO A POINT, SAID POINT BEING A CORNER COMMON TO PART OF LOT 243, CLARENDON; THENCE DEPARTING SAID RIGHT-OF-WAY LINE OF WASHINGTON BOULEVARD AND RUNNING WITH THE LINE COMMON TO SAID PART OF LOT 243, N00°30'30"W 55.00 FEET TO A POINT; THENCE RUNNING THROUGH PART OF LOT 242 THE FOLLOWING THREE (3) COURSES AND DISTANCES: S89°17'30"E 1.16 FEET TO A POINT, THENCE, N00°17'44"W 35.00 FEET TO A POINT, THENCE, N89°17'30"W 1.29 FEET TO A POINT IN THE LINE OF PART OF LOT 242; THENCE N00°30'30"W 22.00 FEET TO A POINT, SAID POINT BEING A CORNER COMMON TO SAID PART OF LOT 243 AND SAID PART OF LOT 217; THENCE, RUNNING N89°04'30"W 2.53 FEET TO A POINT; THENCE DEPARTING SAID PART OF LOT 243 AND RUNNING WITH THE LINE COMMON TO PART OF LOT 217, N51°16'00"E 60.52 FEET TO THE POINT OF BEGINNING, CONTAINING 4,388 SQUARE FEET OR 0.10073 ACRES.

- 3 -

ZOM Production 7-2-09
283 of 770




2006349085

**Received and Recorded**
**In the Office of the**
**Clerk of the Circuit Court**
**of Arlington County, Virginia**

| | | | | | |
|---|---|---|---|---|---|
| Document Number: | 2006349085 | Book/Page: | **4051/24** | Clerk ID: | RECORDER |
| Document Type: | BARGAIN AND SALE | Date Recorded: | 12/15/2006 | Grantor: | FAISON-CLARENDON LLC |
| Text Pages: | 4 | Time Recorded: | 12:43:28 | Assumption Bal: | $0.00 |
| Plat Pages: | 0 | Document Date: | 12/15/2006 | New Amount: | $0.00 |
| Received Of: | REGIONAL TITLE | Original Amount: | $0.00 | Exempt Code: | |

Actual Consideration:        $17,300,000.00          Taxable Consideration:         $0.00

(039) VA Tax:               $43,250.00
(213) Arlington Tax:        $14,416.67          (214) Falls Church Tax:          $0.00
(212) Arlington Transfer:        $1.00          (222) Falls Church Transfer:          $0.00
(038) Va Grantor:            $8,650.00
(220) Arlington Grantor:     $8,650.00          (223) Falls Church Grantor:          $0.00
(301) Clerks Fee:              $14.50
(145) VA Library:               $1.50
(106) Tech Fee:                 $5.00
(036) Deed Processing Fee:     $10.00

Document Total:        $74,998.67

Arlington County, Virginia
Clerk of the Court's Office

This certificate annexed constitutes the
Clerk's endorsement required by sections 17-59,
17-79 and 58.1-802 of the code of Virginia.

David A. Bell
Clerk

**IMPORTANT:**
**DO NOT DETACH**
**THIS PAGE FROM**
**THE DOCUMENT!**

024

Cover Sheet required for document processing DO NOT REMOVE!

4051-24

Joint Ex. 36

Lee v. ZOM
8/25/09

)                                    )

*Consideration $17,300,000*

This Document Prepared by:      RPC# 15-078-003    15-078-023
                                     15-078-004
Michael R. Jenness, Esq.             15-078-005
Greenstein DeLorme & Luchs, P.C.
1620 L Street, N.W., Suite 900       15-078-013
Washington, D.C. 20036               15-078-014
                                     15-078-015
When Recorded, Return to:            15-078-016
                                     15-078-017
Regional Title Incorporated          15-078-018
1620 L Street, N.W., 12th Floor
Washington, DC 20036
Attention: Elizabeth S. Ussery
04501

### SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED is made this 15th day of December, 2006, by and between **FAISON-CLARENDON, LLC**, a North Carolina limited liability company ("**Grantor**"), having an address of c/o Faison & Associates, LLC, 121 West Trade Street, 27th Floor, Charlotte, NC  28202-5399, and **ZOM CLARENDON, L.P.**, a Delaware limited partnership, whose address is 1530 Wilson Boulevard, Suite 120, Arlington, Virginia 22209 ("**Grantee**").

WITNESSETH, that in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, Grantor does hereby grant, bargain, sell, convey, transfer and confirm, with Special Warranty of title, unto Grantee, its successors and assigns, fee simple title to all those parcels of real property situate, lying and being in the County of Arlington, Commonwealth of Virginia, more particularly described in **Exhibit A** attached hereto and incorporated herein (the "**Property**"), and Grantor covenants that it will execute such further assurances of the said lands as may be requisite; provided, however, that this conveyance is made expressly subject to all covenants, easements, conditions, restrictions, agreements and other matters of record.

TOGETHER with any and all improvements thereupon, including, without limitation, all entitlements, development rights, and governmental approvals, including, without limitation, SP #392 approved by Arlington County, Virginia.

TOGETHER with all rights, titles, estates and interests, benefits, privileges, tenements, hereditaments and appurtenances thereon or in anywise appertaining to the Property or owned by or inuring to the benefit of the Grantor and used in connection with the Property.

FIRST AMERICAN TITLE INSURANCE COMPANY

)                                                    )

TOGETHER with all rights, titles, estates and interests of Grantor in and to (i) any and all alleys, strips or gores of land and to any land lying in the bed of any highway, street, road, avenue or alley, open or proposed, in, or across from, in front of, abutting or adjoining the Property, whether owned or claimed by deed, limitation or otherwise and whether or not located inside or outside the Property; (ii) any easements, rights-of-way, rights of ingress or egress and other interests in, on or to any land, highway, street, road or avenue, open or proposed in, on, across from, in front of, abutting or adjoining the Property; (iii) any condemnation award made or to be made after the date of this Deed in connection with the Property and/or the interests described in the foregoing subparagraphs and in and to any unpaid award for damage to the Property and/or said interests pertaining to the Property; (iv) any and all oil, gas and other mineral rights and interests pertaining to the Property; (v) any and all rights to the present or future use of air rights, water rights, wastewater, wastewater capacity, drainage, water or other utility facilities that pertain to or benefit the Property, including without limitation, all reservations, credits, commitments or letters covering any such use in the future; (vi) any and all reversionary rights attributable to the Property; (vii) all other rights, benefits, privileges, tenements, hereditaments, and appurtenances thereon or in anywise appertaining to the Property, or owned by Grantor and used or useful in connection with the Property; and (viii) any existing leases of the Property, and all easements, licenses, plans, permits, credits and contracts relating to any of Grantor's interest in and to any rights, titles, estates and interests of Grantor, as set forth above.

TO HAVE AND TO HOLD the above granted and described land and premises unto and to the use of Grantee, its successors and assigns forever.

*The remainder of this page is left blank intentionally.*

)                                                      )

IN TESTIMONY WHEREOF, Grantor has caused this Special Warranty Deed to be executed by its duly authorized representative, for purposes of executing, acknowledging and delivering this instrument according to law on the day and year first hereinabove written.

FAISON-CLARENDON, LLC, a North Carolina limited liability company

By:   Faison Capital Development, LLC, a North Carolina limited liability company, its Manager

By:   *Chris M. Poplin*
Name:   Chris M. Poplin
Title:   Vice President

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

This 11th day of December, 2006, personally came before me *Chris M. Poplin* who being by me duly sworn, says that he is the *Vice President* of Faison Capital Development, LLC, a North Carolina limited liability company ("FCD"), Manager of FAISON-CLARENDON, LLC, a North Carolina limited liability company ("Grantor"), and that said writing was signed by him, in behalf of FCD, acting in its capacity as Manager of Grantor, by authority duly given. And the said *Vice President* is personally known to me (or has produced a driver's license for identification), and has acknowledged the said writing to be the act and deed of FCD, acting in its capacity as Manager of Grantor.

*Susan L. Bracken*
Notary Public

My Commission Expires: 1/12/2008

[NOTARIAL SEAL]
302568

)                                              }

## Exhibit A

### LEGAL DESCRIPTION

Lots 206 through 216, all inclusive, and part of Lots 217, 241, 242, 243, 244, 245, 246 and 247, Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book 102 at page 138 among the Land Records of Arlington County, Virginia, and being more particularly described as follows:

Beginning at the point of intersection of the Southeasterly right-of-way line of 13th Street North, variable width right-of-way, with the Southwesterly right-of-way of North Irving Street, variable width right-of-way, and running thence with the Southwesterly right-of-way line of North Irving Street, S 38°44'00" E 314.00 feet to a point, said point being a corner common to part of Lot 217, Clarendon; thence departing the Southwesterly right-of-way line of North Irving Street and running with the line common to said part of Lot 217, S 51°16'00" W 35.50 feet to a corner common to said part of Lot 217; thence running with the line common to said part of Lot 217, S 38°44'00" E 12.00 feet to a point, said point being in the line common to part of Lot 241, Clarendon; thence running with the line common to said part of Lot 241, S 00°07'21" E 107.93 feet to a point on the Northerly right-of-way line of Washington Boulevard, variable width, said point being a corner common to said part of Lot 241; thence running with the Northerly right-of-way line of Washington Boulevard, N 89°04'30" W 157.50 feet to a point, said point being a corner common to part of Lot 248, Clarendon; thence departing the Northerly right-of-way line of Washington Boulevard and running with the line common to said part of Lot 248, N 00°30'30" W 112.00 feet to a point in the line of Lot 218, said point being a corner common to said part of Lot 248; thence running with the line common to said Lot 218, S 89°04'30" E 51.71 feet to a point, said point being a corner common to said Lot 218; thence running with the line common to said Lot 218, and continuing with the line common to Lots 219, 220, 221, 222, 223 and part of Lot 224, Clarendon, N 38°44'00" W 254.83 feet to a point on the Southeasterly right-of-way line of 13th Street North, said point being a corner common to said part of Lot 224; and thence running with the Southeasterly right-of-way line of 13th Street North, N 51°16'00" E 115.00 feet to the point of beginning, containing 51,696 square feet or 1.18678 acres.