# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (ALEXANDRIA DIVISION)

| | | |
|---|---|---|
| SUN YUNG LEE | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:09cv402** |
| | ) | |
| ZOM CLARENDON, L.P., | ) | |
| | ) | |
| **Defendant.** | ) | |

## DECLARATION OF JOHN B. STROTHER

I, John B. Strother, hereby state that I am over the age of eighteen, am competent to testify to the matters set forth in this Declaration, and have personal knowledge of the facts related herein.

1.  I am the previous owner of a portion of the property now owned by the Defendant in this matter, ZOM Clarendon, L.P. (the "ZOM Property"), over which the Plaintiff now claims an easement (the "Easement") to access their property next door (the "Lee Property").

2.  My parents purchased the ZOM Property in 1979 and subsequently conveyed it me.

3.  When my parents purchased their property, one of the Lee's tenants, a vacuum shop on the corner of North Irving Street and Washington Boulevard, had three or four rusted dumpsters directly behind the Reamy Building and in our driveway.  It took us approximately three months to get the tenant to remove the dumpsters.

4.  From 1979 until I sold it in 2006, I worked on the ZOM Property six days a week for eight or more hours each day, running my family's print shop.

5.  I became the owner of my portion of the ZOM Property in December of 1999.

6.  True and exact copies of the deeds under which I took title to my portion of the ZOM Property are attached hereto as **Exhibits 1 through 4**.

{P0132863.DOC / 2 Final Strother
Declaration 000267 000155}



**EXHIBIT**

B

7.  During that entire period, I accessed the shop via my driveway that runs along the north and west sides of the building known as the Reamy Building. This is the same area across which Mrs. Lee claims to have an easement.

8.  Also from 1979 until 2006, I parked my vehicles within the Easement directly behind the Reamy Building near its west side.  I would generally park there for eight to twelve hours a day, five to six days a week.  In addition, I would occasionally leave my truck there for extended periods of up to two weeks while I traveled out of town, and for shorter periods when I used Metro to go into Washington, D.C.

9.  Also, after my business hours, I would allow both my tenants, and my friends, who were visiting the nearby Masonic Lodge, to park in my driveway.

10. The aerial photographs attached hereto as **Exhibits 5 and 6** show the where I would typically park behind the Reamy Building.

11. I recognize the red vehicle shown on **Exhibit 5** is my pickup truck.

12. I recognize the black/dark blue vehicle shown on **Exhibit 6** is my father's sedan.

13. I do not recall ever seeing the Lees or their tenants use the Purported Easement for accessing or making deliveries to their stores on the Lee Property, or for any other purpose.

14. I only recall Don Williams using the Purported Easement on three occasions to paint and make repairs to the exterior of the Reamy Building.

15. On each of those occasions, he first obtained permission from either me or my father, before doing any work within the Easement, which we granted.

16. I maintained the driveway within the Easement and never received any assistance in that regard, financial or otherwise.  Nor did I expect any assistance from the Lees since, to my knowledge, they never used the driveway.

17. Sometime around 1992 representatives of Arlington County approached me, claiming that my driveway was a public alley. I contested this assertion. Later the representatives of Arlington County withdrew their claim.

18. Sometime around 1981 and 1982, I constructed a small earthen berm with vertical steel rods inserted into it across the Easement to cut off vehicular access to the Lee Property. I did so with encouragement from Yu Toon Lee, Plaintiff's husband, who told me that he did not want people to have the ability to pull through the Easement and block access to his dumpsters. The berm was therefore intended to serve as a barrier between the Easement and the Lee's property to prevent vehicles from coming onto the Lee Property via the Easement.

19. The berm stayed in place until sometime around 1995, when the Lees put up a fence across the Easement between the ZOM Property and the Lee Property. I do not recall ever seeing anyone remove any portion of the fence, including the portion that crosses the Easement.

20. Sometime around 1986, I remember that a cabinet maker who briefly operated a business within the Reamy Building was working outside in the Easement area where I would park my truck. I told the tenant to leave, at which time he asserted a right to use this area under the terms of his agreement. I told him that the area was my property and that he had to move. At no time following that incident, nor at any other time, did the Lees or anyone else tell me that they had any right to use the Easement.

21. Based on my observations, the Lees and their tenants have always parked and accessed their shops via the parking area to the south of the Reamy Building rather than the Easement.

22. For the entire period I worked on the ZOM Property, the Lees and their tenants would park vehicles immediately adjacent to their fence line and the Easement, which would completely block vehicle access to the Lee's property from the Easement.

23. In my experience, neither the Lees nor their tenants ever used the Easement to access the back of the Reamy Building, which they have used for storage.

24. In my experience, the Lees and their tenants would generally gain access the back of the Reamy Building by entering the southernmost door of the Reamy Building at the N. Irving Street frontage and walking through the Reamy Building and exiting from the southernmost door on the rear of the Reamy Building.

25. The photographs attached as **Exhibits 7, 8, and 9** are accurate depictions of the area to the immediate south of the property generally known as the Reamy Property.

26. In my experience, the area to the south of the Reamy Building has always been used by the Lee family as a parking lot and cars were often parked in such a way as to block access to their property from the area across which they are now claiming an easement.

Under penalty of perjury, I declare that the aforementioned statements are accurate and true to the best of my information, knowledge, and belief.

Executed on September 0⅄ 2009

John B. Strother





*9 8 3 5 2 1 0 2*

**Received and Recorded**
**In the Office of the**
**Clerk of the Circuit Court**
**of Arlington County, Virginia**
**David A. Bell, Clerk**

Document Number: 98352102 **Book/Page:  2947 /2229**      Clerk ID:  I.SMITH

Trans-Code: B&S                          Trans-Name:  BARGAIN AND SALE
Date Recorded: 12/18/98                  Time Recorded:  01:42 PM
Total Pages:  4                          Doc Date:  12/18/98           Number RPCS:  1
Received Of:  ADAMS PORTER ET AL         In Re:  STROTHER

Consideration:  $ 0.00

| | | |
|---|---|---|
| ☐ (039) State Tax: | $0.00 | |
| ☐ (213) Arlington Co. Tax: | $0.00 | ☐ (214) Falls Church Tax: |
| ☒ (212) Arlington Trf: | $1.00 | ☐ (222) Falls Church Trf: |
| ☐ (038) Va Grntr: | $0.00 | |
| ☐ (220) Arlington Grntr: | $0.00 | ☐ (223) Falls Church Grntr: |
| ☒ (301) Clerk Fee: | $12.00 | |
| ☒ (145) St Library: | $1.00 | |
| ☒ (106) Tech Fee: | $3.00 | |

(214) Falls Church Tax: $0.00
(222) Falls Church Trf: $0.00
(223) Falls Church Grntr: $0.00

Document Total:  $ 17.00

# READ THIS:
## IMPORTANT
**Do Not Detach This**
**Page From This Document**

**This certificate annexed constitutes the Clerk's**
**endorsement required by sections 17-59, 17-79,**
**and 58.1-802 of the code of Virginia.**

## THE ATTACHED DOCUMENT HAS BEEN RECORDED

## THIS IS NOT A BILL

2947-2229

**EXHIBIT**

tabbies®

1

Grantee address: 2311 Chestnut Hill Avenue
Falls Church, VA 22043-2924

R.P.C. No. 15-078-023

ADAMS. PORTER
& RADIGAN. Ltd.
ATTORNEYS AT LAW
SUITE 700
1650 TYSONS BOULEVARD
McLEAN, VIRGINIA 22102
(703) 448-0000
FAX (703) 448-8144

EXEMPT FROM RECORDATION TAXES UNDER THE PROVISIONS
OF SECTION 58.1-811A12 OF THE CODE OF VIRGINIA, AS AMENDED

THIS DEED, made this 18th day of December, 1998, by and between

CHANNING D. STROTHER and CLARA S. STROTHER, his wife, tenants by the entirety,

GRANTORS, parties of the first part; and CHANNING D. STROTHER, CLARA S.

STROTHER and THOMAS L. STROTHER, Trustees of CHANNING D. STROTHER

TRUST, established December 18, 1998, any one of whom may act independently,

GRANTEES, parties of the second part.

WITNESSETH

That for estate planning purposes and for no monetary consideration, the

GRANTORS, parties of the first part, do give, grant and convey, with General Warranty of

Title, unto the GRANTEES, parties of the second part, an undivided one-half interest in the

following described property, together with improvements thereon, situate and being in the

County of Arlington, Virginia, and more particularly described as follows:

> BEGINNING at a point on the west side of Lot Two Hundred
> Forty-Two (242), said point being North 0° 55' 30" East 70.0
> feet from the southwest corner of said Lot No. 242; thence,
> cutting across Lots 241 and 242, and following the north line
> of the land heretofore conveyed to Enoch A. Norris, south 89°
> 04' 30" West 32.31 feet to the northeast corner of the land
> conveyed to Norris; thence north 0° 47' 15" East 40 feet, more
> or less, to a point in the southwest line of the property of
> Judson Reamy; thence north 38° 44' West 12 feet, more or
> less, to the corner of the said Reamy tract; thence, following
> the line of said Reamy tract, North 51° 16' East 35.5 feet to a
> point in the west side of North Irving Street (formerly
> Clarendon Avenue); thence, following the said west side of
> said North Irving Street, North 38° 44' West 14.0 feet to a
> point which is the northeast corner of the land formerly owned
> by B. M. Hedrick; thence, South 51° 16' West 60.48 feet to a
> point; thence south 89° 04' 30" West 2.52 feet to a point;

thence south 0° 55' 30" West 45.0 feet to the point of beginning, containing 4,585 square feet of land, more or less, and being part of Lots 217, 241 and 242, of the subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book 102, at Page 138, of the land records of Arlington County, Virginia;

LESS AND EXCEPT from the above-described parcel, 42.8 square feet of Lot 242, conveyed to Julius Rossen and Bernice Rossen by deed recorded in Deed Book 1230, at Page 480, among the said County land records;

AND BEING part of the same property conveyed to the parties of the first part by Deed dated November 15, 1979, and recorded in Deed Book 2001 at Page 1137 of the aforesaid Arlington County land records.

TO HAVE AND TO HOLD the Property hereby conveyed, in trust with full power, right and authority hereby granted unto the parties of the second part to sell, lease, exchange, encumber and/or convey the said property, either in whole or in part, upon such terms and conditions and for such consideration as the said parties of the second part may in their discretion deem advantageous, with the further right to subdivide and re-subdivide said property and to dedicate such portions thereof for public use as they shall deem desirable, together with the right to grant licenses and easements for utility or other purposes across, over and under said property, and the said parties of the second part are hereby empowered to execute, acknowledge and deliver such deed, deeds of trust, leases and other instruments necessary to carry out the foregoing powers, and there shall be no obligation or liability upon any purchaser or purchasers, lessee or lessees of said property, or any part thereof, or upon any party or parties making any loans secured by deed or deeds of trust upon said

ADAMS, PORTER
& RADIGAN, Ltd.
ATTORNEYS AT LAW
SUITE 700
1650 TYSONS BOULEVARD
MCLEAN, VIRGINIA 22102
(703) 448-6000
FAX (703) 448-0108

- 2 -

property, or any part thereof, to see to the proper application of the proceeds of such sale, lease or loan.

This conveyance is made expressly subject to the encumbrances, covenants, conditions, restrictions, rights of way, and easements of record, if any, legally affecting the aforementioned described property.

The parties of the first part covenant that they have the right to convey the aforesaid property unto the parties of the second part; that the parties of the second part shall have quiet possession thereof; that the parties of the first part have done no act to encumber said property and that they will execute such further assurances of the property as may be requisite.

WITNESS the following signatures and seals.

_____ (SEAL)
CHANNING D. STROTHER

_____ (SEAL)
CLARA S. STROTHER

ADAMS, PORTER
& RADIGAN, Ltd.
ATTORNEYS AT LAW
SUITE 700
1660 TYSONS BOULEVARD
McLEAN, VIRGINIA 22102
(703) 448-6600
FAX (703) 448-6144

- 3 -

STATE OF VIRGINIA

COUNTY OF FAIRFAX, to-wit:

     The foregoing instrument was acknowledged before me in the jurisdiction aforesaid this 18th day of December, 1998, by CHANNING D. STROTHER and CLARA S. STROTHER.

     My commission expires:  1/31/2001

Notary Public

ADAMS, PORTER
& RADIGAN, Ltd.
ATTORNEYS AT LAW
SUITE 700
1680 TYSONS BOULEVARD
MCLEAN, VIRGINIA 22102
(703) 448-0600
FAX (703) 448-0144

THIS DOCUMENT PREPARED WITHOUT TITLE EXAMINATION

- 4 -




*9 8 3 5 2 1 0 3*

**Received and Recorded
In the Office of the
Clerk of the Circuit Court
of Arlington County, Virginia
David A. Bell, Clerk**

| | | | |
|---|---|---|---|
| Document Number: 98352103 | **Book/Page:   2947  /2234** | | Clerk ID:  LSMITH |
| Trans-Code: B&S | Trans-Name:  **BARGAIN AND SALE** | | |
| Date Recorded:  12/18/98 | Time Recorded:  01:42 PM | | |
| Total Pages:   3 | Doc Date:  12/18/98 | | Number RPCS:   1 |
| Received Of:  ADAMS PORTER ET AL | | | In Re:  STROTHER |

Consideration:  $ 0.00

|  | | | | | |
|---|---|---|---|---|---|
| ☐ | (039) State Tax: | $0.00 | | | |
| ☐ | (213) Arlington Co. Tax: | $0.00 | ☐ | (214) Falls Church Tax: | $0.00 |
| ☒ | (212) Arlington Trf: | $1.00 | ☐ | (222) Falls Church Trf: | $0.00 |
| ☐ | (038) Va Grntr: | $0.00 | | | |
| ☐ | (220) Arlington Grntr: | $0.00 | ☐ | (223) Falls Church Grntr: | $0.00 |
| ☒ | (301) Clerk Fee: | $12.00 | | | |
| ☒ | (145) St Library: | $1.00 | | | |
| ☒ | (106) Tech Fee: | $3.00 | | | |

Document Total:  $ 17.00

# READ THIS:
## IMPORTANT
## Do Not Detach This
## Page From This Document

**This certificate annexed constitutes the Clerk's
endorsement required by sections 17-59, 17-79,
and 58.1-802 of the code of Virginia.**

## THE ATTACHED DOCUMENT HAS BEEN RECORDED

## THIS IS NOT A BILL

*2947- 2234*

**EXHIBIT**

tabbies

2

Grantee address: 2311 Chestnut Hill Avenue
Falls Church, VA 22043-2924

R.P.C. No. 15-078-003

ADAMS, PORTER
& RADIGAN, Ltd.
ATTORNEYS AT LAW
SUITE 700
1650 TYSONS BOULEVARD
McLEAN, VIRGINIA 22102
(703) 448-0900
FAX (703) 448-0144

EXEMPT FROM RECORDATION TAXES UNDER THE PROVISIONS
OF SECTION 58.1-811A12 OF THE CODE OF VIRGINIA, AS AMENDED

THIS DEED, made this 18th day of December, 1998, by and between

CHANNING D. STROTHER and CLARA S. STROTHER, his wife, tenants by the entirety,

GRANTORS, parties of the first part; and CHANNING D. STROTHER, CLARA S.

STROTHER and THOMAS L. STROTHER, Trustees of CHANNING D. STROTHER

TRUST, established December 18, 1998, any one of whom may act independently,

GRANTEES, parties of the second part.

WITNESSETH

That for estate planning purposes and for no monetary consideration, the

GRANTORS, parties of the first part, do give, grant and convey, with General Warranty of

Title, unto the GRANTEES, parties of the second part, the following described property,

together with improvements thereon, situate and being in the County of Arlington, Virginia,

and more particularly described as follows:

"Parts of Lots numbered 242 and 241 of the subdivision of
CLARENDON, as said subdivision is duly dedicated, platted
and recorded in Deed Book 102, at Page 138 among the land
records of Arlington County, Virginia, and being described by
metes and bounds as follows: BEGINNING at the southwest
corner of said Lot 242; thence following the south line of said
lot 89° 04' 30" East 32.48 feet to the center line of a brick wall
which is the party wall between the premises known as #10
and #12 Garrison Road; thence following the said center line
and the said line extended north 0° 47' 15" east 70 feet; thence
north 89° 04' 30" West 32.31 feet to a point in the west line of
said lot 242; thence following the said west line of said lot
south 0° 55' 30" West 70 feet to the point of beginning;

LESS AND EXCEPT from the above-described parcel 42.8
square feet recorded in Deed Book 1230, at Page 480; and

(3)

LESS AND EXCEPT, ALSO, 31 square feet recorded in Deed Book 1155, at Page 31, among the said County land records;

AND BEING part of the same property conveyed to the parties of the first part by Deed dated November 15, 1979, and recorded in Deed Book 2001 at Page 1137 of the aforesaid Arlington County land records.

TO HAVE AND TO HOLD the Property hereby conveyed, in trust with full power, right and authority hereby granted unto the parties of the second part to sell, lease, exchange, encumber and/or convey the said property, either in whole or in part, upon such terms and conditions and for such consideration as the said parties of the second part may in their discretion deem advantageous, with the further right to subdivide and re-subdivide said property and to dedicate such portions thereof for public use as they shall deem desirable, together with the right to grant licenses and easements for utility or other purposes across, over and under said property, and the said parties of the second part are hereby empowered to execute, acknowledge and deliver such deed, deeds of trust, leases and other instruments necessary to carry out the foregoing powers, and there shall be no obligation or liability upon any purchaser or purchasers, lessee or lessees of said property, or any part thereof, or upon any party or parties making any loans secured by deed or deeds of trust upon said property, or any part thereof, to see to the proper application of the proceeds of such sale, lease or loan.

This conveyance is made expressly subject to the encumbrances, covenants, conditions, restrictions, rights of way, and easements of record, if any, legally affecting the aforementioned described property.

ADAMS, PORTER
& RADIGAN, Ltd.
ATTORNEYS AT LAW
SUITE 700
1650 TYSONS BOULEVARD
MCLEAN, VIRGINIA 22102
(703) 448-6600
FAX (703) 448-6144

- 2 -

)                                                    )

The parties of the first part covenant that they have the right to convey the

aforesaid property unto the parties of the second part; that the parties of the second part shall

have quiet possession thereof; that the parties of the first part have done no act to encumber

said property and that they will execute such further assurances of the property as may be

requisite.

WITNESS the following signatures and seals.

_____(SEAL)
CHANNING D. STROTHER

_____(SEAL)
CLARA S. STROTHER

STATE OF VIRGINIA

COUNTY OF FAIRFAX, to-wit:

The foregoing instrument was acknowledged before me in the jurisdiction

aforesaid this 18th day of December, 1998, by CHANNING D. STROTHER and CLARA S.

STROTHER.

My commission expires: 1/31/2001

_____
Notary Public

THIS DOCUMENT PREPARED WITHOUT TITLE EXAMINATION

- 3 -

ADAMS, PORTER
& RADIGAN, Ltd.
ATTORNEYS AT LAW
SUITE 700
1650 TYSONS BOULEVARD
MCLEAN VIRGINIA 22102
(703) 448-6800
FAX (703) 448-0144




1999363007

## Received and Recorded
## In the Office of the
## Clerk of the Circuit Court
## of Arlington County, Virginia

| | | | |
|---|---|---|---|
| Document Number: 1999363007 | Book/Page: | **3033/1094** | Clerk ID: RECORDER |
| Document Type: BARGAIN AND SALE | Date Recorded: | 12/29/1999 | Grantor: STROTHER |
| Text Pages: 2 | Time Recorded: | 09:18:25 | Assumption Bal: $0.00 |
| Plat Pages: 0 | Document Date: | 12/28/1999 | New Amount: $0.00 |
| Received Of: MACKALL MACKALL ET AL | Original Amount: | $0.00 | Exempt Code: 58.1-811A |

Actual Consideration:  $0.00           Taxable Consideration:   $0.00

| | | | |
|---|---|---|---|
| (039) VA Tax: | $0.00 | | |
| (213) Arlington Tax: | $0.00 | (214) Falls Church Tax: | $0.00 |
| (212) Arlington Transfer: | $1.00 | (222) Falls Church Transfer: | $0.00 |
| (038) Va Grantor: | $0.00 | | |
| (220) Arlington Grantor: | $0.00 | (223) Falls Church Grantor. | $0.00 |
| (301) Clerks Fee: | $12.00 | | |
| (145) VA Library: | $1.00 | | |
| (106) Tech Fee: | $3.00 | | |

Document Total:     $17.00

Arlington County, Virginia
Clerk of the Court's Office

This certificate annexed constitutes the
Clerk's endorsement required by sections
17-59, 17-79 and 58.1-802 of the code of
Virginia.

David A. Bell
Clerk

# IMPORTANT:
# DO NOT DETACH
# THIS PAGE FROM
# THE DOCUMENT!

Cover Sheet required for document processing DO NOT REMOVE!

**EXHIBIT**
tabbies
3

3033-1094

*Exempt from recordation tax pursuant to Va. Code § 58.1-811.12
This Deed Prepared Without Benefit of Title Examination*

RPC No. 15-078-023

Grantee's Address: 5915 N. 7th St
Arlington, Va 22203

Prepared by    Mackall, Mackall & Gibb
and return to:    4031 Chain Bridge Road
               Fairfax, VA 22030 (NEG)

THIS DEED made this 28th day of December, 1999, by and between CLARA S.
STROTHER, and THOMAS L. STROTHER, Trustees of CHANNING D. STROTHER
TRUST, established December 18, 1998, Grantors, and CLARA S. STROTHER, Grantee;

## WITNESSETH:

That for estate planning purposes and for no monetary consideration, the Grantors do
give, grant and convey, with General Warranty of Title, unto the Grantee, an undivided one-
half (½) interest in the following described property, together with improvements thereon,
situate and being in the County of Arlington, Virginia, and more particularly described as
follows:

BEGINNING at a point on the west side of Lot Two Hundred
Forty-Two (242), said point being North 0° 55' 30" East 70.0 feet
from the southwest corner of said Lot No. 242; thence, cutting
across Lots 241 and 242, and following the north line of the land
heretofore conveyed to Enoch A. Norris, South 89° 04' 30" West
32.31 feet to the northeast corner of the land conveyed to Norris;
thence North 0° 47' 15" East 40 feet, more or less, to a point in
the southwest line of the property of Judson Reamy; thence North
38° 44' West 12 feet, more or less, to the corner of the said
Reamy tract; thence, following the line of said Reamy tract,
North 51° 16' East 35.5 feet to a point in the west side of North
Irving Street (formerly Clarendon Avenue); thence, following the
said west side of said North Irving Street, North 38° 44' West
14.0 feet to a point which is the northeast corner of the land
formerly owned by B. M. Hedrick; thence, South 51° 16' West
60.48 feet to a point; 89° 04' 30" West 2.52 feet to a point; thence
south 0° 55' 30" West 45.0 feet to the point of beginning,
containing 4,585 square feet of land, more or less, and being part
of Lots 217, 241 and 242, of the subdivision of Clarendon, as the
same appears duly dedicated, platted and recorded in Deed Book
102, at Page 138, of the land records of Arlington County,
Virginia;

LESS AND EXCEPT from the above-described parcel, 42.8
square feet of Lot 242, conveyed to Julius Rossen and Bernice
Rossen by deed recorded in Deed Book 1230, at Page 480,
among the said County land records;

AND BEING the same property acquired by Channing D. Strother, Trustee, and Grantors by Deed dated December 18, 1998, and recorded in Deed Book 2947 at Page 229 of the aforesaid Arlington County land records.  Channing D. Strother died testate, a resident of Fairfax County, Virginia on January 19, 1999. By this deed, Grantee holds One Hundred Percent (100%) undivided fee simple interest in the hereindescribed property.

This conveyance is made expressly subject to the encumbrances, covenants, conditions, restrictions, rights-of-way, and easements of record, if any, legally affecting the aforementioned described property.

Grantors covenant that they have the right to convey the aforesaid property unto Grantee; that Grantee shall have quiet possession thereof; that Grantors have done no act to encumber said property and that they will execute such further assurances of the property as may be requisite.

WITNESS the following signatures and seals:

_____(SEAL)
CLARA S. STROTHER, TRUSTEE

_____(SEAL)
THOMAS L. STROTHER, TRUSTEE

State of Virginia
County of Fairfax, to-wit:

The foregoing instrument was acknowledged before me in the jurisdiction aforesaid this ____ day of December, 1999, by CLARA S. STROTHER, TRUSTEE and THOMAS L. STROTHER, TRUSTEE.

_____
Notary Public

My Commission Expires: 8-31-02

2

 

1999363008

## Received and Recorded
## In the Office of the
## Clerk of the Circuit Court
## of Arlington County, Virginia

| | | |
|---|---|---|
| Document Number  1999363008 | Book/Page: **3033/1097** | Clerk ID:  recorder |
| Document Type:  GIFT | Date Recorded:  12/29/1999 | Grantor:  STROTHER |
| Text Pages:  2 | Time Recorded:  09:37:08 | Assumption Bal:  $0.00 |
| Plat Pages:  0 | Document Date:  12/28/1999 | New Amount:  $0.00 |
| Received Of:  MACKALL MACKALL ET AL | Original Amount:  $0.00 | Exempt Code: |

| Actual Consideration: | $0.00 | Taxable Consideration: | $0.00 |
|---|---|---|---|
| (039) VA Tax: | $0.00 | | |
| (213) Arlington Tax: | $0.00 | (214) Falls Church Tax: | $0.00 |
| (212) Arlington Transfer: | $1.00 | (222) Falls Church Transfer: | $0.00 |
| (038) Va Grantor: | $0.00 | | |
| (220) Arlington Grantor: | $0.00 | (223) Falls Church Grantor: | $0.00 |
| (301) Clerks Fee: | $12.00 | | |
| (145) VA Library: | $1.00 | | |
| (106) Tech Fee: | $3.00 | | |

Document Total:      $17.00

Arlington County, Virginia
Clerk of the Court's Office

This certificate annexed constitutes the
Clerk's endorsement required by sections
17-59, 17-79 and 58.1-802 of the code of
Virginia.

David A. Bell
Clerk

## IMPORTANT:
## DO NOT DETACH
## THIS PAGE FROM
## THE DOCUMENT!

Cover Sheet required for document processing DO NOT REMOVE!



3033- 1097

RPC No. 15-078-023
This Deed Prepared Without Benefit of
Title Examination

Exempt from recordation taxes
58.1-811(b)

Grantees Address: 5715 N. 7th St
Arlington, VA
22205

Mackall, Mackall & Gibb
4031 Chain Bridge Road
Fairfax, VA 22030 (NEG)

Prepared by
and return to:

THIS DEED OF GIFT made this 28th day of December, 1999, by and between CLARA S. STROTHER, Grantor, and JOHN B. STROTHER, Grantee.;

WITNESSETH:

In consideration of Grantor's love and affection for Grantee, Grantor does hereby give, grant and convey, with General Warranty of Title, unto the Grantee, an undivided one-half (½) interest in the following described property, together with improvements thereon, situate and being in the County of Arlington, Virginia, and more particularly described as follows:

BEGINNING at a point on the west side of Lot Two Hundred Forty-Two (242), said point being North 0° 55' 30" East 70.0 feet from the southwest corner of said Lot No. 242; thence, cutting across Lots 241 and 242, and following the north line of the land heretofore conveyed to Enoch A. Norris, South 89° 04' 30" West 32.31 feet to the northeast corner of the land conveyed to Norris; thence North 0° 47' 15" East 40 feet, more or less, to a point in the southwest line of the property of Judson Reamy; thence North 38° 44' West 12 feet, more or less, to the corner of the said Reamy tract; thence, following the line of said Reamy tract, North 51° 16' East 35.5 feet to a point in the west side of North Irving Street (formerly Clarendon Avenue); thence, following the said west side of said North Irving Street, North 38° 44' West 14.0 feet to a point which is the northeast corner of the land formerly owned by B. M. Hedrick; thence, South 51° 16' West 60.48 feet to a point; 89° 04' 30" West 2.52 feet to a point; thence south 0° 55' 30" West 45.0 feet to the point of beginning, containing 4,585 square feet of land, more or less, and being part of Lots 217, 241 and 242, of the subdivision of Clarendon, as the same appears duly dedicated, platted and recorded in Deed Book 102, at Page 138, of the land records of Arlington County, Virginia;

LESS AND EXCEPT from the above-described parcel, 42.8 square feet of Lot 242, conveyed to Julius Rossen and Bernice Rossen by deed recorded in Deed Book 1230, at Page 480, among the said County land records;

AND BEING the same property acquired by Grantor by Deed dated December 28, 1999, and recorded in Deed Book 3033 at Page 1094 of the aforesaid Arlington County land records. By this deed, Grantee holds One Hundred Percent (100%) undivided fee simple interest in the hereindescribed property.

This conveyance is made expressly subject to the encumbrances, covenants, conditions, restrictions, rights-of-way, and easements of record, if any, legally affecting the aforementioned described property.

Grantor covenants that she has the right to convey the aforesaid property unto Grantee; that Grantee shall have quiet possession thereof; that Grantor has done no act to encumber said property and that she will execute such further assurances of the property as may be requisite.

WITNESS the following signature and seal:

_Clara S. Strother_ (SEAL)

CLARA S. STROTHER

State of Virginia
County of Fairfax, to-wit:

The foregoing instrument was acknowledged before me in the jurisdiction aforesaid this 28th day of December, 1999, by CLARA S. STROTHER.

_____
Notary Public

My Commission Expires: 8-31-02

A:\DEED.GIFT

2



n. irving street, arlington, virginia - Google Maps

Google maps Address



EXHIBIT #16

EXHIBIT
5

Page 1 of 1







EXHIBIT

6



EXHIBIT

7





tabbies®

EXHIBIT

9