**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(ALEXANDRIA DIVISION)**

| | |
|---|---|
| **SUN YUNG LEE** )<br>    **Plaintiff,** )<br>**v.** )<br>)<br>**ZOM CLARENDON, L.P.** )<br>    **Defendant.** )<br>) | Case No. 1:09CV402 |

**MEMORANDUM IN SUPPORT**
**OF PLAINTIFF'S MOTION TO ALTER THE COURT'S JUDGMENT**

COMES NOW Plaintiff, SUN YUNG LEE, by counsel, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, hereby offers this Memorandum in Support of her Motion to Alter the Court's Judgment, and states the following:

**INTRODUCTION**

According to Rule 59(e) of the Federal Rules of Civil Procedure a motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment. Plaintiff hereby timely files her Motion to the Alter Court's Judgment.

Pursuant to the Order dated July 16, 2009, Plaintiff and Defendant filed cross-motions for summary judgment on August 25, 2009 and Responses on September 8, 2009. On October 9, 2009, the Court held a hearing on the cross motions for summary judgment. Following the hearing, the Court issued an Order and Memorandum Opinion on the cross-motions for summary judgment on October 22, 2009. The Order granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment pursuant to Plaintiff's claim of an easement expressly granted or reserved. The

Order further granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment as to Plaintiff's claim of an easement by implication.

Plaintiff puts forth this Motion to Alter the Court's Judgment to correct, modify and/or clarify the following issues in the Memorandum Opinion ("Opinion"):

**ARGUMENT**

*Property Descriptions and Figure 1*

The Opinion incorrectly describes the lots owned by Plaintiff stating the Plaintiff's first parcel consists of lots 238-240 and her second parcel consists of portions of lots 241 and 217 (1122 N Irving St). Mem. Op. p.2 ¶ 2 and p3 Figure 1 Notes. According to the property descriptions in the deeds, Plaintiff's first parcel consists of lots 238-240 *and* portions of lots 241 and 217. The portions of lots 241 and 217 in Plaintiff's first parcel include the southern portion of lot 241 extending to the border of Washington Blvd and the southeastern portion of lot 217 bordering N. Irving Street. See Jt. Exs. 1, 3, 9 12 & 13; see also Exhibit 1 "Corrected Figure 1." Plaintiff's second parcel consists only of those portions of lot 241 and 217 that make up the "Reamy Property," 1122 N Irving St., as correctly described in the Memorandum Opinion.

Moreover, the Opinion contains a drawing, Figure 1, which incorrectly illustrates the boundary lines of Plaintiff and Defendant's properties, and the easement at issue. Mem. Op. p3 Figure 1. The notes below Figure 1 should be amended to state that the easement ends not at the border separating lots 240 and 241, but "***ends at the boundary line between Plaintiff and Defendant's portions of lot 241***." See Exhibit 1 "Corrected Figure 1." The notes should reflect the correction that Plaintiff's property consists of lots 238, 239, 240 and portions of lots 217 and 241 extending to Washington Blvd.

Based on the deeds stipulated to by Plaintiff and Defendant, Plaintiff respectfully requests the record be amended to correctly reflect Plaintiff's and Defendant's property lines and the location of the easement at issue. Plaintiff has attached hereto a "Corrected Figure 1" for the court's convenience as Exhibit 1.

*Counsel's Statements in Court*

The Court's Memorandum Opinion mischaracterized the statements made by Plaintiff's counsel in Court and she herewith clarifies her position regarding the powers of the Trustee(s). Mem. Op. p10. Although the Plaintiff concedes the trustee(s) alone did not have the power to reserve an easement, the Plaintiff contends *the trustee(s), as directed by the noteholder with the consent of the owner*, B.M. Hedrick, had the power to convey a partial release reserving the right of way as a condition for the partial release from the Deed of Trust because the Deed of Trust only provided for a full release. The partial release benefited B.M. Hedrick, owner of lots 238-240, as evidenced by Hedrick's sale of the two adjoining lots released from the lien within months of the execution of the Deed of Partial Release, which he could not have done otherwise.

Significantly, Hedrick sold the parcel fronting Washington Blvd with no reservations of records, yet when he sold the back parcel, extending to N. Irving and encumbered by the right of way to Hannah, it expressly stated the conveyance was "subject to the reservations of record." This evidenced Hedrick's consent whereby he signed the deed to Norris and the deed to Hannah, as well as a correction deed in 1941, referencing the deeds to Hannah and Schott which were expressly made subject to the "right of way of record." See Jt. Exs. 12, 13, 17 & 19. The right of way was reserved by

the noteholder and consented to by B.M. Hedrick, the benefited owner, and became an active property right for the noteholder only in the event of Hedrick's default in 1935.

Moreover, Plaintiff asserts that Hutchison, the noteholder, signed the Deed of Partial Release which is authorization for the partial release of the lien _and_ the reservation of the right of way as a condition for such partial release. The Opinion points out the pertinent language "the holder of the notes thereby secured…has directed the [trustees] to execute these presents, as is evidenced by her joining herein." Mem. Op. p6 n4 & p11.

The fact that Hutchison directed the trustee(s) to execute "_these presents_" incorporates the document in its entirety including the paragraphs reserving the right of way. The plain meaning of the language used in the Deed of Partial Release sets forth that the noteholder authorized the document as a whole, and the reasonable meaning of the language used incorporated the partial release and the reservation as a condition on such partial release.[1]

_Evidence showing existence of Reamy Building in 1925_

With regards to Plaintiff's claim of an easement by implication, Plaintiff offers the court evidence that the Reamy building was built in 1925. The Arlington County

---

[1] See TM Delmarva Power, L.L.C. v. NCP of Virginia, L.L.C., 263 Va. 116, 118, 557 S.E.2d 199, 200 (2002) (internal citations omitted) (_stating_ contracts are construed as written and where terms are clear and unambiguous construed according to its plain meaning; contracts must be considered as a whole without giving effect to isolated terms); Paramount Termite Control Co. v. Rector, 238 Va. 171, 174, 280 S.E.2d 922, 925 (1989) (read language used so as to give meaning to all words); see also Misso Services Corp. v. AT&T Communications Inc., 1994 U.S. App. LEXIS 30319 (Oct. 1994); see also Thornton v. Cappo Management V., Inc., 2005 U.S. Dist. LEXIS 10202 (Mar. 2005) (contract language must be read, if possible, to give plain meaning to all words).

Real Estate Assessment Department sets forth in the public records that the Reamy Building (1122 N. Irving Street) was built in 1925.  <u>See</u> Ex. 2 attached hereto.

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting this Motion, to correct, modify and/or clarify the record.

Dated:  November 5, 2009.                                   Respectfully submitted,

                                                            SUN YUNG LEE
                                                            By Counsel


**SHER CUMMINGS AND ELLIS**

_____/s/_____
Mark Cummings, Esq.
VSB # 18271
Attorney for Sun Yung Lee
Sher, Cummings & Ellis
3800 North Fairfax Drive, Suite 7
Arlington, Virginia 22203
Phone: (703) 525-1200
Fax: (703) 525-0067
Email: mcummings@SherandCummings.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of November, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

E.Andrew Burcher, Esq., VSB # 41310
G. Evan Pritchard, Esq., VSB # 47309
WALSH, COLUCCI, LUBELEY,
EMRICH & WALSH, P.C.
4310 Prince William Parkway, Suite 300
Prince William, VA 22192
Phone: (703) 680-4664
Fax: (703) 680-2161
eaburcher@thelandlawyers.com
gepritchard@thelandlawyers.com


                _____/s/_____
                Mark Cummings
                VSB # 18271
                Attorney for Sun Yung Lee
                Sher, Cummings & Ellis
                3800 North Fairfax Drive, Suite 7
                Arlington, Virginia 22203
                Phone: (703) 525-1200
                Fax: (703) 525-0067
                Email: mcummings@SherandCummings.com