IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| SUN YUNG LEE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:09cv402 |
| | ) | |
| ZOM CLARENDON, L.P., | ) | |
| Defendant. | ) | |

## ORDER

The matter came before the Court on plaintiff's motion, pursuant to Rule 59(e), Fed. R. Civ. P., to alter the Court's decision on summary judgment, which is set forth in a Memorandum Opinion and accompanying Order dated October 22, 2009. *See Lee v. ZOM Clarendon, L.P.*, 1:09cv402, at 9-12 (E.D. Va. Oct. 22, 2009) (Mem. Op. and Order). Specifically, plaintiff argues: (i) that the factual description and Figure 1 depiction of the parties' respective properties are incorrect; (ii) that the Memorandum Opinion mischaracterizes her counsel's statement made in the course of the October 9, 2009 hearing regarding a note holder's power to expressly create or reserve an easement; and (iii) that, with regard to the existence of an easement by implication, the Reamy house was built in 1925. In a reply memorandum, plaintiff withdrew the motion as to the issue of the Reamy house's existence in 1925. The parties have now fully briefed and argued these issues.

In the course of the November 20, 2009 hearing, the parties agreed that the Memorandum Opinion should be corrected as to the factual description and depiction of the parties' respective properties. In addition, the parties' counsel represented that plaintiff's pending objections to the

U.S. Magistrate Judge's order, dated September 25, 2009, is now moot. Accordingly, this Order memorializes and further elucidates the Bench rulings as to plaintiff's Rule 59(e) motion.

A motion under Rule 59(e), Fed. R. Civ. P., is considered to be "an extraordinary remedy that should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted). Importantly, the rule should not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment," or "if it would serve no useful purpose." 11 Charles Allen Wright et al., *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995). In this circuit, it is well established that a Rule 59(e) motion may only be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted). Plaintiff's Rule 59(e) motion does not identify an intervening change in controlling law, present evidence not available at the time of disposition, or request clarification of a clear error of law or the prevention of manifest injustice.

Nonetheless, in the circumstances, plaintiff's request for clarification of the record is warranted with respect to the Memorandum Opinion's description and depiction of the parties' respective properties. Pursuant to the parties' Joint Statement of Uncontroverted Facts, which states that plaintiff owns only lots 238-240 and the "Reamy Property," *see* Joint Statement of Uncontroverted Facts ¶ 1, the Memorandum Opinion states that "[plaintiff's] first parcel consists of Clarendon Subdivision lots 238-240 in Arlington." *Lee*, 1:09cv402, at 2.[1] In the course of the

---

[1] The Memorandum Opinion correctly states that the second parcel consists of "portions of lots 217 and 241 of the Clarendon Subdivision." *Lee*, 1:09cv402, at 2.

November 20, 2009 hearing, however, the parties, by counsel, represented that the figure submitted as an exhibit to plaintiff's motion is a more accurate schematic representation of the parties' respective properties. Importantly, both parties recognized that neither the Memorandum Opinion's Figure nor the submitted figure are in any way material to the disposition of the parties' cross-motions for summary judgment or purport to define with precision the parties' property rights; rather, they serve only to orient the reader. Accordingly, pursuant to plaintiff's request and defendant's agreement, (i) the second sentence on page 2 of the Memorandum Opinion will be clarified by the addition of the words "and portions of lots 217 and 241," and (ii) the Figure that appears on page 3 of the Memorandum Opinion will be replaced with plaintiff's preferred exhibit.

Yet, the same conclusion cannot be reached as to plaintiff's contention that the Memorandum Opinion mischaracterizes her counsel's statement made during the October 9, 2009 hearing. At that time, plaintiff's counsel expressly conceded that "the trustees by themselves, in a vacuum, couldn't create an easement, I agree with that." Transcript at 21 (Oct. 9, 2009). This concession is in full accord with controlling Virginia authority. As the Supreme Court of Virginia established in *Schmidt & Wilson v. Carneal*, 180 S.E. 325, 326 (Va. 1935) (citations omitted), "[i]t is well settled that a trustee in a deed of trust can only do with the trust property what the deed either in express terms or by necessary implication authorizes him to do. . . . [The trustee] must execute the trust in strict compliance therewith." Accordingly, pursuant to this well-established Virginia law, the Memorandum Opinion held: (i) that the trustees' express reservation of an easement was an *ultra vires* act without legal effect; and (ii) that the note holder lacked authority under the law to create or reserve an easement. *See Lee*, 1:09cv402, at 9-12.

In the instant motion, plaintiff seeks to clarify her position by arguing that

> *the trustee(s), as directed by the noteholder with the consent of the owner*, B.M. Hedrick, had the power to convey a partial release reserving the right of way as a condition for the partial release from the Deed of Trust because the Deed of Trust provided for a full release.

Def.'s Br. at 3. In addition, plaintiff essentially argues that the note holder's signing the deed of partial release created a conditional easement. These arguments were plainly raised at the October 9, 2009 hearing, *see* Transcript at 22-25, 36-39, and were rejected in the Memorandum Opinion, *see Lee*, 1:09cv402, at 10 (rejecting plaintiff's "axiomatic" argument). Notably, during the hearing, plaintiff's counsel was unable to cite any legal authority to support these arguments; plaintiff's Rule 59(e) brief likewise lacks any citation to such authority. Thus, no Virginia decision has been cited or found which holds that a note holder's and debtor's joint consent gives legal effect to an otherwise *ultra vires* act. In addition, even assuming that the note holder's signature "authorized the document as a whole," as plaintiff contends, the note holder remained without any legal authority to create or reserve an easement under Virginia law because "he has no legal interest or estate in the property subject to a deed of partial release." *Id.* (citing *Augusta Nat'l Bank v. Beard*, 42 S.E. 494 (Va. 1902) (rejecting notion that "a creditor secured by a trust deed has an interest that amounts to a right of property in the land," and stating that a "deed of trust creditor or mortgagee has no estate in the land that a judgment would bind")). Accordingly, plaintiff's motion to reconsider the result reached in the Memorandum Opinion as to an easement expressly created must be denied because she does not identify an intervening change in controlling law, present evidence not available at the time of disposition, or request clarification of a clear error of law or the prevention of manifest injustice.

In its response brief, defendant requests that it be granted fees and costs related to this motion. Defendant neglects, however, to specify "the statute, rule, or other grounds entitling the movant to the [attorneys' fees] award." Rule 54(d)(2)(B)(ii), Fed. R. Civ. P. Nor is there good cause to grant fees or costs here, as plaintiff's motion is not frivolous or in bad faith. Thus, defendant's request must be denied.

Accordingly, for the reasons stated herein and from the Bench, and for good cause,

It is hereby **ORDERED** that plaintiff's Rule 59(e) motion to alter judgment is **GRANTED** as to plaintiff's request to clarify the record regarding the factual description and depiction of the parties' respective properties. The motion is **DENIED** in all other respects.

It is further **ORDERED** that defendant's motion for fees and costs related to this motion is **DENIED**.

It is further **ORDERED** that plaintiff's objections to magistrate judge's order dated September 25, 2009 is **DENIED AS MOOT**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, VA
November 20, 2009

/s/
T. S. Ellis, III
United States District Judge