UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| SUN YUNG LEE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:09cv402 |
| | ) |
| ZOM CLARENDON, L.P. | ) |
| | ) |
| Defendant. | ) |

**Defendant's Post-Hearing Memorandum**

The Defendant, Zom Clarendon, L.P. ("Zom"), by counsel, and as its Post–Hearing Memorandum states as follows (Zom will continue to use the defined terms that have been used throughout the pleadings and hearings in this matter):

**The Elements of Plaintiff's Case and Burden of Proof**

Plaintiff brought this action claiming an easement across the Zom Property under one of three alternative theories: (1) an express easement, (2) an easement by implication, or (3) an easement by prescription.[1]  By a Memorandum Opinion and subsequent Order, the Court granted Zom's Motion for Summary Judgment as it applied to the Plaintiff's claim for an express easement or an easement by implication.  The court denied Zom's Motion for Summary Judgment on the prescriptive easement and abandonment issues, noting that the record of the case had no undisputed evidence to establish that the Plaintiff used the Driveway under the mistaken belief that she had the express right to do so.  (Mem. Op. at 15 & 16).

The Court subsequently held an evidentiary hearing on the issue of whether the Plaintiff is entitled to a prescriptive easement across the Driveway serving that portion of the Plaintiff's

---

[1] The Plaintiff does not differentiate between the Reamy Property and the remainder of her property in her Complaint.

1

land known generally as the Reamy Building. *Id*. The Plaintiff, her daughter Jeannie Williams, and her son-in-law Don Williams, all voluntarily testified on behalf of the Plaintiff. John Strother, a former owner of the relevant portion of the Zom Property, appeared pursuant to a subpoena to testify on behalf of Zom.

The elements of proof for a prescriptive easement are not in dispute. The Plaintiff has the burden of proving that her use of the Driveway was (1) adverse, (2) under a claim of right, (3) exclusive, (4) continuous and uninterrupted, (5) with the knowledge and acquiescence of the owners of the land over which it passes, and (6) for a period of at least 20 years. *Nelson v. Davis*, 262 Va. 230, 235, 546 S.E. 2d 712, 715 (2001). The Plaintiff must prove each element of her claim by clear and convincing evidence. *See, e.g. Amstutz v. Everett Jones Lumber*, 268 Va. 551, 604 S.E.2d 437 (2004).

The Plaintiff's own testimony was that that her use of the Driveway was under the mistaken belief that she had the right to do so. Because of this, her use could not be adverse as a matter of law. Furthermore, her use of the Driveway was in conjunction with that of the prior owner of the property across which the Driveway crossed. Under those circumstances, the use is deemed to be permissive. Most importantly, the Plaintiff simply did not meet her burden of proof.

### Plaintiff's use of the Driveway was not Adverse

"The essence of an adverse use is the intentional assertion of a claim hostile to the ownership right of another. Use of property under the mistaken belief of a right to do so cannot be adverse as long as such mistake continues." *Chaney v. Haynes*, 250 Va. 155, 159, 458 S.E.2d 451, 453 (1995) (citations omitted). Perhaps the only clear testimony given by the Plaintiff was that she believed that she had the right to use the Driveway from the day she purchased her

property. On direct examination, she stated, "On November 15, 1963, I bought the property, the little house [Reamy Building], the driveway; let me drive in and out, and the rights for me to plant the vegetables and paint the little house from there." (Tr. 66:24-67:3). When presented with a copy of the Sunderman Survey (Pl. Ex. A-4) on cross-examination, the following colloquy took place:

> Q. And do you know what this document is?
>
> A. The document? Here, here, that's the document at the time I bought from the restaurant here, and up to here, and the little house, and this is on the diagram, the restaurant. And the little house was drawn there, and the driveway, from here to, from this way to come, and the restaurant.
>
> Q. And does this document show everything that you bought when you bought the property?
>
> A. Everything.
>
> Q. Including the driveway?
>
> A. (No verbal response.)
>
> Q. Okay. So you bought the driveway when you bought the property; is that correct?
>
> A. I bought the property, so I was able to drive up through the driveway to the restaurant.
>
> Q. And this survey is the document that gave you the ability to do that; is that correct?
>
> A. Yes, let me use the driveway. I would have the right to go up to the restaurant.
>
> Q. And you would have the right to go to the Reamy property, too, right? To the little house. I'm sorry.
>
> A. Yes.

Finally, on re-direct, Mrs. Lee's counsel asked:

> Q. By - - what right did you have to use the little driveway to go to the Reamy house?

3

> A. Ever since we purchased the restaurant, we used the driveway, and we have the right to use the driveway.
>
> Q. I asked about the Reamy house.
>
> A. When we purchased the Reamy house, the lawyer told us that we could use the driveway to go to the Reamy house.

Don Williams corroborated Mrs. Lee's testimony that their use of the Driveway was with the belief that they had the right to do so. (Tr. 51"9-18). Jeannie Williams admitted that she did not know what her father and grandfather believed about the use of the Driveway (Tr.85:22-25). In an attempt to salvage her mother's case, Jeannie Williams testified that she was not aware of the ineffective recorded Partial Releases until after Zom erected its fence across the driveway. (Tr. 58:15-25). This ignores the fact that the Sunderman Survey identifies the Driveway as "Right of Way" as well as "Released subject to 14' right of way" (See Pl. Ex. 4). This also ignores that Mrs. Lee clearly identified the Driveway as a part of what she thought she and her husband bought.

It has been the Plaintiff's mistaken belief, based on the Sunderman Survey, that she had the right to use the Driveway for access to the Reamy Building since she bought her property in 1963 and that belief continued until this Court ruled otherwise. Accordingly, her use of the Driveway was never adverse and could therefore never lead to an easement by prescription.

### Plaintiff's Use of the Driveway was not Exclusive

Where the owner of land opens a way for his own use and convenience, the use by his neighbor under circumstances that neither injures the way nor interferes with the owner's use of it, in the absence of some other circumstance indicating a claim of right, will not be considered as adverse, and will never ripen into a prescriptive right. *Eagle Lodge v. Hofmeyer*, 193 Va. 864, 878, 71 S.E.2d 195, 203 (1952). In order to ripen into a prescriptive use, the use must not be

4

merely an accommodation, but a hostile use, so that the property owner is on notice of a potential claim against his property rights and can take action against the hostile user. *Id.*

The evidence shows that the portion of the Zom Property across which the Driveway passes was separated from the surrounding lots in 1932 and that the only access to that portion of the Zom Property was through the Driveway. (Jt. Ex. 10). All of the Plaintiff's witnesses agreed that the Driveway was primarily used for access to the Strother Parcel. Furthermore, the Plaintiff's evidence is that their use of the Driveway was "neighborly" and that there was never a dispute over the use of the easement. (Tr. 59:21-61:12). A neighborly use of the Driveway cannot rise to the level of a prescriptive easement. See *Id.* 193 Va. 875-877, 71 S.E.2d 201-202.

The Plaintiff's own evidence clearly shows that their use of the Driveway was concurrent with that of the Strothers and that their use did not interfere with the Strothers' use of their driveway. The Plaintiff presented no evidence of an adverse or hostile use of the Driveway in a manner that would have put Strother on notice that the Plaintiff claimed an easement across the Driveway.

### The Plaintiff did not meet her Burden of Proof

Notwithstanding the fact that the Plaintiff's use of the Driveway was neither adverse nor exclusive, the Plaintiff's evidence simply did not rise to the level of clear and convincing evidence. Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases." *Jones v. Pitt County Board of Education*, 528 F.2d 414, 417 (4th Cir. 1975)

5

The Plaintiff testified that she used the Driveway to get to the family restaurant, which is not on the Reamy Property. Her recollection of the use of the Driveway for access to the Reamy property, which has frontage on Irving Street, was extremely limited, she did not come close to recalling a use that was adverse, under a claim of right, exclusive, continuous and uninterrupted, with the knowledge and acquiescence of the owners of the land over which it passes, for a period of at least 20 years.

Jeannie Williams testified that she clearly remembered that her grandfather or father occasionally asking the tenant at the Reamy House to remove his car from the Driveway. This took place between 1956 and 1959, when she was between 6 and 9 years old. (Tr. 67:2–69:22). However, this was to use the Driveway to get to their restaurant, not the Reamy Property. (Tr. 67:23-68:2). In fact, the Lee Family had no reason whatsoever to get to the Reamy Property until 1965, when Jeannie's grandparents moved into the upstairs apartment at the Reamy House. (Tr. 72:1-3). The grandparents lived in that apartment for less than 20 years and there is no direct evidence that they ever used the Driveway for access to the Reamy House. Jeannie Williams could only testify to a single instance in which she directly observed a tenant at the Reamy House using the Driveway (Tr. 77:8-10).

The only witness that did not have a personal stake in the outcome of this case was John Strother. Mr. Strother's testimony was straightforward and unequivocal. His Father bought their property on November 15, 1979. (See Jt. Ex. 28). Mr. Strother sold his property on February 9, 2006 (Jt. Ex. 30). There was an existing business at the property when they bought it (Tr. 127:20-128:14). Shorty after purchasing the property the Strothers moved their print shop into their property (Tr. 131:9-12). When they moved in, there was no outward indication that the Lees were using the Driveway for any purpose. (Tr. 133:12-16).

{P0146438.DOC / 1 Post Hearing Brief 000267 000155}

Mr. Strother testified that he worked at his property 6 days a week for at least eight hours a day. (Tr. 131:18-21). During that time, he never observed the antique dealer using the Driveway. (Tr. 134:24-135:4). In fact, when one of the Plaintiff's tenants did try to use the Driveway in a manner that interfered with his use of the Driveway, Mr. Strother directed him to leave. (Tr. 144:20-145:10). Each day that he worked, he would access his property by way of the Driveway and would park directly behind the Reamy Property, as it was the only access to his property (Tr. 5-10, also see Exhibit 24A). The Plaintiff's husband never objected to this. (Tr. 141:14-142:7). While at work, he would often take breaks and would be in a position to see the Driveway. (Tr. 172:19-173:4) Furthermore, his workstation was situated in such a way that he could see the Driveway. (Tr. 172:19-173:7).

Consistent with Don Williams' testimony, Mr. Strother testified that any use of the Driveway by the Lee Family was with his permission "because they were neighbors." (Tr. 44:5-18). Mr. Strother testified that he maintained the Driveway. (Tr.133:2-8 and 139:9-11). This is a fact that, when pressed for details, Dan Williams acknowledged to be true. (Tr. 180:4-15). Furthermore, Mr. Strother testified that when Don Williams performed maintenance on the Reamy House, he first asked permission from Mr. Strother's father, which he granted. (Tr. 143:20-144:1 and 168:21-25).

## Conclusion

The Plaintiff simply has not presented evidence that would produce a firm belief or conviction that her use of the Driveway was adverse, under a claim of right, exclusive, continuous and uninterrupted, with the knowledge and acquiescence of the owners of the land over which it passes, for a period of at least 20 years. Furthermore, the Plaintiff's own evidence shows that her use of the Driveway was under the mistaken belief that she had a right to do so

7

and that the use was in conjunction with that of the property owner.  Under those circumstances, the Plaintiff's use of the Driveway cannot give rise to a prescriptive easement as a matter of law.

The Defendant respectfully requests that this Court dismiss the Plaintiff's claims with prejudice.

Dated: February 12, 2010

                ZOM CLARENDON, L.P.
                By Counsel

WALSH, COLUCCI, LUBELEY,
 EMRICH & WALSH, P.C.

/s/ John E. Rinaldi

John E. Rinaldi, Esq., VSB #31580
E. Andrew Burcher, Esq., VSB #41310
G. Evan Pritchard, Esq., VSB # 47309
WALSH, COLUCCI, LUBELEY,
EMRICH & WALSH, P.C.
Attorneys for Defendant
4310 Prince William Parkway, Suite 300
Prince William, VA 22192
Phone: (703) 680-4664
Fax:  (703) 680-2161
jrinaldi@thelandlawyers.com
eaburcher@thelandlawyers.com
gepritchard@thelandlawyers.com

## CERTIFICATE OF SERVICE

     I hereby certify that on February 12, 2010, I filed the foregoing Supplemental Motion for Summary Judgment using the CM/ECF system, which will send a notice of electronic filing through the Court's electronic filing systems to counsel for the Plaintiffs as follows:

    Mark D. Cummings, Esq., VSB #18271
    SHER, CUMMINGS & ELLIS
    3800 N. Fairfax Drive, Suite 7
    Arlington, VA 22203
    Phone: (703) 525-1200
    Fax: (703) 525-0067
    mcummings@sherandcummings.com

    WALSH, COLUCCI, LUBELEY, EMRICH & WALSH, P.C.

    /s/ John E. Rinaldi
    John E. Rinaldi, VSB #31580
    Attorney for Defendant
    4310 Prince William Parkway, Suite 300
    Prince William, VA 22192
    Phone: (703) 680-4664
    Fax: (703) 680-2161
    jrinaldi@thelandlawyers.com